FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2002 JUN 19 A 11: 53
CLERK'S OFFICE
AT BALTIMORE
            DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT : | |
| OF GYPSUM TRANSPORTATION, LTD. : | Civil Action No. 02-662 |
| FOR EXONERATION FROM OR : | (Consolidated) |
| LIMITATION OF LIABILITY : | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT : | |
| OF NORFOLK DREDGING COMPANY, : | |
| AS OWNER OF THE TUG SWIFT AND : | Civil Action No. 02-2008 |
| BARGE RC-811, FOR EXONERATION : | |
| FROM OF LIMITATION OF LIABILITY : | |

## ORDER

Before the Court is a Motion to Stay or Transfer Case, filed by Norfolk Dredging, Paper No. 17, in case WMN-02-662. In that motion, Norfolk Dredging requests that the case be transferred to the U.S. District Court for the Eastern District of Virginia, Norfolk Division. While Norfolk Dredging's motion was pending here, however, similar motions were pending in the district court in Norfolk, requesting that the action there, which arose out of the same maritime collision as WMN-02-662, be transferred to this Court. On June 10, 2002, Judge Raymond Jackson of the U.S. District Court for the Eastern District of Virginia, Norfolk Division, granted the motions to transfer that were before him. See, Mem. & Ord. dated June 10, 2002, in Civil Action No. WMN-02-2008. For the same reasons stated by Judge Jackson, this Court

will deny Norfolk Dredging's motion to transfer.

In addition, finding that the claims in WMN-02-2008 arise out of the same incident as WMN-02-662, and raise the same factual and legal issues, the Court concludes that it would be in the interests of justice and judicial economy to consolidate the cases.

Accordingly, IT IS this 19th day of June, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. That the Motion to Stay or Transfer Case, filed by Norfolk Dredging, Paper No. 17 in case WMN-02-662, is hereby DENIED;

2. That pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the above-captioned cases, WMN-02-662 and WMN-02-2008, are hereby consolidated for all purposes under Civil Action No. WMN-02-662, and all future pleadings are to be captioned and filed in that action;

3. That all pleadings filed heretofore in Civil Action No. WMN-02-2008 shall be deemed to have been filed in Civil Action No. WMN-02-662;

4. That Civil Action No. WMN-02-2008 is hereby ADMINISTRATIVELY CLOSED; and

5. That the Clerk of the Court shall MAIL or TRANSMIT a copy of this Order to all counsel of record.

_____
William M. Nickerson
United States District Judge