IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NORFOLK DREDGING COMPANY          :
                                  :
v.                                : Civil Action WMN-02-662
                                  :
M/V A.V. KASTNER, et al.          :

**MEMORANDUM**

Before the Court is Plaintiff Norfolk Dredging Company's Motion to Dismiss Beltship Management, Ltd. as a Limitation Plaintiff (Paper No. 110). The motion has been fully briefed and is ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6), and that Plaintiff's motion will be granted.

This action arises out of a collision which occurred on the Elk River on February 25, 2002. On that day, the Motor Vessel A.V. KASTNER (KASTNER) was proceeding westbound on the Elk River. Defendant Gypsum Transportation, Limited (Gypsum) is the registered owner of the KASTNER. Defendant Beltship Managment, Limited (Beltship) is the technical manager of the KASTNER. At or about that same time, a convoy of vessels and floating equipment, including the Tug BUCHANAN 14, the Tug SWIFT, and the Barge RC-811, along with other vessels and equipment, was proceeding eastbound on the river. Although the two groups were aware of each other's presence, a collision occurred. The

KASTNER struck or was struck by one or more of the vessels in the convoy. As a result of this collision, the Tug SWIFT and the Barge RC-811 sank; the KASTNER suffered significant property damage; other vessels in the convoy suffered property damage; and persons on board one or more of the vessels died or were injured.

Norfolk Dredging Company, owner of the Tug SWIFT, the Barge RC-811, and other vessels in the convoy, sued Gypsum in this Court. Buchanan Marine, L.P. and the Buchanan Trust, Owners, and Charterer of the Tug BUCHANAN 14 have also filed suit against Gypsum in this Court. Four members of the crew of the Tug SWIFT lost their lives, and claims have been brought against Gypsum on behalf of those crew members' estates. Other persons aboard the vessels in the convoy sustained personal injuries as a result of the collision and have sued Gypsum for those injuries.

The Limitation of Liability Act of 1851, 46 U.S.C. App. §§ 183-189, allows the owner of a vessel to limit its liability for a marine casualty to the amount or value of the interest such owner possesses in the vessel and freight then pending. Actual owners or owners <u>pro hac vice</u> can invoke the benefits of the Act. Limitation actions have been filed by: Norfolk Dredging; Buchanan Marine, L.P. and A.P. Franz, Trustee of the Buchanan Trust (the Buchanan interests); Gypsum Transportation Limited; and in the Amended Limitation Complaint, Beltship Management Limited.

Gypsum and Beltship have filed claims against Norfolk Dredging and against the Buchanan interests in their respective limitation proceedings. Plaintiff Norfolk Dredging now moves to dismiss Beltship as a petitioner in limitation, arguing that Beltship does not qualify as an owner pro hac vice of the KASTNER.

To invoke the benefits of the Limitation of Liability Act of 1851, an entity must be either an actual owner or owner pro hac vice of the vessel at issue, in this case the KASTNER. In Re: Complaint of Chesapeake Shipping, Inc. and Glen Eagle Ship Management Co., Inc., 803 F.Supp. 872, 874 (S.D.N.Y. 1992) (citing In Re: Petition of the United States, 259 F.2d 608, 610 (3rd Cir. 1958)). One seeking to invoke the limitation of liability statute bears the burden of pleading facts establishing entitlement to do so. E.I. Dupont de Nemours v. Bentley, 18 F.2d 782, 783 (1926). Cases which have found managing agents to be entitled to owner pro hac vice status have done so where the management company has responsibilities including:

> Manning the vessels; victualing the vessels, providing for navigation, which involved procuring and providing deck, engine and cabin stores; maintenance and repairs for hull and machinery; providing spare parts, maintenance and repairs for communication and navigation equipment . . ., and communicating with [the owner] and the vessels' time charterers.

Chesapeake Shipping, 803 F.Supp. at 873-74. Additionally, courts

look to the degree of autonomy from the actual owners the managers exercise. <u>Birmingham South East LLC, et al. v. M/V MERCHANT PATRIOT, etc., et al.</u>, 124 F.Supp.2d 1327 (S.D. Ga. 2000).

In the instant action, Beltship's status is described only as that of the "technical manager" for the vessel. Amended Complaint of Gypsum Transportation, Ltd. and Beltship Managment, Ltd. for Exoneration From or Limitation of Liability (Gypsum Amended Complaint), at ¶ 1. The Amended Complaint does not contain any other details about Beltship's responsibilities or duties with respect to Gypsum, the owner. The Court concludes that because Beltship's only allegation is that it is the technical manager of the KASTNER, the Complaint does not sufficiently allege circumstances entitling Beltship to the standing of owner of the KASTNER for limitation of liability purposes. The Complaint "falls short of alleging that variety of responsibilities sufficient to confer upon [Beltship] . . . [a] limitation of liability." <u>McHugh v. Gleneagle Ship Management Co., Inc.</u>, 778 F.Supp. 153, 157 (S.D.N.Y. 1991). But the Court also concludes that the pleading does not exclude the possibility that an agreement existed between Gypsum and Beltship pursuant to which Beltship exercised enough authority to be considered owner <u>pro hac vice</u>. As such, the Court will grant Norfolk's motion to

dismiss Beltship as a limitation plaintiff but will allow Beltship leave to file amended pleadings setting forth, if it can do so consistent with Fed.R.Civ.P. 11, circumstances sufficient to bring it within 46 U.S.C. App. § 183.  See id. at 158. Beltship may file and serve such amended pleadings within thirty days of the date of this Memorandum and Order.

A separate order consistent with this memorandum will issue.

_____
William M. Nickerson
Senior United States District Judge

Date: February 10, 2003