IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| Plaintiff | * | |
| v. | * | Consolidated Cases Under |
| | | Civil Action No. WMN-02-662 |
| M/V A.V. KASTNER, etc., et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \*

MOTION FOR PARTIAL SUMMARY JUDGMENT

Norfolk Dredging Company ("NDC"); by and through counsel, move pursuant to Rule 56(b) of the Federal Rules of Civil Procedure with respect to the damages Claimants can recover against them in this case and as reasons therefore say:

1. These consolidated cases all arise out of a vessel collision that occurred on the Elk River in the upper Chesapeake Bay on the morning of February 25, 2002.

2. The collision occurred between the westbound freighter M/V A. V. KASTNER and an eastbound tug and tow combination consisting of the Tug BUCHANAN 14, the Tug SWIFT, the Dredge JECKYL ISLAND, a derrick barge, and 500 feet of dredging pipe.

3. The M/V A.V. KASTNER is owned and operated by Gypsum Transportation, Limited and was piloted on the day of the collision by Captain Timothy M. Cober.

4. The Tug BUCHANAN 14 was owned by Buchanan Trust and operated by Buchanan Marine L.P.

5. The Tug SWIFT, the Dredge JECKYL ISLAND, the derrick barge, and the 500 feet of pipe were owned and operated by Norfolk Dredging Company.

6. As a result of the collision, four crewmen employed by Norfolk Dredging Company as crewmen on board the Tug SWIFT died. Three other crewmen who were on board the Tug SWIFT, who also were Norfolk Dredging Company employees, allege that they suffered personal injuries.

7. Various civil actions were filed in this Court, in the United States District Court for the Eastern Districts of Virginia, and in Virginia State Court. The Virginia State Court cases were removed to federal court and were later voluntarily dismissed. A limitation of liability action filed by Norfolk Dredging Company in the Eastern District of Virginia was transferred to this District, where limitation of liability actions filed by Buchanan Trust and Buchanan Marine, L.P. and by Gypsum Transportation Limited were already pending. The three limitation of liability actions and other actions pending in this District were consolidated under Civil Action No. WMN-02-662 by Order of this Court dated April 29, 2002. Claims were subsequently filed in this action by the survivors and estates of the deceased Tug SWIFT crewmen and by the injured Tug SWIFT crewmen.

8. The Claims filed by the personal injury and death Claimants seek recovery of compensatory damages, pain and suffering of the deceased or injured seamen, and various elements of non-pecuniary damages allegedly suffered by the Claimants themselves, including loss of society, loss of consortium, grief, and other emotional conditions or losses (hereinafter collectively "non-pecuniary"). Claimants also seek recovery of punitive damages from NDC.

9. Under the Jones Act and the general maritime law, Claimants cannot recover for non-pecuniary damages and/or punitive damages.

WHEREFORE, NDC requests this Court to enter an order that damages for non-pecuniary and punitive damages cannot be recovered by the personal injury and death Claimants against NDC in this case.

/S/
David W. Skeen (No. 01084)
Wright, Constable & Skeen, LLP
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, Maryland 21201-3812
(410) 659-1305

/S/
David H. Sump (VSB No. 28897)
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
One Commercial Place
Norfolk, Virginia 23510
(757) 623-3000

Attorneys for Norfolk Dredging Company