**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY | * | |
| Plaintiff | * | |
| v. | * | Consolidated Cases Under |
| M/V A.V. KASTNER, etc., et al. | * | Civil Action No. WMN-02-CV-00662 |
| Defendants | * | |
| * * * * * * * | | |

**BRIEF IN OPPOSITION TO NORFOLK DREDGING COMPANY'S
MOTION TO APPROVE AND CONFIRM DISCONTINUANCE
OF MAINTENANCE AND CURE**

Claimants Troy A. Link and Dennis Wallace submit this Brief, and attached exhibits which include medical reports, records, and correspondence, in opposition to Norfolk Dredging's Motion to Approve and Confirm Discontinuance of Maintenance and Cure.

## I.  LEGAL AUTHORITIES

Pursuant to the landmark decision in *Vaughan v. Atkinson,* 369 U.S. 527, 531-32 (1962), the Supreme Court made it clear that the maintenance and cure relief is "not to be defeated by restrictive distinctions" and, therefore, all doubts should be resolved in the seaman's favor.

Termination of a seaman's maintenance and cure should be based on an "unequivocal medical determination." *Tullos v. Resource Drilling, Inc.,* 750 F.2d 380, 388 (5th Cir. 1985). "Cure" has always included the payment of "therapeutic" medical expenses. *Gaspard v. Taylor Diving & Salvage Co., Inc.,* 649 F.2d 372, 374 (5th Cir. (1981), *cert. denied,* 455 U.S. 907 (1982).

As the Fourth Circuit articulated in *Williams v. Kingston Shipping Co., Inc.,* 925 F.2d 721, 723 (4th Cir. 1991):

Maintenance and cure provide a seaman who becomes ill or injured in the service of his ship lodging, board, and medical expenses until he reaches maximum recovery. This shipowner's willful, arbitrary failure to pay maintenance and cure gives rise to damages that include a reasonable attorney's fee. *Vaughan v. Atkinson,* 369 U.S. 527, 82 S. Ct. 997, 8 L.Ed.2d 88 (1962).

Contrary to the position asserted by Kingston, a lawyer's services in pursuing a complete remedy for a wrongful denial of maintenance and cure is not limited simply to the collection of funds for lodging, board, and medical expenses. [F]ailure to give maintenance and cure may give rise to a claim for damages for the suffering and for the physical handicap which follows. *Vaughan,* 369 U.S. at 530 82 S.Ct. at 999. In *Cortes v. Baltimore Insular Line,* 287 U.S. 367, 371 53 S.Ct. 173, 174, 77 L.Ed. 368 (1932), the Court said: If the failure to give maintenance and cure has caused or aggravated an illness, the seaman has his right of action for the injury thus done to him, the recovery in such circumstances including not only necessary expenses, but also compensation for the hurt.

A text summarizes the precepts of *Vaughan* and *Cortes* and follows:

The penalties for arbitrary or capricious failure to pay maintenance are money damages for any prolongation or aggravation of the physical injury suffered by the seaman; and for expenses incurred by the injured seaman to h ire a lawyer to prosecute his claim for maintenance.

In *Johnson v. Marlin Drilling Co.,* 893 F.2d 77, 79 (5th Cir. 1990), the Fifth Circuit held:

Furthermore, under the *Vaughan* rule, the possibility of physical improvement, expressed by Dr. Jackson, would require a finding in favor of Johnson. Due to the importance of maintenance and cure payments, evidentiary hearings should rarely be denied.

## II. THE ISSUE INVOLVED IS WHETHER CLAIMANTS LINK AND WALLACE HAVE REACHED MAXIMUM MEDICAL IMPROVEMENT

Norfolk Dredging has during the month of July 2003 unilaterally cut off all payments of maintenance (merely $20.00 a day) and cure. As shown by the attached, the treating physicians

have unequivocally opined that neither Claimant has reached maximum medical improvement. Norfolk Dredging relies on two hired physicians who have never seen Claimants, and merely reviewed some of Claimants' medical records.  The courts have recognized that treating physicians' opinions are entitled to greater weight than examining physicians.  *Hensley v. Washington Met. Area Transit Authority,* 655 F.2d 264, 273 n.13 (D.C. Cir. 1981), *cert. denied,* 456 U.S. 904.  Herein, Norfolk Dredging relies on physicians who have not even examined Claimants.

