UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

**NORFOLK DREDGING COMPANY,**

     **Plaintiff,**

                               Civil Action No. WMN-02-CV-00662

**M/V A.V. KASTNER, her engines, boilers,
tackle, etc.,** *in rem, et al.,*

     **Defendants.**

## AFFIDAVIT

STATE OF VIRGINIA,
CITY OF NORFOLK, to wit:

This day personally appeared before me, a Notary Public in the aforesaid jurisdiction Thomas Pasquale, Ph.D., who after first being duly sworn, stated the following

1    I am a clinical psychologist licensed by the Commonwealth of Virginia since

2    My office is located at Option III A Psychological Practice, 215 Brooke Ave, Harbor Place # C, Norfolk, VA 23510.

3    personally have treated Jeffrey M. Slaton who is a Claimant in this case

4    My records show that my treatment of Jeffrey M. Slaton began on April 4, 2002 and continues to the present.

5.    Based upon Jeffrey M. Slaton's history and extensive discussions with him in psychotherapy sessions, it is my opinion Mr. Slaton suffers from Post Traumatic Stress Disorder ("PTSD") with corresponding depression and anxiety  He also suffers from hydrophobia, fear of water.



EXHIBIT 1

6. In my opinion, both the PTSD and hydrophobia were caused by and began on February 25, 2002 when Mr. Slaton suffered a near death experience at the time the vessel on which he was working was involved in a collision and sank.

7 In reference to August 20, 2002 notation regarding Slaton's mental status, it should be noted that mental status is a changeable concept. The August 20 notation also included notations that compromised affective state were present. This means that while he was not suffering on that date from a psychosis, suicidal ideation or disorientation, he was continuing to suffer from a mood instability. As expected, the PTSD resulting from the ship sinking was continuing to promote emotional crippling, including sadness and anxiety

8 As of June 8, 2003, Mr. Slaton was ready to seek employment as long as it is not near water and within his orthopaedic and vocational limitations

9. As of this date, Jeffrey M. Slaton has not reached maximum psychological improvement for the problems caused by the incident on February 25, 2002

10 I estimate Mr. Slaton will require an additional twelve months of psychological treatment to resolve the conditions caused by the experience. Mr. Slaton may also require episodic brief sessions during the next five years.

_____
Thomas Pasquale, Ph.D

Subscribed and sworn to before me this 13 day of August, 2003

_____
Notary Public

My Commission Expires: June 30, 2004