IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MARYLAND
Northern Division

**NORFOLK DREDGING COMPANY**,

    **Plaintiff,**

v.

**M/V A.V. KASTNER, her engines,
boilers, tackle, etc.,** *in rem, et al.*,

    **Defendants.**

CASES CONSOLIDATED UNDER
CIVIL ACTION NO: WMN-02-CV-662

**BRIEF IN OPPOSITION TO VESSEL OWNERS'
MOTIONS FOR PARTIAL SUMMARY JUDGMENT
ON BEHALF OF THE ESTATE OF JUSTIN M. BRYANT
AND AUSTON AND MARSHA JOHNSON, HIS PARENTS**

## ARGUMENT

**I.   NON-PECUNIARY DAMAGES ARE NOT BARRED FOR CLAIMS AGAINST THIRD PARTIES**

Norfolk Dredging Company ("NDC") asks for an order granting partial summary judgment insofar as it argues that non-pecuniary damages cannot be recovered against NDC, Justin Bryant's employer. Other vessel owners (the non-employers) want the Court to similarly rule in their favor. No such order should be granted in favor of the vessel owners who were not Justin's employers. The authorities hold that under the Jones Act, a seaman may not recover for non-pecuniary damages against his employer. However, Justin Bryant's parents may

still recover non-pecuniary damages under the general maritime law against the other vessel owners who were not Justin's employer. At best for the non-employers, the federal courts are in disagreement as to what damages are recoverable. The non-employers rely on <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 111 S. Ct. 317, 112 L. Ed. 2d 275 (1990) for the proposition that non-pecuniary damages may not be recovered against non-employer vessel owners. However, the <u>Miles</u> opinion makes no such pronouncement. Rather, the opinion "seems to have overlooked the possibility that a seaman can be killed by someone other than his employer, and that this possibility might render the Jones Act proscription against non-pecuniary damages inapplicable if a seaman is killed in territorial waters." 2-VII Benedict on Admiralty § 84.

Additionally, the Fourth Circuit has not adopted the position advanced by the non-employers, and a variety of district courts have expressly held that non-pecuniary damages are recoverable against non-employer vessel owners. See <u>Gerdes v. G & H Towing Co.</u>, 967 F. Supp. 943 (S.D. Tex. 1997) (deciding that survivors of tug crewmen could recover non-pecuniary damages in products liability claim against manufacturer of vessel's steering components); <u>Sugden v. Puget Sound Tug & Barge Co.</u>, 796 F. Supp. 455 (W.D. Wash 1992) (denying non-pecuniary damages against seaman's employer, permitting non-pecuniary damages against a shipyard

that was not seaman's employer because "the concern for uniformity that motivated the Supreme Court in Miles does not exist in this case." Id. at 457); Mussa v. Cleveland Tankers, 802 F. Supp. 88 (E.D. Mich. 1992); Rebstock v. Sonat Offshore Drilling, 764 F. Supp. 75 (E.D.La. 1991) (allowing non-pecuniary damages in negligence action against non-employer of seaman).

While the non-employers have provided authorities (primarily from Louisiana) where non-pecuniary damages were not allowed, there is no reason that the court in this case should adopt such an expansive and harsh reading of the Miles opinion. The Supreme Court has ruled that non-pecuniary damages are available under a claim of general maritime law for longshoremen and harbor workers injured on territorial or inland waters. Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 39 L. Ed. 2d 9, 94 S. Ct. 806 (1974). The Moragne and Gaudet cases have resulted in the award of non-pecuniary damages in wrongful death actions under claims of general maritime law, even when brought in conjunction with a Jones Act claim.

**II.   SIMILAR TO THE LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT, THE JONES ACT IS MEANT TO APPLY TO EMPLOYERS AND NOT AGAINST THIRD-PARTIES.**

The Jones Act that precludes recovery of non-pecuniary damages does not address third party claims. This is a logical interpretation, because unlike the employer which under the Jones Act has absolute liability for unseaworthiness, the

third party vessel owners are subject to liability to the claimants by virtue of general negligence. Based on the similar provisions of the Longshore and Harbor Workers' Compensation Act, this rationale was adopted by the Fourth Circuit and explained in Garris v. Norfolk Shipbuilding & Drydock Corp., 210 F.3d 209 (2000). In Garris, a longshoreman was killed by the negligence of a third-party vessel owner. In that case, defendant argued that the Longshore and Harbor Workers' Compensation Act precluded a general negligence suit against third parties. The Fourth Circuit reversed the trial court that dismissed the claim and held that a general maritime law cause of action against third parties for wrongful death based upon negligence is available where a harbor worker dies within state territorial waters.

### III.   CONCERN FOR UNIFORMITY DOES NOT REQUIRE THAT NON-EMPLOYERS BE TREATED THE SAME AS EMPLOYERS

Lastly, the non-employers have argued that the non-pecuniary damages should be prohibited in the interest of uniformity, presumably that Congress wants the non-employers to be treated the same as employers. This rationale is also cited by some of the authorities in the vessel owners' brief. However, this argument is undercut in light of the fact that Congress in 2000 demonstrated its lack of concern for uniformity by amending DOHSA to expressly allow non-pecuniary losses in aviation accidents. Before enactment of this amendment, DOHSA prohibited recovery of non-pecuniary damages just as in Jones Act claims. With this

amendment, Congress makes clear that uniformity should not be the controlling factor. See, 46 USCS Appx § 762(b), (As amended April 5, 2000, P.L. 106-181, Title IV, § 404(b), 114 Stat. 131. amending DOHSA as follows: "additional compensation for non-pecuniary damages for wrongful death of a decedent is recoverable.") That enactment by Congress should put to rest the argument that a harsh and expansive reading of Miles is justified in the interest of uniformity.

