IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIAMARYLAND
NorfolkBaltimore Division

In the Matter of the Complaint of
NORFOLK DREDGING COMPANY,
as Owner of the TUG SWIFT and
BARGE RC-811 for Exoneration
from or Limitation of Liability

     **Plaintiff,**

vs.             Civil Action No. 2:02CV662

               WMN-02-CV-00662

**M/V A.V. KASTNER, her engines, boilers,
tackle, etc., *in rem, et al.,***

     **Defendants.**

### SECOND AMENDED CLAIM OF THE ESTATE OF CLARENCE MCCONNELL

NOW INTO COURT, through undersigned counsel, come Shirley McConnell,

Individually and as mother of Jasmine E. McConnell, and as Personal Representative of the

Estate of Clarence McConnell, and Shenecca M. Garrett, individually and Lesheon McConnell,

individually, children of Clarence McConnell, and for their claim against the plaintiff, Norfolk

Dredging Company, claims the amount of FIFTYTWENTY-FIVE MILLION DOLLARS

($50$25,000,000.00) and in support of said claim sets forth the following:

1. Claimant Shirley McConnell, Individually and as mother of Jasmine E.

McConnell, and as Personal Representative of the Estate of Clarence McConnell, and

Shenecca M. Garrett, individually and Lesheon McConnell, individually, children of Clarence

McConnell resides in the State of South Carolina.

2.      Claimant's decedent, Clarence McConnell, at all times herein involved was serving aboard the Tug SWIFT and/or BARGE RC-811 and as such occupied the status of a seaman, with the statutory right to proceed without prepayments of costs.  In the alternative, Clarence McConnell was a passenger and occupied the status of a non-seaman.

3.      Due to the negligence, carelessness and fault of the plaintiff, Norfolk Dredging Company, as owner and operator of the Tug SWIFT and/or BARGE RC-811 and the employer of Claimant's decedent, Clarence McConnell, and the unseaworthiness of the Tug SWIFT and/or BARGE RC-811, Claimant sustained severe injuries and experienced excruciating pain, anxiety, shock, physical, mental and emotional suffering on or about February 25, 2002, when M/V A.V. KASTNER and the Tug BUCHANAN 14 collided, which caused the Tug SWIFT and/or BARGE RC-811 to overturn and ultimately sink with Mr. McConnell on board, causing him to drown.

4.      By reason of the aforesaid catastrophe due to the unseaworthiness of the Tug SWIFT and/or BARGE RC-811 and the negligence and gross negligence of her owner, as aforesaid, Claimant did suffer the injuries hereinafter set forth, resulting in the losses and damages hereafter specified.

5.      As a result of the accident of February 25, 2002, Claimant's decedent was severely injured which resulted in death, Claimant has incurred funeral and memorial expenses, pre-death pain and suffering.  Claimant has lost income present and future.

6.      By reason of the foregoing occurrence, claim is made by the Claimant for serious injuries which resulted in the death of Clarence McConnell, funeral and memorial

expenses, pre-death pain and suffering as well as mental anguish and emotional trauma, loss of

income not paid as unearned wages and loss of future income, ~~loss of consortium, loss of~~

~~society, mental anguish, grief, sorrow and solace of the beneficiaries,~~**nurturing and guidance**

**of minor children, services,** and any other direct out-of-pocket losses or expenses to the

date of trial, as well as other fair and just losses under the General Maritime Law, the Jones

Act, and all other state, federal and common law provisions or regulations and amendments

applicable thereto.

7.    Claim is hereby made for compensation in the amount of TWENTY FIVE

MILLION DOLLARS ($25,000,000.00) ~~plus TWENTY FIVE MILLION DOLLARS~~

~~($25,000,000.00) as punitive damages.~~

~~8.    The Plaintiff acted with wanton and reckless disregard for the safety and rights~~

~~of Mr. McConnell and others. As such, their conduct gives rise to a claim against them for~~

~~punitive damages~~.

~~9~~**8**.    This claim is being made under protest and without prejudice to Claimant's
position that this Complaint seeking limitation of
and exoneration from liability is improper and
should be dismissed.

SHIRLEY MCCONNELL, INDIVIDUALLY AND AS
MOTHER OF JASMINE E. MCCONNELL, AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF
CLARENCE MCCONNELL, AND SHENECCA M.
GARRETT,    INDIVIDUALLY    AND    LESHEON
MCCONNELL, INDIVIDUALLY, CHILDREN OF
CLARENCE MCCONNELL

By: ~~/s/  Robert M. Schwartzman, Esquire~~

_____                    Of Counsel


C. Arthur Rutter, III, Esquire
VSB #36827
Deborah C. Waters, Esquire
VSB# 28913
Rutter, Walsh, Mills & Rutter, L.L.P.
415 St. Paul's Boulevard, Suite 700
Norfolk, Virginia  23510
(757) 622-5000 (tel)
(757)623-9189 (fax)

Robert M. Schwartzman, Esquire
Federal Trial Bar # 01092
Lord & Whip, P.A.
800 One Center Plaza
120 West Fayette Street
Baltimore, Maryland 21201-3700
(410) 539-5881
(410) 685-6726 (fax)