**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | |
|---|---|
| NORFOLK DREDGING COMPANY, | * |
| Plaintiff, | * |
| vs. | *   Civil Action No. WMN-02-CV-00662 |
| M/V A.V. KASTNER, her engines, boilers, tackle, etc., *in rem, et al.*, | * |
| | * |
| Defendants. | |

\* \* \* \* \* \* \*

**SECOND AMENDED ANSWER AND DEFENSES OF THE ESTATE**
**OF RONALD L. BONNIVILLE**

NOW INTO COURT, through undersigned counsel, comes Elizabeth Kellum and Horace L. Bonniville, Co-Administrators of the Estate of Ronald L. Bonniville, deceased, ("Bonniville" or "Claimant"), who makes the following answer and defenses to the Complaint ("Complaint") filed in these proceedings by Norfolk Dredging Company, owner of the Tug SWIFT and the BARGE RC-811 ("Norfolk Dredging" or "Vessel Owner.")

**DEFENSES**

First Defense

The Complaint fails to state a claim upon which relief can be granted.

Second Defense

The limitation fund for which Norfolk Dredging prays is inadequate. The Complaint must be dismissed because Vessel Owner failed to deposit sufficient security in the limitation fund. Furthermore, the Vessel Owner failed to include in its limitation fund calculation insurance proceeds from claims against third parties for damage to the vessels sustained

because of the casualty which occurred on February 25, 2002.

<u>Third Defense</u>

The Tug SWIFT and/or BARGE RC-811 were unseaworthy prior to and at the time of the casualty and, thus, the Vessel Owner is not entitled to limit its liability. Moreover, Vessel Owner failed to exercise due diligence prior to the time of the voyage to make the vessels seaworthy and failed to properly man, equip and supply the vessels and to make them fit and safe for their intended purposes. The casualty and losses incurred by the Claimant were occasioned by the negligence of the Vessel Owner or its master, crew, employees or agents acting with the privity and knowledge of the Vessel Owner prior to and during the voyage. The TUG SWIFT and/or BARGE RC-811 were permitted and allowed to go to sea in an unsafe and unseaworthy condition and the casualty, any and all damages and injuries were done, occasioned and incurred with the privity or knowledge of the Vessel Owner, its corporate officers, agents, servants or employees at or prior to the commencement of the voyage. Specifically, the Vessel Owner is not entitled to limitation of liability by reason of the following:

    a.    The conduct of the vessels were such that they were operated, controlled, managed and maintained in a careless, negligent and reckless manner;

    b.    The Vessel Owner failed to provide Ronald L. Bonniville with a safe, staunch, properly equipped, supplied and seaworthy vessel;

    c.    The Vessel Owner failed to provide Ronald L. Bonniville with safe and proper means, materials, appliances and equipment and a safe place to work;

    d.    Norfolk Dredging Company failed to maintain the said vessels, equipment and appliances in a safe and seaworthy condition;

  e. The Tug SWIFT and/or BARGE RC-811 were not reasonably safe or suitable to perform the intended voyage;

  f. The Vessel Owner neglected to operate and navigate the Tug SWIFT and/or BARGE RC-811 properly and as required by the ordinary practice of seamen and of the special circumstances occasioned by then-existing conditions;

  g. The Vessel Owner neglected to warn of a potentially dangerous condition by failing to sound appropriate warnings;

  h. The Vessel Owner neglected to maintain a proper lookout by sight, by hearing and by other means appropriate for the conditions;

  i. The Vessel Owner neglected to operate the Tug SWIFT and/or BARGE RC-811 at a safe speed for the then-existing conditions;

  j. The Vessel Owner neglected to assess appropriately, monitor and respond to the risk of collision;

  k. The Vessel Owner neglected to take action to avoid collision in ample time and with due regard to the observance of good seamanship;

  l. The Vessel Owner neglected to take all steps appropriate to pass one another at a safe distance in the waterway;

  m. The Vessel Owner neglected to proceed appropriately in the course of the narrow channel;

