~~IN THE~~ UNITED STATES DISTRICT COURT
FOR THE ~~EASTERN~~ DISTRICT OF ~~VIRGINIA~~MARYLAND
~~Norfolk~~Baltimore Division

~~In the Matter of the Complaint of~~
NORFOLK DREDGING COMPANY,
~~as Owner of the TUG SWIFT and~~
~~BARGE RC-811 for Exoneration~~
~~from or Limitation of Liability~~
      Plaintiff,

vs.                                                                     Civil Action No. ~~2:02CV662~~

      ~~_____~~WMN-02-CV-00662

M/V A.V. KASTNER, her engines, boilers,
tackle, etc., *in rem, et al.*,

      **Defendants.**

**SECOND AMENDED CLAIM OF THE ESTATE OF RONALD L. BONNIVILLE**

NOW INTO COURT, through undersigned counsel, comes Elizabeth Kellum and Horace L. Bonniville, Co-Administrators of the Estate of Ronald L. Bonniville, deceased, and for the claim against the plaintiff, Norfolk Dredging Company, claim the amount of ~~FIFTY~~ **TWENTY-FIVE** MILLION DOLLARS **($~~50~~25,000,000.00)** and in support of said claim sets forth the following:

1.   Claimants Elizabeth Kellum and Horace L. Bonniville, Co-Administrators of the Estate of Ronald L. Bonniville, deceased, reside in the Commonwealth of Virginia.

2.   Claimant's decedent, Ronald L. Bonniville, at all times herein involved was serving aboard the Tug SWIFT and/or BARGE RC-811 and as such occupied the status of a seaman, with the statutory right to proceed without prepayments of costs.   In the alternative,

Ronald L. Bonniville was a passenger and occupied the status of a non-seaman.

3. Due to the negligence, carelessness and fault of the plaintiff, Norfolk Dredging Company, as owner and operator of the Tug SWIFT and/or BARGE RC-811 and the employer of Claimant's decedent, Ronald L. Bonniville, and the unseaworthiness of the Tug SWIFT and/or BARGE RC-811, Claimant sustained severe injuries and experienced excruciating pain, anxiety, shock, physical, mental and emotional suffering on or about February 25, 2002, when M/V A.V. KASTNER and the Tug BUCHANAN 14 collided, which caused the Tug SWIFT and/or BARGE RC-811 to overturn and ultimately sink with Mr. Bonniville on board, causing him to drown.

4. By reason of the aforesaid catastrophe due to the unseaworthiness of the Tug SWIFT and/or BARGE RC-811 and the negligence and gross negligence of her owner, as aforesaid, Claimant did suffer the injuries hereinafter set forth, resulting in the losses and damages hereafter specified.

5. As a result of the accident of February 25, 2002, Claimant's decedent was severely injured which resulted in death, Claimant has incurred funeral and memorial expenses, pre-death pain and suffering. Claimant has lost income present and future.

6. By reason of the foregoing occurrence, claim is made by the Claimant for serious injuries which resulted in the death of Ronald L. Bonniville, funeral and memorial expenses, pre-death pain and suffering as well as mental anguish and emotional trauma, loss of income not paid as unearned wages and loss of future income, loss of consortium, loss of society, mental anguish, grief, sorrow and solace of the beneficiaries, and any other direct out-

of-pocket losses or expenses to the date of trial, as well as other fair and just losses under the General Maritime Law, the Jones Act, and all other state, federal and common law provisions or regulations and amendments applicable thereto.

7. Claim is hereby made for compensation in the amount of TWENTY FIVE MILLION DOLLARS ($25,000,000.00) ~~plus TWENTY FIVE MILLION DOLLARS ($25,000,000.00) as punitive damages.~~

~~8. The Plaintiff acted with wanton and reckless disregard for the safety and rights of Mr. Bonniville and others. As such, their conduct gives rise to a claim against them for punitive damages~~.

~~9~~**8**. This claim is being made under protest and without prejudice to Claimant's position that this Complaint seeking limitation of and exoneration from liability is improper and should be dismissed.

                                      ELIZABETH KELLUM AND HORACE L. BONNIVILLE,
                                      CO-ADMINISTRATORS OF THE ESTATE OF RONALD
                                      L. BONNIVILLE

By: _____
            Of Counsel

C. Arthur Rutter, III, Esquire
VSB #36827
Deborah C. Waters, Esquire
VSB# 28913
Rutter, Walsh, Mills & Rutter, L.L.P.
415 St. Paul's Boulevard, Suite 700
Norfolk, Virginia 23510

(757) 622-5000
(757)623-9189 (FAX)

A. Davis Bugg, Jr., Esquire
VSB #14729
Rumsey & Bugg, P.C.
Irvington Road, P.O. Box 720
Irvington, Virginia 22480
(804)438-5588

William E. Johnson, Esquire
Johnson Law Center
P.O. Box 99
Mathews, VA 23109

## CERTIFICATE OF MAILING

On this 17th day of April, 2002, I hereby certify that the foregoing was hand delivered, to David H. Sump, Esquire, Crenshaw, Ware & Martin, P.L.C., 1200 Bank of America Center, Norfolk, VA 23510-2111; and delivered via postage pre paid U.S. first class mail to Thomas B. Shuttleworth, Esquire, Shuttleworth, Ruloff, Giordano & Swain, P.C., 4525 South Boulevard, Suite 300, Virginia Beach, VA 23452-1137; Ralph Rabinowitz, Esquire, Rabinowitz, Swartz, Taliaferro, Lewis, Swartz & Goodove, P.C., Town Point Center, Suite 800, 150 Boush Street, Post Office Box 3332, Norfolk, VA 23514-3332; A. Davis Bugg, Jr., Esquire, Rumsey & Bugg, P.C., Irvington Road, P.O. Box 720, Irvington, Virginia 22480; William E. Johnson, Esquire, Johnson Law Center, P.O. Box 99, Mathews, VA 23109; Peter G. Decker, Jr., Esquire, Decker, Cardon, Thomas, Neskis, Decker Building, 201 East Plume Street, Norfolk, VA 23510; Carter T. Gunn, Esquire, Vandeventer Black, LLP, 500 World Trade Center, Norfolk, VA 23510-1699; John Hughes Cooper, Esquire, John Hughes Cooper, P.C. 1808 Middle Street, Post Office Box 395, Sullivan's Island, SC 29482.

_____
Deborah C. Waters