IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NORFOLK DREDGING CO.,** | * | |
| Plaintiff, | * | |
| v. | * | Consolidated Cases Under Civil Action No. WMN-02-662 |
| M/V A.V. KASTNER, etc., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \*

### REPLY TO CLAIMANTS' OPPOSITION TO
### MOTION FOR PARTIAL SUMMARY JUDGMENT

Gypsum Transportation, Limited; Buchanan Trust; Buchanan Marine, L.P.; and Captain Timothy M. Cober (collectively "Movants"), by their undersigned attorneys, submit this Memorandum in Support of their Motion to Strike Jury Demand.

### I.   STATEMENT OF THE CASE

In this action, the three vessel owners filed complaints seeking limitation of liability pursuant to 46 U.S.C. §§ 183-85 and 188-89 and Supplemental Rule F of the Federal Rules of Civil Procedure.  Each of the three vessel owners has filed claims against the other two vessel owners, with all of those claims seeking indemnity and contribution for any damages awarded against them.  Four death claimants and three personal injury claimants have filed answers and claims in this consolidated limitation action.

Movants have filed a Motion For Partial Summary Judgment requesting that this Court enter an Order that non-pecuniary damages cannot be recovered by the personal injury and death claimants against them in this case.  Movants submitted a detailed Memorandum of Law in

support of that Motion and the personal injury and death claimants have filed Memoranda in Opposition to that Motion.

## II.    DISCUSSION

### A.    This Court has exclusive jurisdiction over this limitation of liability action.

Originally created in the mid-1800's to encourage shipbuilding and ownership in the United States, the Limitation Act provides for exclusive federal jurisdiction to adjudicate the various claims against a shipowner arising from a single incident and was designed to guarantee payment to the claimants at least to the value of the vessel if they could establish liability.  The Act is the complement to the procedures for arresting vessels in court for the satisfaction of claims asserted against the vessel *in rem,* except in limitation proceedings the vessel owner voluntarily offers into court the value of the vessel and its pending freights for the satisfaction of any claims for which it might be found liable arising out of a single incident.

The limitation process marshals all claims and requires them to be brought in a single action – establishing a "concursus" of all claims.  Maryland Casualty Co. v. Cushing, 347 U.S. 409, 415 (1954).  "In these proceedings, the court, sitting without a jury, adjudicates the claims.  A court determines whether the vessel owner is liable and whether the owner may limit liability.  The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants."  Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448, 2001 A.M.C. 913 (2001); see also, In re Complaint of Great Lakes Towing Company, 395 F. Supp. 810 (N.D. Oh. 1974) ("[A] limitation of liability proceeding . . . is a unique statutory right and is so deeply founded in admiralty and equity that . . . it must be given full effect . . .").

**B.	This is not a case that this Court can remand to state court.**

It has been recognized that there is a certain tension between the Limitation of Liability Act and the "savings to suitors" clause, which states that "the district courts shall have original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*." 28 U.S.C. § 1333(1) (emphasis added).

In its recent decision in <u>Lewis v. Lewis & Clark Marine, Inc.</u>, *supra*, the United States Supreme Court discussed this tension between the right of a shipowner to have its limitation of liability complaint decided by a United States District Court and the right of a civil claimant to take advantage of the "saving to suitors" clause to seek a state remedy:

> The district courts have jurisdiction over actions arising under the Limitation Act, and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court. If the district court concludes that the vessel owner's right to limitation will not be adequately protected – *where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of a fund or the number of claims* – the court may proceed to adjudicate the merits, deciding the issues of liability and limitation.

531 U.S. at 454 (emphasis added). The court cited <u>Lake Tankers Corp. v. Henn</u>, 354 U.S. 147 (1957), and <u>Langnes v. Green</u>, 282 U.S. 531 (1931), cases in which either appropriate stipulations had been agreed to by claimants or there was no uncertainty concerning the adequacy of the fund or the number of claims.

In <u>Lake Tankers</u>, the total claims made by claimants were less than the amount of the limitation fund. The claimants also waived any claim of *res judicata* effect relating to the issue of the vessel owner's ability to limit liability. Under those circumstances, the Supreme Court approved the district court's permitting the action to move forward in a state court, noting that when the value of the vessel

3

and pending freight exceeds the claims brought in the limitation proceeding, there is no necessity for the maintenance of that action in federal court.

