**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY | * | |
| Plaintiff | * | CONSOLIDATED CASES UNDER |
| v. | * | CIVIL ACTION NO. |
| M/V A.V. KASTNER, her engines, boilers, tackle, etc., in rem, et al., | * | WMN-02-CV-00662 |
| | * | |
| Defendants | * | |

* * * * * * *

**REPLY BRIEF OF NORFOLK DREDGING COMPANY IN OPPOSITION TO CLAIMANTS' MOTION FOR LEAVE TO FILE A SURREPLY**

Plaintiff Norfolk Dredging Company ("NDC") submits this Reply Brief in opposition to the Motion for Leave to file a Surreply filed by Claimants Troy A. Link ("Link") and Dennis Wallace ("Wallace").

## LEGAL STANDARD

This Court has recently held that "[u]nless otherwise ordered by the court, surreply memoranda are not permitted to be filed. Local Rule 105.2(a). Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 2003 U.S. Dist. LEXIS 11018, *7 (D. Md. June 23, 2003).

## ARGUMENT

### I. NDC DID NOT ALLEGE NEW ISSUES IN ITS REPLY BRIEF AND THEREFORE CLAIMANTS ARE NOT ENTITLED TO FILE A SURREPLY

In support of its Motion for Leave to file a Surreply, Claimants claim that NDC has alleged new issues in its Reply Brief, specifically that "Claimant Wallace's alcoholism should bar further cure." *Claimants' Motion*, p.1. NDC never stated in any section of its Reply Brief that Mr. Wallace suffers from alcoholism. NDC did, however, address Link's alcoholism in its Reply Brief, but only because Link had raised the issue in its Brief in Opposition to NDC's Motion to Approve and Confirm the Discontinuance of Maintenance and Cure. Therefore, NDC was responding to a matter first introduced by Link. Link had the opportunity to support this matter with arguments and facts in his opposition brief; a surreply would not provide him with his first chance to address the issue. *See Khoury*, *supra*.

Accordingly, because the Surreply does not address issues raised for the first time in NDC's Reply Brief, Claimants' Motion should hereby be denied.

## II.   THE FACT THAT CLAIMANTS HAVE BEEN FURNISHED WITH MORE COMPLETE MEDICAL RECORDS IS IRRELEVANT AS TO WHETHER THEY ARE ENTITLED TO FILE A SURREPLY

In further support of its Motion for Leave to file a Surreply, Claimants claim that they have recently been furnished with more complete medical records. This information is irrelevant, though, and has no impact on whether the claimants are entitled to file a surreply. To reiterate, the legal standard under which this Court has held that surreplies are permitted is "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury, supra*. Otherwise, surreplies are not permitted. *See id.*

NDC did not present these medical records to this Court in its August 25, 2003 Reply Brief. Therefore, Claimants' Motion should be denied.

## III. CLAIMANTS HAVE REACHED MAXIMUM MEDICAL RECOVERY AND THEREFORE ARE NO LONGER ENTITLED TO ADDITIONAL MAINTENANCE AND CURE PAYMENTS

Regardless of whether Claimants' Motion is granted, Link and Wallace have both reached maximum medical recovery and are not entitled to additional maintenance and cure payments. The United States Supreme Court has held that the employer has an obligation to pay maintenance and cure until the seaman reaches the point of maximum medical recovery. *See Farrell v. United States*, 336 U.S. 511, 519, 1949 A.M.C. 613, 619 (1949); *See also Vella v. Ford*, 421 U.S. 1, 5, 1975 A.M.C. 563, 566 (1975).

### A. LACK OF OBJECTIVE MEDICAL EVIDENCE

Claimants have failed to overcome the evidence presented by NDC that they have reached maximum medical recovery for all conditions and, therefore, are no longer entitled to maintenance and cure. Claimants do not present any objective medical evidence in its surreply and have yet to produce any medical records, which demonstrate that maximum medical recovery has not been attained.

### B. NONCOMPLIANCE WITH ORDERS OF TREATING PHYSICIANS

By alleging that NDC had contended that Link should be barred from receiving further care because of his alcoholism, Claimants have misread NDC's Reply Brief. In actuality, what NDC stated in its Reply Brief was that Link's refusal to comply with the orders of his treating physicians forfeited his right to maintenance and cure payments. *See Oswalt v. Williamson Towing Company, Inc.*, 488 F.2d 51, 53-54 (5th Cir. 1974). In his July 25, 2003 letter, Link's treating psychiatrist, Dr. Ali Aziz, states that Link "has shown some improvements when compliant with medications … His treatment period will depend on his compliance." *Claimant's*

*Surreply*, *Exhibit C*. NDC was seeking termination of Link's maintenance and cure based on his noncompliance with the orders of his treating physicians, not his alcoholism.

