UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

**NORFOLK DREDGING COMPANY,** *et al*,

**Plaintiff,**

vs.                                             Civil Action No. WMN-02-CV-00662

**M/V A.V. KASTNER,** her engines, boilers,
tackle, etc., *in rem, et al.,*

    **Defendants.**

**MEMORANDUM IN OPPOSITION TO THE MOTION FOR
PHYSICAL, MENTAL AND VOCATIONAL REHABILITATION
EXAMINATIONS
OF JEFFREY M. SLATON**

The Claimant, Jeffrey M. Slaton ("Mr. Slaton"), by and through his counsel, files his Memorandum in Opposition to the Motion for Physical, Mental and Vocational Rehabilitation Examinations of Jeffrey M. Slaton filed by Gypsum Transportation, Ltd, the Buchanan Trust, Buchanan Marine, L.P., Norfolk Dredging Company and Timothy Cober (collectively "Defense Interests") and asks that this Court deny the Defense Interests' Motion. In support of his request, Slaton provides the facts and law set forth below. Furthermore, Mr. Slaton requests the opportunity for oral argument on this issue.[1]

---

[1] The Estates of Ronald L. Bonniville, William Thomas Bryant, and Clarence McConnell recently filed their Memorandum in Opposition to Motion for Partial Summary Judgment which explains in detail that this court lacks subject matter jurisdiction to determine the damages of a personal injury or wrongful death claim. Given the fact that the jurisdiction arguments which apply to Slaton are nearly identical to those set forth in the prior Memorandum in Opposition, he adopts the arguments made

-1-

Mr. Slaton files this response without waiving the argument this court lacks subject matter jurisdiction to hear issues regarding personal injury and wrongful death damages. The argument has been presented to the court in detail in the Memorandum in Opposition to the Motion for Summary Judgment recently filed in the case and the argument is hereby incorporated by reference as if completely set forth in this brief.

## INTRODUCTION

This action arises from a collision in the upper Chesapeake Bay between the freighter M/V A.V. KASTNER, and a tug-and-tow combination of the tug BUCHANAN 14, the tug SWIFT, and the dredge JECKYL ISLAND. Four crewmen aboard the tug SWIFT died in the collision; three others were injured, including Jeffrey M. Slaton. All were employed by Norfolk Dredging Company ("Norfolk Dredging"), which owned and operated the tug SWIFT.

Jeffrey M. Slaton asserted personal injury claims against Norfolk Dredging, and also against Gypsum Transportation, Limited, which owned and operated the A.V. KASTNER; Captain Timothy Cober, who piloted it; Buchanan Trust, which owned the BUCHANAN 14; and Buchanan Marine, L.P., which operated the Buchanan vessel. (For ease of reference, Norfolk Dredging Company, Gypsum Transportation, Capt. Cober, and the two Buchanan entities will be collectively referred to herein as "the Defense Interests".) The Estates of McConnell, Bonniville and William Bryant asserted wrongful death claims against them as well. The

---

in the Brief in Opposition and suggests oral argument could be conducted conveniently

personal injury and wrongful death claims were brought in the Circuit Court for the City of Norfolk, Virginia. The Defense Interests then filed limitation of liability actions, which have been consolidated in this Court and Jeffrey M. Slaton has filed a Claim and Answer in the consolidated case.[2]

Now pending before the Court is the Motion filed by the Defense Interests for Physical, Mental and Vocational Rehabilitation Examinations of Jeffrey M. Slaton. Mr. Slaton opposes the motion on both procedural and substantive grounds.

Procedurally, the motion seeks relief which this Court lacks the power to grant. This Court's authority in the limitation of liability action is limited to determining whether the members of the Defense Interests are entitled to limit their liability and, if so, the amount of the limitation fund and the percentage of the fund for which each vessel interest is responsible. It is beyond this Court's jurisdiction to determine the nature and extent of personal injury or wrongful death damages. Mr. Slaton has not placed his damages at issue in this forum. His case was brought in Virginia state court and is stayed pending resolution of the limitation of liability issues in the case at bar. Moreover, Mr. Slaton challenges the timeliness of the request for physical and mental examinations.

