IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| | * | |
| v. | * | |
| | | Consolidated cases under |
| M/V A.V. KASTNER, etc., *et al.*, | * | Civil Action No.:  WMN-02-662 |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY TO JEFFREY M. SLATON'S
MEMORANDUM IN OPPOSITION TO THE
MOTION FOR PHYSICAL, MENTAL AND
<u>VOCATIONAL REHABILITATION EXAMINATIONS</u>**

Gypsum Transportation Ltd., the Buchanan Trust, Buchanan Marine, L.P., Norfolk Dredging Company and Timothy Cober (collectively "Movants"), by their undersigned counsel hereby replies to Jeffrey M. Slaton's Memorandum in Opposition to the Motion for Physical, Mental and Vocational Rehabilitation Examinations ("Slaton's Opposition").

**I.    INTRODUCTION**

In opposition to the examinations requested by Movants pursuant to Rule 35 of the Federal Rules of Civil Procedure, Jeffrey M. Slaton ("Slaton") essentially makes the following two arguments:  1) this Court lacks subject matter jurisdiction over Slaton's damages; and 2) the requested examinations are improper under Rule 35.  As discussed in

more detail below, Slaton's arguments are incorrect, and the requested examinations should move forward.

II.    **THIS COURT HAS JURISDICTION OVER THIS CASE AND HAS THE POWER TO RULE ON SLATON'S DAMAGES**

Slaton first argues that this Court lacks jurisdiction over his damages and that only a Virginia state court may address such issues. The jurisdictional issues raised by Slaton have already been fully briefed in connection with the pending Motion for Partial Summary Judgment. The Movants do not choose to repeat their arguments, but do incorporate them herein by reference. *See* Reply to Claimants' Opposition to Motion for Partial Summary Judgment. However, Slaton's Opposition does make some misstatements and also omits pertinent information as to jurisdictional issues. Movants will briefly address such misstatements and omissions.

   A.   **Slaton Incorrectly States That A Virginia State Court Action Is Pending**

In an apparent effort to bolster his argument that only a Virginia state court may address his damages, Slaton tells this Court that his case "was brought in Virginia state court and is stayed pending resolution of the limitation of liability issues in the case at bar." *See* Slaton Opposition at 3. That statement is both incorrect and quite misleading.

Slaton did file an action against Gypsum Transportation Ltd., the Buchanan Trust and Buchanan Marine L.P. (three of the five Movants) in a Virginia state court. He never filed an action in Virginia state court against the remaining Movants, Norfolk Dredging Company and Timothy Cober. The action he did file in Virginia state court was removed to federal court in Virginia and was later dismissed without prejudice. The dismissal

order for this Virginia action is attached hereto as Exhibit A.  Thus, Slaton has no action pending in a Virginia state court, against any of the Movants, where he could theoretically assert such damages.  Moreover, Slaton has also prayed a jury trial in this Court.

### B. Slaton Has Been An Active Participant In The Damage Aspects Of This Case For Twenty Months

This case has been pending almost twenty months and is set for trial in less than five months.  Slaton has actively participated in the taking of depositions of fact damage witnesses, has recently disclosed damage expert witnesses as well as their reports, and has requested several extensions of the Court's Discovery Schedule.[1]  Moreover, the other personal injury claimants have already submitted to independent medical examinations by experts selected by Movants.  Additionally, a maintenance and cure motion relating to damage issues is presently pending before this Court.  Simply put, Slaton cannot pick and choose what he will and will not do in this proceeding as to his claimed damages.

### III. MOVANTS HAVE ACTED PROPERLY UNDER RULE 35

Slaton also argues that, under Rule 35, Movants have acted outside of the Scheduling Order, that "good cause" is lacking and that Slaton has not been provided proper notice.  As will be discussed below, Slaton is again wrong.

### A. The Motion Was Timely Filed

---

[1] Notwithstanding Slaton's election to pursue discovery on damages in this Court, it is clear that permitting such discovery to proceed in the instant action serves the interests of judicial economy and encourages settlement discussion among the parties.  *See Petition of Trinidad Corp.*, 238 F. Supp. 928, 934 (E.D. Va. 1965) ("The claimants cannot be prejudiced through the medium of discovery as to damages.  If they have

Slaton's claim that Movants have acted outside of the Scheduling Order is absolutely incorrect. Slaton essentially argues that examinations by medical/vocational rehabilitation experts selected by Movants should have taken place prior to the May 30, 2003 factual discovery cut off. Incredibly, Slaton fails to mention the actual deadlines that govern this issue, the deadlines for expert discovery. Specifically, under the present Scheduling Order, Slaton's expert reports were due on September 9, 2003, Movants' rebuttal reports are due on October 17, 2003 and expert depositions must be completed by December 15, 2003. Movants have acted diligently and in good faith in an effort to abide by these dates. Indeed on August 19, 2003, almost 2 months prior to the due date for rebuttal reports from experts selected by Movants and 4 months prior to the end of expert discovery, Movants first approached counsel for Slaton about arranging for examinations. This early contact was initiated to provide Slaton with ample notice of such examinations and because of the very busy schedules of the experts selected by Movants, some of whom would require the reports of others to assist them in issuing their own reports.

