LEXSEE 1994 US DIST LEXIS 13241

**HUMBERTO HURTADO ROMERO, Plaintiff, v. BOYD BROTHERS TRANSPORTATION CO., INC., Defendant.**

**CIVIL ACTION NO. 93-0085-H**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA, HARRISONBURG DIVISION**

*1994 U.S. Dist. LEXIS 13241*

**September 12, 1994, Decided
September 12, 1994, Filed, Entered**

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** [*1] For HUMBERTO HURTADO ROMERO, plaintiff: Melvin Bruce Wallinger, Daniel Leroy Fitch, WHARTON, ALDHIZER & WEAVER, HARRISONBURG, VA.

For BOYD BROTHERS TRANSPORTATION CO., INC., defendant: Richard S. Tweedie, Timothy J. Abeel, PALMER, BIEZUP & HENDERSON, PHILADELPHIA, PA.

**JUDGES:** Michael, Jr.

**OPINIONBY:** JAMES H. MICHAEL, JR.

**OPINION:**

MEMORANDUM OPINION

JUDGE JAMES H. MICHAEL, JR.

The plaintiff in this case suffered severe injuries when the car in which he was travelling ran into the trailer of one of the defendant's trucks. At the time of the accident, the trailer of the truck extended across the lane of oncoming traffic, and the truck's cab faced the plaintiff's approach, with its headlights shining in the middle of the night. Having failed to seek a Rule 35 motion to compel a medical examination of the plaintiff within the discovery cut-off date, and having failed to depose the plaintiff's expert witnesses and designate experts for the defense within the cut-off date, the defendant now seeks relief from this court.

The defendant has filed motions objecting to the July 12, 1994, Order of Magistrate Judge Crigler denying the defendant's motion to compel a medical examination of the plaintiff and granting the [*2] plaintiff's motion to clarify the Magistrate's previous discovery order establishing the cut-off date for designating and deposing expert witnesses. Said objections having been lodged in a timely and appropriate manner, the court is required to set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

I. Medical Examination

On February 4, 1994, Magistrate Judge Crigler entered an order establishing the pretrial schedule in this case. Under the Order the discovery cut-off date was set at June 30, 1994. The defendant found an ophthalmologist to examine the plaintiff on June 17, 1994, whereupon the defendant provided a formal Notice of Medical Examination to the plaintiff on June 22. On June 27, the plaintiff filed an Objection to Medical Examination. On July 1, one day after the close of discovery, the defendant filed a Motion to Compel Plaintiff to Submit to a Physical Examination. The Magistrate Judge denied the motion.

The defendant argues that the condition of the plaintiff's eyesight is central to the question of damages, and therefore the defendant has satisfied the good cause requirement for a motion to compel [*3] a physical examination under Fed. R. Civ. P. 35. In response, the plaintiff argues that the discovery cut-off bars the medical examination; the defendant had the option of filing a Rule 35 motion so that the examination would

Case 1:02-cv-00662-WMN   Document 191-4   Filed 10/01/2003   Page 2 of 3

Page 2
1994 U.S. Dist. LEXIS 13241, *

take place within the discovery schedule, but failed to do so.

The defendant has not demonstrated that its failure to obtain the required Rule 35 motion in a timely manner was the product of excusable neglect that justifies granting its motion to compel after the close of discovery. The defendant's argument that it ran into difficulty obtaining an ophthalmologist with no conflicts in this case is unconvincing. The defendant has presented no evidence showing the court when it started searching for qualified doctors, how many doctors the defendant contacted, and how many doctors refused to conduct the examination. In any case, the defendant never notified the court of its difficulties until after discovery had closed.

Neither has the defendant demonstrated that the delay was in any way attributable to the plaintiff. The plaintiff had no obligation to show up at the defendant's scheduled examination without a court order. Moreover, there is no evidence to support [*4] the defendant's allegations that the plaintiff withheld information relating to "additional testing" of the plaintiff, or that the defendant required this information to determine that an ophthalmological exam of the plaintiff would be necessary for the defendant's case.

There is no excuse for the defendant's failure to timely file a Rule 35 motion to compel the medical examination of the plaintiff. Even if the evidence supported the defendant's contention that it faced difficulties in obtaining an examining physician, it is clear that by June 17 the defendant had secured such a doctor. At that time, up to the close of discovery, nothing prevented the defendant from filing the appropriate motion to insure that the examination would take place within the discovery limits.

II. Expert Witnesses

The Magistrate's Pretrial Order set the cut-off date for identification of expert witnesses at June 1, 1994, and set the discovery cut-off date at June 30. Although this case was filed after the effective date of the 1993 amendments to the Federal Rules of Civil Procedure, which do not apply retroactively to this case, the pretrial Order inadvertently stated that

> all disclosures required by [*5] the 1993 amendments to Fed. R. Civ. P. 26 shall be made within the periods fixed by this Order.

On July 5, 1994, after the close of discovery, the Magistrate Judge addressed the plaintiff's Motion to Clarify Pretrial Order sua sponte, and ruled that the pre-1993 Rules apply to this case.

The defendant failed to depose the plaintiff's expert witnesses within the periods fixed by the Pretrial Order. The defendant now argues that it was misled into believing that the plaintiff had to provide initial disclosures, pursuant to the amendments to Rule 26, before the defendant could conduct discovery. Since the defendant did not conduct discovery of the plaintiff's witnesses in supposed reliance on the Order's reference to the post-1993 Rules, the defendant argues that it had insufficient information upon which to designate its own expert witnesses. The defendant now argues that the Magistrate's Order granting the plaintiff's motion to clarify the Pretrial Order in this case will unjustly prevent the defendant from deposing the plaintiff's experts and designating expert witnesses for the defense.

Contrary to the defendant's assertions, the evidence suggests that the defendant understood [*6] that the pre-1993 rules govern this case. The plaintiff's counsel sent a letter to counsel for the defendant stating that the pre-1993 Rules apply. The defendant's counsel did not question this belief. Moreover, the pretrial procedure in this case, including discovery conducted by the defendant of the plaintiff's expert witnesses, has clearly followed the pre-1993 Rules. Additionally, despite the fact that the Pretrial Order states that all discovery must end on June 30, which plainly contradicts the procedures for expert discovery under the new Rule 26, the defendant never sought clarification from the court.

The evidence also shows, however, that the Pretrial Order at issue followed the plaintiff's letter to the defendant and also followed the defendant's discovery of the plaintiff's expert witnesses. Therefore, the defendant may have been under the impression that the pre-1993 Rules applied before the Magistrate issued the Pretrial Order, but then have been confused afterward. Since the new rules prevent discovery of experts until the plaintiff provides initial disclosures, the defendant may have been misled into missing the discovery deadline.

Given the potential for confusion [*7] created by the Order, and considering the prejudice the defendant will suffer if prohibited from discovering the plaintiff's expert witnesses and designating rebuttal experts, the court will allow some additional discovery. The defendant will be allowed to depose the plaintiff's expert witnesses and designate experts for the defense in accordance with the Order of this court.

An appropriate Order shall issue.

James H. Michael, Jr.
District Judge

September 12, 1994
Date