### III.  REVIEW OF MEDICAL RECORDS

Claimant Link is currently receiving psychiatric care from Dr. Ali Aziz.  In a letter dated July 25, 2003, Dr. Aziz states that Claimant Link is currently suffering from depression, anxiety, post traumatic stress disorder and mood swing.  This letter clearly articulates that Claimant Link will need treatment for a considerable time in the future, in Dr. Aziz's words "possibly years." (Dr. Aziz's letter is attached as Exhibit A ).  Further, Suzanne E. Brassel, Ph.D., a licensed clinical psychologist, stated in her correspondence dated July 29, 2003 that Claimant Link continues to be treated for post traumatic stress disorder and a major depressive disorder.  She concluded her treatment update by stating:

> He has not yet met maximum improvement. Maximum improved functioning is anticipated to involve continued treatment from 6 months to a year or more, at best.

(Suzanne E. Brassel Ph.D's letter is attached as Exhibit B.)

Claimant Link has recently been referred by Dr. Garland Greene (not a chiropractor but a medical doctor) to Dr. Eric Dominguez, a Sentara Hampton General Hospital pain specialist who has treated Mr. Link following the occurrence at issue.  Norfolk Dredging has refused to

authorize this treatment, but Dr. Dominguez saw Claimant Link notwithstanding.  In a recent letter updating Mr. Link's condition, Dr. Dominguez stated that Mr Link has "not reached maximum medical improvement" as his pain in currently "poorly control," and not all pain management therapies have been exhausted.  (Dr. Dominguez's letter is attached as Exhibit C.)

Clearly, based on these recent assessments provided by Claimant Link's health care providers, Mr. Link has not achieved maximum improvement, and therefore cure must continue to be provided.

Moreover, Norfolk Dredging's articulation of the status of Claimant Link is quite inaccurate.  Norfolk Dredging's statement of the emergency room treatment of Troy Link on the day of the collision leaves out the fact that he complained of low back pain and pain in other parts of his body.

Further, Norfolk Dredging's review of the records emphasizes an x-ray of March 22, 2002 by Dr. Skogsbergh, who is a chiropractor, and this x-ray is only of the cervical spine, not the area of principal orthopedic injury to Claimant Link.  Norfolk Dredging is completely inaccurate on page 4 of its Brief, when it states:  "Although it appears Dr. Brassel's three goals for Link's therapy were all achieved by August 19, 2002 ."  Dr. Brassel's records, and most recent report show clearly that all goals for therapy have not been achieved, and that treatment is necessary.  As previously noted, Dr. Brassel believes treatment must be continued for at least six months to a year for maximum improved functioning to be achieved.  (Dr. Brassel's report is attached as Exhibit B.)

In terms of Claimant Wallace, it is similarly clear that maximum improvement has not been achieved.  Norfolk Dredging's review of consultation with neurosurgeon Dr. Wallace K. Garner for Claimant Link fails to disclose that Dr. Garner recommended treatment with a pain management physician, epidural steroid injections or trigger point injections.  In addtion to Dr. Garner, three different physicians, Dr. Lovejoy, Dr. Snow, and Dr. Suh have each consistently recommended that Claimant Wallace be treated with epidural injections for his low back problems.  (See attached Exhibit D.)  As illustrated by the correspondence, from November 12, 2002 through the present, Claimant's counsel has attempted to have Norfolk Dredging authorize the epidural injections, but Norfolk Dredging has consistently refused to do so.  Consequently, Claimant Wallace has not been provided the necessary treatment that all of these doctors have recommended.  Significantly, Dr. James S. Snow, one of Dennis Wallace's treating physicians has opined as of August 9, 2003 that Dennis Wallace is not likely to improve unless epidural steroid injections are used.  (See attached Exhibit E.)

In addition to these urgently required epidural injections, Mr. Wallace is currently being treated by Dr. Daniel Nagelberg, Ph.D. for post traumatic stress disorder.  Dr. Nagelberg, who has followed Claimant Wallace since April 2, 2002, stated in a July 28, 2003 progress letter that Mr. Wallace has not reached maximum improvement.  He stated unequivocally that Mr. Wallace will require continuing treatment for "some time to come."  (Dr. Nagelberg's treatment letter is attached Exhibit F.)  Therefore, Mr. Wallace who is in need of epidural injections and continue psychological treatment is entitled to have care continue.