Vessel owners seem to concede that the claimants may recover pecuniary damages. These damages include the support that Justin Bryant's parents may reasonably have expected to receive from their son in their lifetime. The estate may also recover for Justin's pre-death pain and suffering. However, Justin's parents have sustained significant non-pecuniary loss, as well. To grant the partial summary judgment asked for by the non-employers would produce a harsh result that is unwarranted under a careful reading of Miles.

AUSTON JOHNSON AND MARSHA
JOHNSON, INDIVIDUALLY AS PARENTS
AND AS CO-ADMINISTRATORS OF THE
ESTATE OF JUSTIN MAURICE BRYANT

/s/
Thomas B. Shuttleworth, Esquire
Shuttleworth, Ruloff, Giordano & Swain, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, Virginia  23452

757-671-6000

_____/s/_____
Peter Ayers Wimbrow, III, Esquire
Post Office Box 56
Ocean City, Maryland   21843
410-289-6667
(signed by Thomas B. Shuttleworth with the permission of Peter Ayers Wimbrow, III, Esq.)

_____/s/_____
J. Farrest Taylor, Esquire
Cochran, Cherry, Givens & Smith, P.C.
163 West Main Street
Dothan, Alabama   36302
(334) 793-1555
(Signed by Thomas B. Shuttleworth with the permission of J. Farrest Taylor, Esq.)

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2003, a copy of this Brief In Opposition to Vessel Owners' Motions for Partial Summary Judgment was served electronically by way of the Court's electronic filing system or was mailed to the following counsel of record:

***Counsel for Gypsum Transportation, Limited:***
M. Hamilton Whitman, Jr., Esq.
Charles A. Diorio, Esq.
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street

Baltimore, MD 21202

John A. V. Nicoletti, Esq.
Michael J. Carcich, Esq.
Nicoletti, Hornig, Campise & Sweeney
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801

**_Counsel for Buchanan Marine L.P. and_**
**_A.P. Franz Trustee of the Buchanan Trust:_**
Mark E. Newcomb, Esq.
Davey & Brogan, P.C.
101 Granby Street, Suite 300
P. O. Box 3188
Norfolk, VA 23514-3188

J. Stephen Simms, Esq.
Greber Simms & Showers, LLP
Twenty South Charles Street, Suite 702
Baltimore, MD 11201-3754

John T. Ward, Esq.
Ward Kershaw
113 W. Monument Street
Baltimore, MD 21201

**_Counsel for Norfolk Dredging Company:_**
David H. Sump, Esq.
Crenshaw, Ware & Martin, P.L.C.
1200 Bank of America Center
Norfolk, VA 23510-2111

David W. Skeen, Esq.
Stephen J. White, Esq.
Wright, Constable and Skeen, LLP

100 N. Charles, 16th Floor
Baltimore, MD 21201-3812

**<u>Counsel for the Estate of Ronald Bonniville:</u>**
A. Davis Bugg, Jr., Esq.
Rumsey & Bugg, P.C.
Irvington Road, P. O. Box 720
Irvington, VA 22480

William E. Johnson, Esq.
Johnson Law Center
P. O. Box 99
Mathews, VA 23109

Robert M. Schwartzman, Esq.
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, MD 21201

C. Arthur Rutter, III, Esq.
Deborah C. Waters, Esq.
Rutter, Walsh, Mills & Rutter, L.L.P.
415 St. Paul's Blvd., Suite 700
Norfolk, VA 23510

**<u>Counsel for Jeffrey Slaton and Estate of William Bryant:</u>**
Robert M. Schwartzman, Esq.
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, MD 21201

C. Arthur Rutter, III, Esq.
Deborah C. Waters, Esq.

Rutter, Walsh, Mills & Rutter, L.L.P.
415 St. Paul's Blvd., Suite 700
Norfolk, VA 23510

**<u>Counsel for Estate of Clarence McConnell:</u>**
John Hughes Cooper, Esq.
John Hughes Cooper, P.C.
1808 Middle Street
P. O. Box 395
Sullivan's Island, SC 29482

Cain Denny, Esq.
Cain Denny, P.A.
P. O. Box 1205
Charleston, SC 29402

C. Arthur Rutter, III, Esq.
Deborah C. Waters, Esq.
Rutter, Walsh, Mills & Rutter, L.L.P.
415 St. Paul's Blvd., Suite 700
Norfolk, VA 23510

Robert M. Schwartzman, Esq.
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, MD 21201

**<u>Counsel for Troy Link & Dennis Wallace:</u>**
Ralph Rabinowitz, Esq.
Rabinowitz, Swartz, Taliaferro, Lewis,
   Swartz & Goodove, P.C.
Town Point Center, Suite 800

150 Boush Street
P. O. Box 3332
Norfolk, VA 23514

Paul D. Bekman, Esq.
Israelson, Salsbury, Clements & Bekman, LLC
300 W. Pratt Street, Suite 450
Baltimore, MD 21201

**<u>Counsel for Timothy Cober:</u>**
James W. Bartlett, III, Esq.
Alexander M. Giles, Esq.
Semmes, Bowen & Semmes
250 W. Pratt Street, 16th Floor
Baltimore, MD 21202

/s/
Thomas B. Shuttleworth