  n. The Vessel Owner failed to observe the rules governing navigation of vessels in the waterway;

o.      The Vessel Owner failed to follow the statutory and regulatory rules of navigation and good seamanship as established by the United States Congress and the United States Coast Guard, and failed to follow the requirements of the International Safety Management (ISM) Code;

p.      The Vessel Owner failed to promulgate and enforce reasonable rules and regulations for the performance of the work on its vessels in such a manner as to provide for the safety of Mr. Bonniville;

q.      The Vessel Owner neglected to instruct and train the crew manning the Tug SWIFT and/or BARGE RC-811;

r.      The Vessel Owner neglected to man the Tug SWIFT and/or BARGE RC-811 with a competent crew; and

s.      Norfolk Dredging Company, its corporate officers, agents, servants, employees and other persons for whom the plaintiff is responsible, failed to take suitable precautions for the safety of Ronald L. Bonniville under the circumstances and conditions then and there existing to the knowledge of the plaintiff, Norfolk Dredging Company having actual and constructive notice of the unsafe, dangerous and unseaworthy conditions;

t.      Claimant reserves the right to claim against Norfolk Dredging Company and the TUG SWIFT and/or BARGE RC-811 such other further and different faults, negligence and unseaworthiness as the evidence may disclose.

Fourth Defense

The Limitation of Liability Act, 46 U.S.C. §181, *et seq*., does not permit the Court to

decide exoneration from liability.

## ANSWER

AND NOW, with full reservation of all defenses herein above asserted, Claimant answers the allegations of the Complaint, as follows:

1.  Upon information and belief, Bonniville denies the allegations set forth in Paragraph 1 of the Complaint to the extent Bonniville asserts the Vessel Owner is not entitled to limitation of liability. Otherwise, Bonniville admits the Court has jurisdiction over this action pursuant to the Limitation of Liability Act.

2.  Upon information and belief, Bonniville admits the allegations set forth in Paragraph 2 of the Complaint.

3.  Bonniville neither admits nor denies the allegations set forth in Paragraph 3 of the Complaint because it does not appear to call for a response. To the extent a response is required, Bonniville denies the allegations set forth in Paragraph 3 of the Complaint for lack of information and demands strict proof of the allegations set forth therein.

4.  Upon information and belief, Bonniville admits the allegations set forth in Paragraph 4 of the Complaint as to the collision and sinking of the vessels and the injuries and deaths of the crew members. The exact mechanism of the collision is unknown at this time. Bonniville denies the remaining allegations for lack of information and demands strict proof

of the allegations set forth therein.

5. Bonniville denies the allegations set forth in Paragraph 5 of the Complaint for lack of information and demands strict proof of the allegations set forth therein.

6. Bonniville denies the allegations set forth in Paragraph 6 of the Complaint for lack of information and demands strict proof of the allegations set forth therein.

7. Bonniville denies the allegation set forth in Paragraph 7 of the Complaint for lack of information and demands strict proof of the allegation set forth therein.

8. Bonniville denies the allegations set forth in Paragraph 8 of the Complaint for lack of information and demands strict proof of the allegations set forth therein.

9. Bonniville denies the allegation set forth in Paragraph 9 of the Complaint for lack of information and demands strict proof of the allegation set forth therein.

10. The allegations set forth in Paragraph 10 of the Complaint are legal conclusions to which no responses are required. Bonniville denies that the security deposited with the Petition is sufficient and asserts the proposed limitation fund is inadequate.

11. Bonniville denies the allegations set forth in Paragraph 11 of the Complaint.

12. Upon information and belief, Bonniville admits the allegations set forth in Paragraph 12 of the Complaint as they apply to the M/V A.V. KASTNER and the Tug BUCHANAN 14. Bonniville denies the allegations set forth in Paragraph 12 of the Complaint as they apply to the Tug SWIFT and/or BARGE RC-811.