In Langnes v. Green, 282 U.S. 531 (1931), there was a single claimant against the limitation fund and, in that circumstance, the Supreme Court decided that the district court should have permitted the action to move forward in a state court, while retaining jurisdiction over the petition for limitation of liability in the event that the state proceeding necessitated further proceedings in federal court. Neither the Langnes nor the Lake Tankers situation exists in the case at issue before this Court. In this case there is more than one claimant and the various claimants have alleged claims *vastly* in excess of any possible combination of the limitation funds.

Since Lewis v. Lewis & Clark, the United States Court of Appeals for the Eighth Circuit and the United States Court of Appeals for the Seventh Circuit have considered the implications of that decision. In In re Riverway Harbor Service, St. Louis, Inc, 263 F.3d 786 (8th Cir. 2001), the Eighth Circuit reversed the decision of the district court refusing to permit a claimant to move forward in state court. The Circuit Court based its decision upon a finding that the personal injury claimant in that case was entitled to take advantage of the single-claimant exception of the exclusive jurisdiction of the United States District Court in a limitation proceeding, because he stipulated that:

> (1) he reserved to the district court all issues relating to Riverway's right to limit its liability; (2) he waived 'any claim respecting any res judicata effect on limitation of liability issues as might arise in the event of entry of judgment in the state court case;' (3) he would not seek to enforce any judgment obtained in state court in excess of the limitation fund until Riverway's liability was adjudicated in federal court; (4) [that one other claim, involving a much smaller amount, would have priority over his;] (5) the limitation fund properly reflected the value of the vessels involved; (6) the limitation fund equaled the value of the vessels; and (7) he would not attempt to enforce or collect any judgment in excess of the limitation fund unless the district court first determined that Riverway did not have the right to limit its liability.

Id. at 791-92. After discussing the stipulations made by the personal injury claimant, the Court wrote:

4

> In the present case, Webber's stipulations fulfilled the single-claimant exception permitting limitation of liability and thereby satisfied the Limitation Act requirements.

Id. at 792.

The United States Court of Appeals for the Seventh Circuit, in In Re Holly Marine Towing, Inc., 270 F.3d 1086 (2001), considered a case that involved numerous claimants and thereby could not possibly fit within the single-claimant exception. The case involved one death claim, a personal injury claim, and a claim by an alleged joint tortfeasor. The death and personal injury claimants sought to have the injunction against state court action dissolved as to them, so that they could pursue their claims in a state court. They stipulated "that they would neither ask the state court to resolve any issue concerning the limitation of Holly's liability nor seek to enforce any judgment they obtained in state court against [the joint tortfeasor] to the extent that such enforcement would expose Holly to liability in excess of its stake in the barge by reason of [the alleged joint tortfeasor's] seeking contribution from Holly." Id. at 1088.

The Circuit Court noted:

> [A]s all the courts to have addressed the question hold (ours has not until today, Great Lakes Dredge and Dock Co. v. City of Chicago, 3 F.3d 225, 232 n. 11 (7th Cir. 1993)), such a limitation [of liability] is good against a claim by a joint tortfeasor as well as against a claim by a tort victim.

Id. at 1089 (citations omitted). The court noted that it is true "that if the amount paid into court by the shipowner exceeds the tort claims against him, or if all claimants stipulate that their claims will not subject him to liability beyond that amount, then he is fully protected, and, even if there are multiple claimants, the suits can continue in state court without endangering any interest that the Act protects." 270 F.3d at 1090. Noting, however, that the alleged joint tortfeasor claimant had not joined the stipulations of the death and personal injury claimants, the court reversed the decision of the district court partially dissolving the injunction against state court proceedings.

5

More recently, in <u>In re Lynchburg Shipyard</u>, 2003 WL 21355468 (E.D.La., June 6, 2003), the United States District Court for the Eastern District of Louisiana rejected stipulations and denied personal injury claimants' requests to lift the stay to permit state court proceedings in a case arising out of a collision. In that case, there were a number of personal injury claimants in a limitation of liability action filed by Lynchburg Shipyard and Dixieland Tow Boat Management, Inc. as a result of a collision between the M/V WANDA LEE (operated by Lynchburg and owned by Dixieland) and the M/V MISS ALLY (owned and operated by Crescent Ship Service, Inc.). Crescent also filed a complaint for limitation of liability. The two limitation of liability cases were consolidated for trial and each vessel owner filed a claim in the limitation proceedings of the other. The personal injury claimants filed stipulations and sought the opportunity to proceed with their claims in state court. Neither vessel owner agreed to the stipulations as claimants against the fund of the opposing vessel owner.