### C. UNDER VIRGINIA LAW OPPOSING COUNSEL MAY NOT CONTACT TREATING THE PHYSICIANS

Claimants claim that NDC should have sought a declaration from the responsible physician as to whether maximum medical recovery had been obtained. *See Claimants' Surreply*, p.5. Claimants overlook, however, that Virginia Code §8.01-399(D)[1] precludes opposing counsel from communicating with Link and Wallace's treating physicians. Considering this statute, a declaration from the treating physicians was not possible. NDC, as a result, sought the assistance of Board Certified Psychiatrist Dr. Paul Mansheim and Board Certified Orthopedist Dr. Felix Kirven, who based on the medical records of Claimants' treating physicians, determined that both Link and Wallace had reached maximum medical recovery for all conditions.

## CONCLUSION

WHEREFORE, Norfolk Dredging Company requests this Honorable Court to deny Claimants' Motion for Leave to File a Surreply and enter an Order approving and confirming the termination of the payment of maintenance and cure on behalf of Troy Link and Dennis Wallace.

---

[1] Virginia Code §8.01-399(D) states that "Neither a lawyer, nor anyone acting on the lawyer's behalf, shall obtain, in connection with pending or threatened litigation, information from a practitioner of any branch of the healing arts without the consent of the patient, except through discovery pursuant to the Rules of the Court as herein provided."

NORFOLK DREDGING COMPANY

By_______/s/______________________

Of Counsel

David W. Skeen, Esquire
Wright, Constable & Skeen, LLP
One Charles Center, 16th Floor
100 N. Charles Street
Baltimore, MD 21201-3812
(410) 659-1305

David H. Sump, VSB # 28897
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
Norfolk, VA 23510
(757) 623-3000

Counsel for Norfolk Dredging Company

CERTIFICATE OF SERVICE

I hereby certify that on this _22nd_ day of September, 2003, a true and correct copy of the foregoing Reply Brief was e-mailed or mailed via first class mail to:

| | |
|---|---|
| Paul D. Bekman, Esquire<br>Israelson, Salsbury, Clements & Bekman, LLC<br>300 W. Pratt Street, Suite 450<br>Baltimore MD 21201<br><br>Counsel for Troy A. Link and Dennis Wallace | Ralph Rabinowitz, Esquire<br>Rabinowitz, Swartz, Taliaferro,<br>Lewis, Swartz & Goodove, P.C.<br>Town Point Center<br>150 Boush Street<br>Norfolk, VA 23510<br><br>Counsel for Troy A. Link and Dennis Wallace |
| Robert M. Schwartzman, Esquire<br>Lord & Whip, P.A.<br>Charles Center South<br>36 South Charles Street, 10th Floor<br>Baltimore, MD 21201<br><br>Counsel for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell | C. Arthur Rutter, III, Esquire<br>Deborah C. Waters, Esquire<br>Rutter, Walsh, Mills & Rutter, LLP<br>415 St. Paul's Boulevard<br>Norfolk, VA 23510<br><br>Counsel for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell |
| Thomas B. Shuttleworth, Esquire<br>Shuttleworth, Ruloff, Giordano & Swain, P.C.<br>4525 South Boulevard, Suite 300<br>Virginia Beach, VA 23452<br><br>Counsel for the Estate of Justin Maurice Bryant | Peter Ayers Wimbrow, III, Esquire<br>4100 Coast Highway<br>Ocean City, MD 21842<br><br>Counsel for the Estate of Justin Maurice Bryant |
| J. Stephen Simms, Esquire<br>Simms Showers LLP<br>20 South Charles Street, Suite 702<br>Baltimore, MD 21201<br><br>Counsel for Buchanan Marine, L.P. and A.P. Franz, Trustee of The Buchanan Trust | Patrick M. Brogan, Esquire<br>Davey & Brogan, P.C.<br>101 Granby Street, Suite 300<br>Norfolk, VA 23510<br><br>Counsel for Buchanan Marine, L.P. and A.P. Franz, Trustee of The Buchanan Trust |
| James W. Bartlett, III, Esquire<br>Semmes, Bowen & Semmes<br>250 W. Pratt Street, 16th Floor<br>Baltimore, MD 21202<br><br>Counsel for Timothy M. Cober | Robert B. Hopkins, Esquire<br>Ober, Kaler, Grimes & Shriver, P.C.<br>120 East Baltimore Street<br>Baltimore, MD 21202<br><br>Counsel for Gypsum Transportation |

/s/
David W. Skeen