Substantively, the Court must deny the motions because the Defense Interests failed to comply with the requirements of Fed. R. Civ. Pro. 35 entitled "Physical and Mental Examinations of Person." Not only are Mr. Slaton's physical

---

at the same hearing.

[2]The Estates of McConnell, Bonniville, and William Bryant also filed Motions for Judgment in Virginia State Court.

and mental conditions not in controversy which Rule 35 requires, the Defense Interests have not and cannot demonstrate just cause for the requested examinations. Just cause is also a requirement of Rule 35. The motions must be denied.

### ARGUMENT

I. **This Court Lacks Subject Matter Jurisdiction and is Without Authority to Determine Personal Injury and Wrongful Death Damage Issues; Thus, the Physical and Mental Condition of Slaton is Not in Controversy in this Civil Action**

The Defense Interests have moved for physical and mental examinations and for a vocational evaluation of Jeffrey M. Slaton pursuant to Fed.R.Civ.P. 35(a), which provides:

> **When the mental or physical condition of a party . . . is in controversy**, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . .. The order may be made **only on motion for good cause shown** and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. (Emphasis added.)

The motion seeks relief which this Court lacks the power to grant because Mr. Slaton's physical and mental conditions are not in controversy in this action. Mr. Slaton filed his claims in Norfolk Circuit Court under the Jones Act and general maritime law. The Defense interests filed their limitation of liability actions in this court, all of which were consolidated into this civil one action.[3] Slaton's state court

---

[3]The one exception was Norfolk Dredging Company, which originally filed its

action is stayed by order of this court pending resolution of the issue of whether the individual members of the Defense Interests are entitled to limitation of liability.[4]

Although the Limitation of Liability Act[5] required Slaton to file a claim and answer in each of the limitation cases, he has not chosen to bring his damage claims in this court.  Mr. Slaton could bring his claim in this court in one of two ways.  First, he was entitled to file a separate action against the defendants and seek consolidation into the case at bar.  Second, he was entitled to file a claim in this action invoking Admiralty Rule 9(h).  Either action would have placed his damage claims in controversy before this court.  He did neither, but instead chose to leave his claims in the Virginia forum of his choice.[6]  He is involuntarily in Baltimore.

Moreover, nothing in the language of the Limitation of Liability Act gives the vessel owners the right to place Mr. Slaton's physical and mental state at issue.[7]  Only Mr. Slaton can do so, and at no point has Mr. Slaton invoked the Court's admiralty jurisdiction.  To the contrary, he has consistently asserted his right to trial

---

limitation complaint in U.S. District Court for the Eastern District of Virginia.  It was transferred later to the jurisdiction of this court.

[4]There is an order filed in each of the limitation actions which stays all proceedings against each entity seeking limitation of liability.  Because they are of record in this court, Slaton will not enumerate them here.

[5]46 U.S.C. Appx. § 181 et seq.

[6]Because the Motion for Partial Summary Judgment remains pending with this Court so the issue has not been decided, out of an abundance of caution, Slaton was forced to name damage experts in this Case.

[7]Id.

by jury in state court.[8]  This Court's authority under the Limitation of Liability Act thus conflicts with the "saving to suitors" clause of 28 U.S.C. § 1333(1), conferring upon federal courts jurisdiction over admiralty and maritime claims, but "saving to suitors in all cases all other remedies to which they are otherwise entitled."  Lewis v. Lewis & Clark Marine, Inc. 531 U.S. 438, 448, 121 S. Ct. 993, 1001, 148 L. Ed. 2d 921 (2001) ("tension exists between the saving to suitors clause and the Limitation Act. One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court").  In order to accommodate these conflicting rights, federal jurisdiction is to be exercised only to the extent necessary to protect the vessel owner's right to seek limitation of liability.  Lewis v. Lewis & Clark Marine, Inc., supra, 531 U.S. at 452, 121 S. Ct. at 1003.[9]

Proof of Claimant Slaton's damages is not an element of proof in the limitation of liability action[10].  Only the limitation claims are pending before this court.  Thus, Slaton's physical and mental states are not in controversy in this action.  Because the Court lacks power and authority to hear the damages claims, the Defense Interests automatically fail to meet the burden of the "in controversy" requirement of Rule 35.  Their motion for physical and mental examinations must therefore be denied.  The Defense Interests are not entitled to the examinations in

---

[8]See Answer and Defenses of Jeffrey M. Slaton, Fifth Defense.