Close analysis of various cases cited by Slaton actually reveal that Movants actions were correct and timely. In both *Romero v. Boyd Brothers Tran. Co.,* No. 93-0085-H, 1994 U.S. Dist. LEXIS 13241 (W.D. Va. Sept. 12, 1994) and *Shumaker v. West*, 196 F.R.D. 454 (S.D. W.Va. 2000), unlike this case, the requested examinations would have occurred after the deadline for expert disclosures. As noted above, Movants in the instant case sought their Rule 35 examinations well in advance of the deadlines for expert

---

sustained serious and permanent injuries, the early disposition of their cases should be encouraged, not

disclosure. Thus, Slaton's argument that the Rule 35 Motion is somehow "untimely" is without justification.[2]

Slaton also argues that the examinations could have occurred prior to the May 30, 2003 factual discovery deadline. This argument is senseless, as much of Slaton's expert material was not even provided to Movants until September 9, 2003. Indeed, two of Slaton's five designated medical/vocational rehabilitation experts (Dr. Michael L. Stutts, and vocational rehabilitation expert Charles DeMark), as well as their reports were not even revealed to Movants until September 9, 2003. Moreover, the Movants were not provided final reports from Slaton's other medical/ vocational rehabilitation experts until September 9, 2003. Under Slaton's rationale, if he had been examined prior to May 30, he would likely have had to be re-examined after he provided the various reports on September 9, 2003.

### B. Good Cause Exists For Granting These Examinations

Slaton also argues that "good cause" under Rule 35 does not exist for the Court to order the examinations.[3] This position is again in error. Slaton is seeking millions of dollars in damages in this matter primarily related to his claim that he is unable to return to work on the water as a seaman because of a shoulder injury, Post Traumatic Stress

---

impeded").

[2] Moreover, timing alone is not sufficient to defeat the motion if it is otherwise properly brought, and if the interests of the plaintiff can be protected adequately. *Bennett v. White Laboratories, Inc.*, 841 F. Supp. 1155, 1157 (M.D. Fla. 1993).

[3] Notably, the plaintiff does not dispute that his mental and physical conditions are "in controversy" for the purposes of a Rule 35 examination, thus, the Movants assume that this prong of the test has been satisfied. Indeed, the issue is not whether Mr. Slaton should submit to physical and mental examinations, but whether the Movants are entitled to obtain additional independent examinations.

Disorder, and an unspecified neurological problem.  He has designated four medical experts and one vocational rehabilitation expert to testify on such issues.

Underscoring a court's decision to grant a Rule 35 motion is the need to ensure a "'level playing field' between the parties in their respective efforts to appraise the plaintiff's psychological [and physical] state."  *Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D. Minn. 1993) (citing *Looney v. National Railroad Passenger Corp.*, 142 F.R.D. 264, 265 (D. Mass. 1992)).  Indeed,

> [i]n the absence of Rule 35, the Defendants' challenge to the physical or mental condition of the Plaintiff could only be advanced through the questioning of his treating or consulting health care professionals.  The promulgators of Rule 35 obviously concluded that, under these circumstances, the crucible of cross-examination was an insufficient test of the truth, and accordingly, independent examinations, which could be undertaken only upon the agreement of the parties or at the discretion of the Court, were prescribed.

*Tomlin,* 150 F.R.D at 632.

Among the factors a court may consider in determining whether "good cause" exists for a Rule 35 examination is whether the party to be examined intends to prove its claim though the elicitation of expert testimony.  The law is clear that where a plaintiff intends to introduce expert testimony on his mental or physical state, the defendant should be permitted to appraise the plaintiff's proffered testimony with its own expert opinion.  *Ricks v. Abbott Labs.*, 198 F.R.D. 647, 650 (D. Md. 2001) (noting that had the plaintiff sought to introduce expert testimony on her mental state, "I would probably grant Defendant's request for a mental examination so that Defendant could meet Plaintiff's expert testimony with its own") (citing *McKitis v. Defazio*, 187 F.R.D. 225, 227 (D. Md. 1999) (noting that the plaintiff's intent to call several medical experts as

witnesses supported the Court's decision to require plaintiff to undergo an independent medical examination at the defendant's request).  As noted above, Slaton has designated five medical/vocational rehabilitation type witnesses.