**CONCLUSION**

It being the opinion of Claimant's treating physicians that neither Claimant Link nor

Claimant Wallace have reached maximum medical improvement, it is respectfully submitted that

Norfolk Dredging's Motion to Approve and Confirm Discontinuance of Maintenance and Cure

should be denied.


Respectfully submitted,


_____

PAUL D. BEKMAN
Salsbury, Clements, Bekman, Marder
    & Adkins, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
Telephone:  410-539-6633
Facsimile:  410-652-9554


_____

RALPH RABINOWITZ
Rabinowitz, Swartz, Taliaferro, Lewis,
    Swartz & Goodove
Town Point Center, Suite 800
150 Boush Street
Norfolk, Virginia 23510

Attorneys for Troy A. Link
and Dennis Wallace

6

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this _____ day of August, 2003, a copy of Claimants' Brief in Opposition to Norfolk Dredging Company's Motion to Approve and Confirm Discontinuance of Maintenance and Cure was mailed, first class, postage prepaid to the following:

Ralph Rabinowitz, Esquire
Rabinowitz, Swartz, Taliaferro, Lewis,
    Swartz & Goodove
Town Point Center, Suite 800
150 Boush Street
Norfolk, Virginia 23510

J. Stephen Simms, Esquire
W. Charles Bailey, Jr., Esquire
Simms Showers LLP
20 S. Charles Street, Suite 702
Baltimore, Maryland 21201

John T. Ward, Esquire
Ward/Kershaw, P.C.
113 West Monument Street
Baltimore, Maryland 21201

David W. Skeen, Esquire
Wright, Constable & Skeen, L.L.P.
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, Maryland 21201

Robert M. Schwartzman, Esquire
Lord & Whip
800 One Center Plaza
120 West Fayette Street
Baltimore, Maryland 21201-3700

Peter Ayers Wimbrow, III, Esquire
4100 Coast Highway
Ocean City, Maryland 21842

C. Arthur Rutter, III, Esquire
Deborah C. Waters, Esquire
Rutter, Walsh, Mills & Rutter, LLP
415 St. Paul's Boulevard, Ste. 700
Norfolk, Virginia 23510

Thomas B. Shuttleworth, Esquire
Shuttleworth, Ruloff, Giordano & Swain, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452

Carter T. Gunn, Esquire
Vandeventer, Black, LLP
500 World Trade Center
Norfolk, Virginia 23510-1699

Patrick M. Brogan, Esquire
R. Arthur Jett, Jr., Esquire
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510

M. Hamilton Whitman, Jr., Esquire
Robert B. Hopkins, Esquire
Charles A. Diorio, Jr., Esquire
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, Maryland 21202

David H. Sump, Esquire
David N. Payne, Esquire
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
One Commercial Place
Norfolk, Virginia 23510

Cain Denny, Esquire
Cain Denny, P.A.
P.O. Box 1205
Charleston, South Carolina 29402

John Hughes Cooper, Esquire
1808 Middle Street
P.O. Box 395
Sullivan's Island, South Carolina 29482

Peter G. Decker, Jr., Esquire
Decker, Cardon, Thomas, Neskis
Decker Building
201 E. Plume Street
Norfolk, Virginia 23510

W. Hamilton Whitman, Jr., Esquire
Robert B. Hopkins, Esquire
Charles A. Diorio, Esquire
Ober, Kaler, Grimes & Shriver, P.C.
120 E. Baltimore Street
Baltimore, Maryland 21202-1643

William E. Johnson, Esquire
Johnson Law Center
P.O. Box 99
Mathews, Virginia 23109

A. Davis Bugg, Jr., Esquire
Rumsey & Bugg, P.C.
Irvington Road
P.O. Box 720
Irvington, Virginia 22840

James W. Bartlett, III, Esquire
Alexander M. Giles, Esquire
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21202

Johnnie L. Cochran, Jr., Esquire
J. Farrest Taylor, Esquire
Cochran, Cherry, Givens & Smith, P.C.
163 West Main Street
P.O. Box 927
Donthan, Alabama 36302

John A. V. Nicoletti, Esquire
Michael J. Carcich, Esquire
Nicoletti, Hornig, Campise & Sweeney
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801


_____
_____PAUL D. BEKMAN