13. Bonniville denies the allegations set forth in Paragraph 13 of the Complaint.

Further, Bonniville states:

1. By reason of the matters aforesaid, Ronald L. Bonniville sustained severe injuries and pre-death pain and suffering resulting in death.

2. Ronald L. Bonniville, at the time of the collision on or about February 25, 2002, was steadily employed and in good health.

3. By reason of the foregoing occurrence, claim is made by the Claimant for serious injuries which resulted in the death of Ronald L. Bonniville, funeral and memorial expenses, pre-death pain and suffering as well as mental anguish and emotional trauma, loss of income not paid as unearned wages and loss of future income, nurturing and guidance of minor children, services, and any other direct out-of-pocket losses or expenses to the date of trial, as well as other fair and just losses under the General Maritime Law, the Jones Act, and all other state, federal and common law provisions or regulations and amendments applicable thereto.

WHEREFORE, Claimant having fully answered, prays:

a. The Court enter an order denying the Vessel Owner's request for exoneration from liability;

b. The Court enter an order denying the Vessel Owner's request for limitation of liability;

c. The Court enter an order declaring the casualty referred to in the Complaint happened with privity and knowledge of the Vessel Owner;

d. The Court enter an order declaring the Claimant be permitted to institute and/or prosecute actions with trial by jury in a forum of her choice including state court to recover

damages from the Vessel Owner for injuries suffered;

  e. If this Court does not allow Claimant the right of a trial by jury to recover the aforesaid damages, then in such event the claims of the Claimant be allowed as requested herein with interest and costs and that Claimant may have such other and further general and equitable relief in law and justice they may be entitled to receive.

            ELIZABETH KELLUM AND HORACE L. BONNIVILLE, CO-ADMINISTRATORS OF THE ESTATE OF RONALD L. BONNIVILLE, deceased

            By */s/* Robert M. Schwartzman
               Robert M. Schwartzman
               Federal Trial Bar # 01092
               Of Counsel

C. Arthur Rutter, III, Esquire
VSB# 36827
Deborah C. Waters, Esquire
VSB# 28913
Rutter, Walsh, Mills & Rutter, L.L.P.
415 St. Paul's Boulevard, Suite 700
Norfolk, Virginia 23510
(757) 622-5000 (tel)
(757) 623-9189 (fax)

A. Davis Bugg, Jr., Esquire
VSB#14729
Rumsey & Bugg, P.C.

Irvington Road, P.O. Box 720
Irvington, Virginia 22480
(804) 438-5588

William E. Johnson, Esquire
Johnson Law Center
P.O. Box 99
Mathews, VA 23109

## CERTIFICATE OF MAILING

On this 28th day of August, 2003, I hereby certify that the foregoing was sent first-class mail, postage prepaid, to David H. Sump, Esquire, Crenshaw, Ware & Martin, P.L.C., 1200 Bank of America Center, Norfolk, VA 23510-2111; and delivered via postage pre paid U.S. first class mail to Thomas B. Shuttleworth, Esquire, Shuttleworth, Ruloff, Giordano & Swain, P.C., 4525 South Boulevard, Suite 300, Virginia Beach, VA 23452-1137; Ralph Rabinowitz, Esquire, Rabinowitz, Swartz, Taliaferro, Lewis, Swartz & Goodove, P.C., Town Point Center, Suite 800, 150 Boush Street, Post Office Box 3332, Norfolk, VA 23514-3332; A. Davis Bugg, Jr., Esquire, Rumsey & Bugg, P.C., Irvington Road, P.O. Box 720, Irvington, Virginia 22480; William E. Johnson, Esquire, Johnson Law Center, P.O. Box 99, Mathews, VA 23109; Peter G. Decker, Jr., Esquire, Decker, Cardon, Thomas, Neskis, Decker Building, 201 East Plume Street, Norfolk, VA 23510; Carter T. Gunn, Vandeventer Black, LLP, 500 World Trade Center, Norfolk, VA 23510-1699.

/s/ Robert M. Schwartzman
Robert M. Schwartzman
Federal Trial Bar # 01092