The Court was clear and succinct in its decision:

> When applied to the instant case, the result is clear. Lynchburg/Dixie Land Crescent are claimants within the meaning of the Limitation of Liability Act. As such, they must join in the stipulations in order for this Court to lift the stay. Since they have not done so, this Court finds that it would be an abuse of discretion to lift the stay.

2003 WL 21355468 at *3.

In this case, as in <u>In re Lynchburg Shipyard</u>, the claims arise out of a collision and involve consolidated limitation of liability actions. As in <u>Lynchburg</u>, there are multiple personal injury claimants (and death claimants), and each shipowner has filed claims in the limitation proceedings brought by the other vessel(s) involved in the collision. Thus, this case cannot meet the requirements of the "single claimant exception." Further, the only way this case could be permitted to proceed in state court to jury trial would be if *all claimants* were to enter into appropriate stipulations protecting the rights of the vessel owners claiming the benefits of the Limitation of Liability Act. At this point, no

6

such stipulations have been entered into or filed, even by the death or personal injury claimants. In any event, the claiming vessel owners, who are also seeking to limit their liability, have not entered into any such stipulations. Accordingly, all of these claims are and must remain before this Court.

    **C.    The line of cases relied upon by the personal injury and death claimants defy the United States Supreme Court's ruling in <u>Miles</u>.**

The claimants' argument in opposition to the requested partial summary judgment depends on a flawed argument that <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19 (1990), was a decision that denied the recovery of non-pecuniary damages by the mother of a deceased seaman from her son's Jones Act employer *only*. That argument is flawed because, as has been recognized by other appellate courts, and as is pointed out in the Memorandum in Support of the Motion For Partial Summary Judgment, the <u>Miles</u> plaintiff brought her action against four different entities (Apex Marine Corporation and Westchester Marine Shipping Company, the vessel's operators; Archon Marine Company, the charterer, and Aeron Marine Company, the vessel's owner.) See <u>Davis v. Bender Shipbuilding & Repair Co.</u>, 27 F.3d 426, 430, 1994 AMC 2587, 2592 (9th Cir. 1994). Obviously, only one of those entities could have been the Jones Act employer – yet the Supreme Court affirmed the judgment of the United States Court of Appeals for the Fifth Circuit in holding that Miles could not recover non-pecuniary damages from any one or more of the defendants.

    **D.    The majority of courts, and the most recent decisions, hold that non-pecuniary damages cannot be recovered from non-employers for injury or death of a seaman.**

Contrary to the claimants' spin on the issue, the majority of courts, and the most recent decisions, addressing the issue of the availability of non-pecuniary damages for seafarers against non-employers reject their argument. In addition to the several decisions so holding cited in Movants' Memorandum in Support of Motion for Partial Summary Judgment (at 5-9), the most

recent decisions out of the United States District Court for the Eastern District of Louisiana (which has addressed this issue many times) is in accord. Bodin v. Delta Towing, LLC, 2003 WL 21914015 (E.D. La.)(non-pecuniary damages are not available against non-employer defendants). In rejecting the "Powers, Cleveland Tankers, Sugden and Denet ….line of cases" (relied upon by the claimants in this case), the Bodin court concluded that non-pecuniary damages are not available to seafarers against non-employers. It held that the issue "is controlled by the law in this [Fifth] Circuit as well as the Supreme Court under Miles and its progeny, and as such, [its ruling] maintains the principles of uniformity …" Bodin at 5.

The claimants have conceded that the holding in Miles precludes a remedy for non-pecuniary damages against the Jones Act employer but argue that they may still maintain such a remedy under the general maritime law against non-employer maritime defendants. The effect of accepting this line of reasoning would permit claimants to circumvent the Supreme Court's ruling in Miles.