[9]As stated before, the arguments regarding jurisdiction are elucidated in great detail in the Memorandum in Opposition to Motion for Partial Summary Judgment.

[10]46 U.S.C. Appx. § 181 et seq.

this litigation.

## II. The Defense Interests Must Demonstrate "Good Cause" for the Examinations, Which They Cannot Do

Even if the mental and physical condition of Mr. Slaton were in controversy, the motion must be denied because the Defense Interests have not demonstrated "good cause" as required by Rule 35. In <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 118, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964), the Supreme Court stated good cause

> requires an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

In addition, in <u>Guilford Nat'l Bank of Greensboro v. Southern Ry. Co.</u>, 297 F.2d 921, 924 (4th Cir. 1962), the United States Court of Appeals for the Fourth Circuit stated

> the specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b). Thus, by adding the words 'showing good cause therefore,' the Rules indicate that there must be greater showing of need under Rules 34 and 35 than under the other discovery rules.

See <u>Acosta v. Tenneco Oil Co.</u>, 913 F. 2d 205, 209 (5th Cir. 1990)(denying defendant's motion for vocational rehabilitation examination for lack of good cause where defendant was in possession of information it sought); <u>Stanislawski v. Upper River Services, Inc</u>., 134 F.R.D. 260, 262 (D. Minn. 1991) (denying defendant's motion for Rule 35 examination for lack of good cause

because defendant had been allowed access to all of plaintiff's medical records, had taken plaintiff's deposition and had been provided information about plaintiff's education, experiences and medical disability); Shumaker v. West, 196 F.R.D. 454, 457 (S.D. W.Va. 2000)(holding the defendant could obtain the information sought from sources other than a psychological/vocational expert and denying defendant's motion); (Dobkin v. The Johns Hopkins Univ., 1995 U.S. Dist. LEXIS 4458, March 24, 1995)(Allowing a Rule 35 mental examination only because insufficient records existed upon which an evaluation could be based.)

The Defense Interests were provided ample evidence of the mental, medical and vocational conditions of Mr. Slaton. They were given or allowed access to all of Mr. Slaton's medical and psychological records. List of Medical Records Provided, Exh. 1. They were provided detailed reports of all treating physicians, most of whom were engaged by Slaton's defendant/employer, Norfolk Dredging Company. In October of 2002, they spent approximately four hours deposing Mr. Slaton primarily regarding fact issues surrounding the collision and also questioned him about his education and work history on that day.[11] Then on January 7, 2003, they spent another four hours deposing Mr. Slaton and his wife extensively concerning his injuries, medical treatment, and mental state relating to the collision as well as probing deeply into the effects the injuries have made on his life and work, and past injuries and complaints. See, generally, Dep. of Jeffrey Slaton and Mrs. Slaton, Jan. 7, 2003. They also have been provided detailed information concerning Slaton's education and work history in the form of interrogatory answers,

---

[11] Slaton Deposition, Oct. 8, 2002. Education background, p.9, l. 19 to p. 10, l. 25; employment history, p. 11, l. 1 to p. 20, l. 10.

his Norfolk Dredging Company personnel file, and the detailed vocational report of Charles DeMark. Clearly, the Defense Interests are in possession of sufficient information upon which any experts they have engaged may rely in reaching and rendering their opinions.

Moreover, it is clear the request is pretext, for the Defense Interests do not even attempt to meet the good cause requirement for the requested examinations. In their Memorandum in Support of the current motions, the Defense Interests give no justification whatsoever for requesting the examinations other than their desire to rebut the opinions of Slaton's named experts. In fact, many of Mr. Slaton's treating physicians, including Anthony J. DiStasio, the orthopaedic surgeon who performed the rotator cuff surgery on Mr. Slaton's shoulder, were selected or approved by Norfolk Dredging during pendency of this litigation. Why should the Defense Interests (which includes Norfolk Dredging) be permitted additional examinations of Mr. Slaton, when his examination and treatment were performed by a physician selected by the Defense in the first place?