Slaton also claims that the requested examinations are not necessary because Movants were provided Slaton's medical and psychological records and have also deposed Slaton and his wife.  Slaton fails to mention that, at the time of his depositions many months ago, he had not provided any of his final expert reports to the Movants and that as noted above some of these reports were only just provided in the last several weeks.  Moreover, Slaton did not provide four of the five Movants with his psychological records until after the factual discovery cut-off.  Courts have found that even the voluminous production of medical records and reports "does not necessarily negate the defendant's interest in an independent examination of the plaintiff." *Duncan v. Upjohn Co.,* 155 F.R.D. 23, 25 (D. Conn. 1994).  Indeed, "[o]nly if no additional relevant information could be gained by an examination of [plaintiff] should the motion for a psychiatric examination be denied." *Id.  See also Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964) (holding availability of information from another source is a relevant consideration).  In *Tangires v. The Johns Hopkins Hospital*, No. H-98-4181, 1999 U.S. Dist. LEXIS 15461, at *7, (D. Md. July 6, 1999), the Court rejected the plaintiff's claim that the defendant failed to establish good cause for examinations, finding that a review of paper records "would hardly be sufficient to enable a defendant to mount a proper defense to plaintiff's claims."  The Court stressed "there are few, if any, acceptable

substitutes for personal physical examination." *Id.* at 8 (*citing Bennett v. White Laboratories, Inc.*, 841 F. Supp. 1155, 1158 n.2 (M.D. Fla. 1993).

Slaton also argues that the Movants' request for a vocational assessment should be denied because it is "unconnected" to a mental or physical examination. *Storms v. Lowe's Home Centers, Inc.*, 211 F.R.D. 296, 298 (W.D. Va. 2002). *Storms* can be distinguished from the case at bar in that the Movants seek a vocational assessment of Slaton as part of the range of other medical and psychological examinations sought in this case. Clearly, results of the vocational assessment are "connected" to and informed by the results of the physical and mental evaluations.

### C. Slaton Had Ample Notice Of The Scope, Manner, And Conditions Of The Proposed Examinations

Finally, Slaton claims that the Movants have failed to provide him adequate notice of the proposed assessments because the Motion does not specify the manner, conditions, and scope of the requested examinations. Slaton's argument is baseless. All such information has been provided to Slaton. *See* Memorandum in Support of Motion for Physical, Mental and Vocational Rehabilitation Examination of Jeffrey M. Slaton and attached Exhibits. Moreover, an extensive explanation of the scope, manner and conditions of the proposed examination are not necessarily prerequisites for a court to grant the motion. *See Sauer v. Burlington Northern Railroad Co.*, 169 F.R.D. 120, 124 n.4 (D. Minn. 1996) (noting that while a strict construction of Rule 35 would require that the time, place, manner, conditions, scope and name of the examiner be included in the order, "this aspect of a Rule 35(a) Order is routinely deferred to the parties so that they might accommodate each other's interests and the Plaintiff's availability"). As such,

Slaton cannot now be heard to argue that he was somehow prejudiced by any lack of an extensive discussion of the scope, nature, and conditions of the exams in the Rule 35 Motion filed September 16.

## IV.  CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court Order Mr. Slaton to submit to the requested examinations.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____<br>M. Hamilton Whitman, Jr. (No. 00373)<br>Robert B. Hopkins (No. 06017)<br>Charles A. Diorio (No. 26369)<br>OBER, KALER, GRIMES & SHRIVER<br>A Professional Corporation<br>120 E. Baltimore Street<br>Baltimore, Maryland 21202-1643<br>(410) 685-1120<br>(410) 547-0699 (facsimile)<br>Attorneys for Gypsum Transportation<br>   Limited | _____/s/_____<br>John A. V. Nicoletti<br>Michael J. Carcich<br>NICOLETTI, HORNIG, CAMPISE & SWEENEY<br>Wall Street Plaza<br>88 Pine Street<br>New York, New York 10005-1801<br>(212) 220-3830<br>(212) 220-3780 (facsimile)<br><br>Attorneys for Gypsum Transportation<br>   Limited |
| _____/s/_____<br>James W. Bartlett, III (No. 00017)<br>Alexander M. Giles (No. 25474)<br>Semmes, Bowen & Semmes, P.C.<br>250 W. Pratt Street, 16th Floor<br>Baltimore, MD 21201-2423<br>(410) 539-5040<br><br>Attorneys for Captain Timothy M. Cober | _____/s/_____<br>J. Stephen Simms (No. 4269)<br>Simms Showers LLP<br>20 S. Charles Street, Suite 702<br>Baltimore, MD  21201<br>(410) 783-5795<br><br>Attorneys for Buchanan Marine, L.P. and The Buchanan Trust |