The non-employer defendants are also claimants against Norfolk Dredging Company, the Jones Act employer. Their claims include indemnity and contribution claims for any amounts paid to the personal injury and death of claimants as a result of any negligence of Norfolk Dredging or unseaworthiness of its vessels. Assume, solely for the purposes of argument, that fault attributed to Norfolk Dredging is 90%, leaving the remaining defendants 10% at fault. In that event, if the personal injury and death claimants were allowed to recover non-pecuniary damages against the non-employer defendants, they in turn would recover 90% of any awarded non-pecuniary damages from the Norfolk Dredging Company, thereby gutting Miles.

The cases relied upon by the claimants are rejected even in the district in which they were decided. For instance, In re Denet Towing Services, Inc. is not even followed in the United

8

States District Court for the Eastern District of Louisiana, the court from which it originates. All of the other judges from that District Court who have addressed the issue disagree with it. District Court (now Circuit Court) Judge Edith Brown Clement specifically rejected "Judge Lemmon's contrary holding [in Denet]" and found that the "uniformity sought by the [Supreme] Court in Miles is best served by a rule that denies loss of society damages as against a third party manufacturer when they would be similarly denied against an employer." In re Diamond B. Marine Services, Inc., 2000 WL 805235 (E.D.La., June 21, 2000). Accord Mastrodonato v. Sea Mar, Inc., 2000 WL 739284 (E.D. La. June 6, 2000) (Such a holding [as found by Judge Clements in Diamond] has been predominantly accepted in the Eastern District of Louisiana"); Williams v. Chemoil Corporation, 2002 WL 662958 (E.D.La., April 22, 2002) ("The Court agrees with the overwhelming majority of cases, which have found that the reasoning of Miles extends to loss of consortium claims against non-employers as well as against employers."). More pointed remarks come from the Chemoil court:

> Plaintiffs rely solely on the decision in In re Denet Towing Service, Inc., 1999 WL 329698 (E.D. La. 1999), for the proposition that Miles should be narrowly construed so as to allow loss of consortium claims against a non-employer defendant under general maritime law. In the absence of any justification for why the Court should not follow its earlier ruling and the reasoning of the majority of courts in this district, the Court finds plaintiffs' reliance on Denet unpersuasive.

2002 WL 662958 at 3 n.1.

Similarly, both Rebstock v. Sonat Offshore Drilling, 764 F. Supp. 75 (E.D. La. 1991), and Verdin v. L&M Bo-Truc Rental, Inc., 1992 AMC 93 (E.D. La. 1991), which were relied upon by the personal injury and death claimants in their memoranda in opposition, were specifically rejected by Judge Clement in Carnival Cruise Lines v. Redfox Industries, Inc., 813 F.Supp. 1185, 1993 AMC 2749 (E.D. La. 1993), in which she noted that they were based on pre-

9

Miles jurisprudence. 813 F. Supp. at 1187, 1993 AMC at 2751; see also Trident Marine, Inc. v. M/V ATTICOS, 876 F. Supp. 832, 837, 1995 AMC 2354, 2361 (E.D. La. 1994)(rejecting the courts' narrow reading of Miles in Rebstock and Sugden v. Puget Sound Tug & Barge Co., 796 F. Supp. 455, 1993 AMC 347 (W.D. Wash. 1992)(also cited by the personal injury and death claimants in their memoranda in opposition)).

The personal injury and death claimants are incorrect in their assertion that the general maritime law provides a basis for an award of non-pecuniary damages. In In re Amtrak, 121 F.3d 1421, 1429, 1997 AMC 2962, 2974 (11th Cir. 1997), the United States Court of Appeals for the Eleventh Circuit, albeit in a non-seafarer context, stated:

> In Lollie v. Brown Marine Serv., Inc., 995 F.2d 1565, 1565 (11th Cir. 1993), we looked disfavorably on the availability of nonpecuniary damages under the general maritime law. Specifically, we held that "neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases." Id.
>
> Today, we expressly extend our holding in Lollie to preclude the availability of punitive damages in personal injury actions brought under the general maritime law. Accordingly, we vacate the district court's ruling that the personal injury plaintiffs in this action are entitled to pursue such nonpecuniary damages.