The desire of the Defense Interest to conduct unsupervised interviews of Mr. Slaton is not just cause for a compulsory physical or mental examination of him. Such examinations by their very nature are personal and intrusive. It is for this reason the Defense Interests are required by Rule 35 to demonstrate a greater need -- in the form of "just cause"-- prior to the Court allowing such an intrusion.

Lastly, as to the vocational assessment, the evaluation is not connected with any physical or mental examination, which are the only examinations contemplated by Rule 35. A mere vocational assessment is beyond the scope of Rule 35.

Adequate evidence already exists upon which Barbara Byer can based her review. See Storns v. Lowe's Home Centers, Inc., 211 F.R.D. 296, 2002 U.S. Dist. Lexis 29038 (W.D. Va. 2002)  Based upon the holdings in the cases set forth above, and following the teachings of Schlagenhauf, it is clear the Defense Interests have failed to meet the burden of Rule 35 good cause and their requests must be denied.

### III.     The Time for Rule 35 Discovery Has Expired

The motion for physical, mental and vocational examinations filed by the Defense Interests is untimely.   The Scheduling Order imposed by this court included a May 30, 2003 deadline for completion of discovery.  The  parties agreed to and the Court permitted extensions of the cut off date for several specific purposes, notably to accomplish the remaining Rule 30(b)(6) depositions, fact witness depositions for witnesses who were difficult to contact and vessel inspections.  The parties had long requested those items.  Each of the exceptions had not been accomplished for valid reasons, for example, the M/V KASTNER inspection had to be conducted at a time when the vessel was in a convenient port for a length of time sufficient for the inspection by parties and their experts.  The requests were made prior to the cutoff and agreed to by the parties and the Court.

On the other hand, at no time prior to the discovery cutoff did any member of the Defense Interests request Rule 35 physical or mental examinations nor did they request examination and testing by a vocational rehabilitation expert.  They were fully aware of Mr. Slaton's claims relating to medical issues and loss of earnings and earning capacity issues.  Indeed, the defense interests spent considerable time in January, 2003 taking Mr. Slaton's deposition regarding those

-10-

very complaints and most of his medical records were provided to them prior to that time and have since been supplemented.  Furthermore, Mr. Slaton's claims filed in this matter and also his discovery responses alerted them to his complaints.

      In spite of clear notice of his claims given to the Defense Interests months prior to the factual discovery deadline of May 30, the first time they requested the examinations was in a letter dated August 19, 2003, a copy of which is attached to the motion filed by the Defense Interests.  The request was made nearly three months after the discovery deadline had come and gone.  They had no reason to wait until August to request the Rule 35 examinations.  In spite of Mr. Slaton's refusal to submit voluntarily to the examinations at this late date, another month passed subsequent to the initial request before the movants filed their motion with this Court, although, in all candor, during part of the time the parties were attempting to resolve the dispute. Absent a court order, the Defense Interests cannot compel Mr. Slaton to attend a defense medical examination.  Fed. R. Civ. Pro. 35; <u>Riensch v. Union Pacific R. Co.</u>, 12  F. Supp. 1136 (D. Colo. 1998). The Defense Interests' motion now seeks to expand the time allowed by the Scheduling Order and should be denied.

      Rule 35 examinations are discovery tools subject to the discovery deadlines imposed by Rules 16 and 26.  (<u>Romero v. Boyd Bros. Trans. Co.</u>, 1994 U.S. Dist. LEXIS 12341, Sept. 12, 1994) (denying defendant's motion to compel Rule 35 physical examination as untimely because it was filed after the discovery cut off.)  In fact, one of the major purposes of scheduling orders is to promote certainty within the litigation.  <u>Fed. R. Civ. P. 16</u>.   The very fact that Rule 35 appears in the

Rules of Civil Procedure for United States District Courts under Part V "Depositions and Discovery" is further evidence the rule is intended to be categorized as discovery. Nothing in the scheduling order relative to this case gives the Defense Interests the right to compel the requested examinations beyond the discovery cutoff of May 30, 2003. At a minimum, they were required to request the examinations prior to that date, which they failed to do.