| | |
|---|---|
| _____/s/_____<br>Patrick M. Brogan<br>Davey & Brogan, P.C.<br>101 Granby Street, Suite 300<br>Norfolk, VA  23514-3188<br>(757) 622-0100<br><br>Attorneys for Buchanan Marine, L.P. and The Buchanan Trust | _____/s/_____<br>John T. Ward, Esquire<br>Ward Kershaw<br>113 W. Monument Street<br>Baltimore, Maryland 21201<br><br>Attorneys for Buchanan Marine, L.P. and The Buchanan Trust |
| _____/s/_____<br>David W. Skeen, Esquire<br>Stephen J. White, Esquire<br>Wright, Constable & Skeen, LLP<br>One Charles Center, 16th Floor<br>100 N. Charles Street<br>Baltimore, Maryland 21201-3812<br><br>Attorneys for Norfolk Dredging Company | _____/s/_____<br>David H. Sump, Esquire<br>Crenshaw, Ware & Martin, PLC<br>1200 Bank of America Center<br>One Commercial Place<br>Norfolk, VA 23510<br><br>Attorneys for Norfolk Dredging Company |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of October, 2003, a copy of the Reply to Jeffrey M. Slaton's Memorandum in Opposition to the Motion for Physical, Mental and Rehabilitation Examinations was served electronically on certain counsel of record by way of the court's electronic filing system and was mailed and faxed to the counsel of record listed below:

| | |
|---|---|
| John A. V. Nicoletti, Esq.<br>Michael J. Carcich, Esq.<br>NICOLETTI, HORNIG, CAMPISE & SWEENEY<br>Wall Street Plaza<br>88 Pine Street<br>New York, New York 10005-1801<br><br>Attorneys for Gypsum Transportation Limited | C. Arthur Rutter, III, Esquire<br>Deborah C. Waters, Esquire<br>Rutter, Walsh, Mills & Rutter, LLP<br>415 St. Paul's Boulevard, Suite 700<br>Norfolk, VA 23510<br><br>Attorneys for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell |
| Peter G. Decker, Jr., Esquire<br>Decker, Cardon, Thomas, Neskis<br>Decker Building<br>201 E. Plume Street<br>Norfolk, VA 23510<br><br>Attorneys for Jeffrey Slaton, the Estate of William Thomas Bryant | Ralph Rabinowitz, Esquire<br>Rabinowitz, Swartz, Taliaferro, et al.<br>Town Point Center<br>150 Boush Street<br>Norfolk, VA 23510<br><br>Attorneys for Troy A. Link and Dennis Wallace |
| A. Davis Bugg, Jr., Esquire<br>Rumsey & Bugg, P.C.<br>Irvington Road<br>P.O. Box 720<br>Irvington, VA 22480<br><br>Attorneys for the Estate of Ronald L. Bonniville | Cain Denny, Esquire<br>Cain Denny, P.A.<br>P.O. Box 1205<br>Charleston, SC 29402<br><br>Attorneys for the Estate of Clarence McConnell |
| Thomas B. Shuttleworth, Esquire<br>Shuttleworth, Ruloff, Giordano,<br>4525 South Boulevard, Suite 300<br>Virginia Beach, VA 23452<br><br>Attorneys for the Estate of Justin Maurice Bryant | John Hughes Cooper, Esquire<br>1808 Middle Street<br>P.O. Box 395<br>Sullivan's Island, SC 29482<br><br>Attorneys for the Estate of Clarence McConnell |

| | |
|---|---|
| Patrick M. Brogan, Esquire<br>R. Arthur R. Jett, Jr., Esquire<br>Davey & Brogan, P.C.<br>101 Granby Street, Suite 300<br>P.O. Box 3188<br>Norfolk, VA 23514-3188<br><br>Attorneys for Buchanan Marine, L.P. and<br>A.P. Franz, Trustee of The Buchanan Trust | Johnnie L. Cochran, Jr., Esquire<br>J. Farrest Taylor, Esquire<br>Cochran, Cherry, Givens & Smith, P.C.<br>163 West Main Street<br>P.O. Box 927<br>Dothan, AL 36302<br><br>Attorneys for the Estate of Justin Maurice Bryant |

David H. Sump, Esquire
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
One Commercial Place
Norfolk, VA 23510

Attorneys for Norfolk Dredging Company


　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　M. Hamilton Whitman, Jr.