They are also misguided in their reliance on Sea Land Services, Inc. v. Gaudet, 414 U.S. 573 (1974), to assist them in their arguments. As the court in Tucker v. Fearn, 333 F.3d 1216, 2003 AMC 1705 (11th Cir. 2003), pointed out, Gaudet now is limited to its facts – facts that have no relation this case:

> [T]he Supreme Court since has limited the applicability of Gaudet to its facts. In Miles, the Supreme Court stated that "[t]he holding of Gaudet applies only in territorial waters, and it applies only to *longshoremen.*" Miles, 498 U.S. at 31 (emphasis added). In fact, the Supreme Court in Miles indicated that Gaudet was no longer even applicable on its facts, in view of amendments made to the Longshore and Harbor Workers' Compensation Act in 1972. Miles, 498 U.S. at 30 n.1. Consequently, as the Sixth Circuit stated in Miller v. American President Lines, Ltd., 989

10

> F.2d 1450, 1459 (6th Cir. 1993), "[Gaudet] has therefore been condemned to a kind of legal limbo: limited to its facts, inapplicable on its facts, yet not overruled."

333 F.3d at 1223, 2003 AMC at 1712.

The claimants' reliance on the minority view is also unpersuasive, because it ignores the Supreme Court's decision in Yamaha Motor Corporation v. Calhoun, 516 U.S. 199 (1996). Yamaha concerned a young girl riding a jet ski for recreational purposes when she suffered fatal injuries in a collision with a moored sailboat. As a young girl on vacation riding a recreational vehicle, she was not a "seafarer," – i.e., "a seaman, longshore worker, or person otherwise engaged in a maritime trade." Id. at 202. It is clear from the Yamaha decision that if her parents had been limited to general maritime law remedies – unsupplemented by state wrongful death laws – they would not have been entitled to non-pecuniary damages. The Yamaha Court stated: "If Moragne's wrongful death action did not extend to non-seafarers like Natalie, one could hardly argue that Moragne displaced the state law remedies the Calhouns seek." Id. at 210 n. 7. In permitting the Calhouns to supplement the general maritime law with state remedies, the Court acknowledged that these remedies were not available through the general maritime law. The basis for permitting the supplementation was that Natalie was not a seafarer, and the recreational activity in which she participated had little connection with commerce and the transportation of cargo by sea. The importance of maintaining uniformity was less crucial for her. "Traditionally, state remedies have been applied in accident cases of this order – maritime wrongful-death cases in which no federal statute specifies the appropriate relief and the decedent was not a seaman, longshore worker, or person otherwise engaged in a maritime trade." Id. at 202. The Court's decision turned on the fact that "Congress has not prescribed remedies for the

11

wrongful deaths of nonseafarers in territorial waters," but it had a comprehensive tort recovery regime for seafarers that should be uniformly applied.  Id. at 215.

In the case before this Court, each of the claimants or their decedents was a "seafarer" as defined by the Supreme Court.  Each of the men was covered by a complex tort recovery regime statutorily and through the general maritime law that precludes non-pecuniary damages recovery.  "Because of Congress's extensive involvement in legislating causes of action for maritime personal injuries, it will be the better course, in many cases that assert new claims beyond what those statutes have seen fit to allow, to leave further development to Congress." Norfolk Shipbuilding & Drydock Corp. v. Garris, 532 U.S. 811, 816 (2001).

### III.    CONCLUSION

For the reasons and based on the authorities cited above and in Movants' Memorandum in Support of Motion for Partial Summary Judgment, this Court should rule that the personal injury and death claimants cannot recover non-pecuniary damages from Movants.

_____/S/_____
John T. Ward (No. 01507)
Ward Kershaw, P.A.
113 West Monument Street
Baltimore, Maryland 21201-4713
(410) 685-6700


_____/S/_____
J. Stephen Simms (No. 4269)
Simms Showers, LLP
20 South Charles Street, Suite 702
Baltimore, Maryland  21201
(410) 783-5795

                                                            /S/
Patrick M. Brogan
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia  23514-3188
(757) 622-0100

Attorneys for Buchanan Marine, L.P.
and Buchanan Trust


                                                            /S/
James W. Bartlett, III (No. 00017)
Alexander M. Giles (No. 25474)
Semmes, Bowen & Semmes, P.C.
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201-2423
(410) 539-5040

Attorneys for Captain Timothy M. Cober


                                                            /S/
M. Hamilton Whitman, Jr. (No. 00373)
Robert B. Hopkins (No. 06017)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street, Suite 800
Baltimore, Maryland 21202-1643
(410) 685-1120

Attorneys for Gypsum Transportation, Ltd.
and Beltship Management

B0370657