**IV     The Defense Interests Failed to Comply with the Requirements of Rule 35**

In addition to the requirements that the physical or mental state be "in controversy" and that "just cause" must be shown by the movant, Rule 35 also requires great specificity regarding the details of the proposed examinations. The Defense Interests failed to give the required detail.

Rule 35 in part states: "The Order may be made only . . . upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed. R. Civ. Pro. 35. The notices given to Mr. Slaton provided no detail whatsoever about the manner, conditions and scope of the requested examinations. Without the required information, the notices are defective and the motion must be denied.

**CONCLUSION**

Defense Interests' Motion for Physical, Mental and Vocational Rehabilitation Examinations of Slaton should be denied for the reasons addressed above.

            JEFFREY M. SLATON


          By <u>s/ Robert M. Schwartzman</u>
            Of Counsel


C. Arthur Rutter, III, Esquire, VSB #36827
Deborah C. Waters, Esquire, VSB #28913
Rutter Mills L.L.P.
160 West Brambleton Avenue
Norfolk, Virginia  23510
(757) 622-5000
(757) 623-9189 (fax)

Robert M. Schwartzman, Esquire
Federal Trial Bar # 01092
Lord & Whip, P.A.
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 539-5881
(410) 685-6726 (fax)


## **CERTIFICATE OF MAILING**

   On this 25th day of September, 2003, I hereby certify that the foregoing was electronically filed and delivered via postage prepaid U.S. first class mail to:

M. Hamilton Whitman, Jr., Esquire
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, MD 21202

John A. V. Nicoletti, Esquire
Nicoletti, Hornig, Campise & Sweeney

Wall Street Plaza
88 Pine Street
New York, NY 10005-1801

Attorneys for Gypsum Transportation, Limited

J. Stephen Simms, Esquire
Simms Showers, LLP
Twenty South Charles Street, Suite 702
Baltimore, MD 21201-3754

Patrick M. Brogan, Esquire
Davey & Brogan, P.C.
101 Granby Street, Suit 300
P.O. Box 3188
Norfolk, VA 23514-3188

John T. Ward
Ward Kershaw
113 W. Monument Street
Baltimore, MD 21201

Attorneys for Buchanan Marine L.P. and
A.P. Franz Trustee of the Buchanan Trust

David H. Sump, Esquire
Crenshaw, Ware & Martin, P.L.C.
1200 Bank of America Center
Norfolk, VA 23510-2111

David W. Skeen, Esquire
Wright, Constable and Skeen, LLP
100 N. Charles, 16th Floor
Baltimore, MD 21201-3812

Attorneys for Norfolk Dredging Company

A. Davis Bugg, Jr., Esquire
Rumsey & Bugg, P.C.
Irvington Road, P.O. Box 720
Irvington, Virginia 22480

Attorney for Estate of Ronald Bonniville

John Hughes Cooper, Esquire
John Hughes Cooper, P.C.
1808 Middle Street
P.O. Box 395
Sullivan's Island, SC 29482

Cain Denny, Esquire
Cain Denny, P.A.
P.O. Box 1205
Charleston, SC 29402

Attorneys for Estate of Clarence McConnell

Thomas B. Shuttleworth, Esquire
Shuttleworth, Ruloff, Giordano & Swain, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23452

Attorney for Estate of Justin Bryant

James W. Bartlett, III, Esquire
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, MD 21202

Attorney for Timothy M. Cober

Ralph Rabinowitz, Esquire
Rabinowitz, Swartz, Taliaferro, Swartz & Goodove, P.C.
Town Point Center, Suite 800
150 Boush Street
P.O. Box 3332
Norfolk, VA 23514

Paul D. Bekman, Esquire
Israelson, Salsbury, Clements & Bekman, LLC
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201

Attorneys for Troy Link
and Dennis Wallace

Robert M. Schwartzman, Esquire
Federal Trial Bar # 01092
Lord & Whip, P.A.
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201