LEXSEE 1999 US DIST LEXIS 15461

**DIMITRA TANGIRES, Plaintiff, vs. THE JOHNS HOPKINS HOSPITAL, Defendant**

**CIVIL NO. H-98-4181**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

*1999 U.S. Dist. LEXIS 15461*

**July 6, 1999, Decided**
**July 6, 1999, Filed**

**DISPOSITION:** [*1] Defendant's motion for an order requiring plaintiff to submit to physical examination granted.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For DIMITRA TANGIRES, plaintiff: Christopher W. Mahoney, Law Office, Washington, DC.

For DIMITRA TANGIRES, plaintiff: Robert Brager, Beveridge and Diamond, Baltimore, MD.

For DIMITRA TANGIRES, plaintiff: Christina Guerola Sarchio, Terry F. Quill, Beveridge & Diamond, PC, PH, Washington, DC.

For THE JOHNS HOPKINS HOSPITAL, defendant: Elizabeth G. Jacobs, Serotte, Rockman & Wescott, PA, Baltimore, MD.

**JUDGES:** Alexander Harvey II, Senior United States District Judge.

**OPINIONBY:** Alexander Harvey II

**OPINION:**

MEMORANDUM OPINION

In this civil action, plaintiff Dimitra Tangires ("Tangires") is seeking damages and other relief under the Americans With Disabilities Act of 1990, as amended, *42 U.S.C. § 12101,* et seq. (the "ADA") and the Rehabilitation Act of 1973, as amended, *29 U.S.C. § 794* et seq. (the "Rehabilitation Act") Named as the defendant is The Johns Hopkins Hospital ("Johns Hopkins"), plaintiff's former employer.

In Count I of the complaint, plaintiff Tangires alleges that defendant Johns Hopkins denied her request for accommodation [*2] in violation of provisions of the ADA and the Rehabilitation Act. Count II alleges that defendant, because of plaintiff's disability, failed to promote her or assign her preferred work projects despite her qualifications and favorable evaluations in violation of provisions of the ADA and the Rehabilitation Act. In Count III, it is alleged that defendant terminated plaintiff from her position as Senior Interior Designer and discriminated against her because of her known disability in violation of provisions of the ADA and the Rehabilitation Act.

Pursuant to a Scheduling Order and a Revised Scheduling Order entered by the Court, the parties have been engaged in discovery. Pending before the Court is defendant's motion for an order requiring plaintiff to submit to a physical examination. n1 Memoranda and exhibits in support of and in opposition to this pending motion have been filed by the parties. No hearing is necessary for a decision. See Local Rule 105.6. For the reasons stated herein, defendant's motion for an order requiring plaintiff to submit to a physical examination will be granted.

> n1 Recently, defendant has also filed a motion seeking an order requiring plaintiff to submit to a mental examination. That motion has not been briefed as yet and is not addressed in this Memorandum Opinion.

[*3]

Case 1:02-cv-00662-WMN    Document 191-5    Filed 10/01/2003    Page 2 of 3

Page 2
1999 U.S. Dist. LEXIS 15461, *

Defendant's pending motion has been brought under the provisions of Rule 35(a) of the Federal Rules of Civil Procedure, which provides as follows:

> (a) ORDER FOR EXAMINATION. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The principles to be applied by a court in deciding whether a defendant is entitled to obtain an order compelling a physical or mental examination of the plaintiff were discussed by the Supreme Court at some length in *Schlagenhauf v. Holder, 379 U.S. 104, 118-19, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964).* A defendant must establish that the plaintiff's [*4] physical condition or mental condition is "in controversy" and must show "good cause" for the physical or mental examination. Id. Mere conclusory allegations of the pleadings and mere relevance of the results of the examination are not sufficient. *Id. at 118.* In order to adequately demonstrate the existence of the Rule's requirements of "in controversy" and "good cause," the movant must produce sufficient information so that the district judge can fulfill the function mandated by the Rule. *Id. at 119.*

On the record here, this Court concludes that defendant Johns Hopkins has satisfied its burden of demonstrating that the plaintiff's physical condition is "in controversy" and that "good cause" exists for the conduct of the requested physical examination. The very nature of the case itself suggests that defendant is entitled to the order sought by defendant. In seeking relief under the ADA and the Rehabilitation Act, plaintiff has alleged that she has suffered from various disabilities, including acute bronchial asthma and chronic obstructive pulmonary disease. Plaintiff's physical condition is in controversy as a result of these allegations. Indeed, [*5] in this case, the allegations are not merely conclusory and themselves would be sufficient to meet the requirements of Rule 35(a). As the Supreme Court noted in Schlanghauf, a plaintiff who asserts mental or physical injury in a negligence action places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of the asserted injury. *Id. at 119.* The same principles would apply in a case like this one brought under the ADA and the Rehabilitation Act.

In any event, defendant has on the record here pointed to more than plaintiff's allegations in support of its requested order. In answers to interrogatories, plaintiff, in describing how defendant's alleged faulty air system exacerbated her medical disability, stated that she suffered acute exacerbations of asthma and bronchitis as a direct result of her exposure. Plaintiff is here seeking damages for her pain and suffering occurring over a period of six years from 1993 through 1998. Damages are also sought for medical expenses in 1993 and 1994. In describing in her answers to interrogatories the pain and suffering which [*6] she has alleged in the complaint, plaintiff has stated that defendant's discriminatory practices caused her to suffer a great deal of pain, both physically and emotionally. Her illnesses ranged from frequent colds and flu to pneumonia and a collapsed lung. When taken to the emergency room on several occasions, plaintiff suffered "a great deal of physical pain." After her employment was terminated, she feared that she would be faced with "being ill" with no financial support from an employer.

Clearly, the physical condition of plaintiff is in controversy in this case. Moreover, the Court is satisfied that defendant has shown good cause for the requested physical examination. Significant issues in the case include whether plaintiff had a disability under the ADA and the Rehabilitation Act, whether defendant's air system exacerbated her physical condition and whether reasonable accommodations were or could be made by defendant for such physical condition.

In *Ali v. Wang Laboratories, Inc., 162 F.R.D. 165 (M.D. Fla. 1995),* the plaintiff sought damages and other relief under the ADA. In answers to interrogatories, plaintiff described the injuries and other ailments which [*7] led to the existing disability. *Id. at 168.* The Court found that both plaintiff's current physical condition and his past physical condition had been placed in controversy and that good cause existed for a physical examination in the case. Similarly in this case, defendant Johns Hopkins has shown that it is entitled to the entry of an order requiring plaintiff Tangires to submit to a physical examination. Plaintiff argues that the Ali case is distinguishable because the plaintiff there sought reinstatement as well as damages under the ADA. The Court must disagree. In reaching its decision, the Ali court did not rely on the fact that the plaintiff was in that case seeking reinstatement. The reasoning of the Ali court is applicable both to a claim under the ADA for

damages and to a claim under the ADA for reinstatement.

Plaintiff also argues that defendant has the ability to obtain the desired information concerning her physical condition by other means, namely by reviewing the medical records of plaintiff produced during discovery. But such other means would hardly be sufficient to enable defendant to mount a proper defense to plaintiff's claims. See [*8] *Bennett v. White Laboratories, Inc., 841 F. Supp. 1155, 1158 (M.D. Fla. 1993).* Counsel for defendant "has not had the benefit of an examination whose judgment counsel knows and respects." Id. In a case like this one, significant questions arise concerning the credibility of the parties' expert witnesses. When it comes to the credibility of a medical expert, "there are few, if any, acceptable substitutes for a personal physical examination." Id. n2

---

n2 Plaintiff's reliance on *De Crescenzo v. Maersk, 741 F.2d 17, 21 (2d Cir. 1984)* and *Moore v. Calavar Corp., 142 F.R.D. 134, 135-36 (W.D. La. 1992)* is misplaced. The issue in both of those cases was whether the defendant had shown good cause for the entry of an order requiring the plaintiff to submit to a second or additional physical examination after an initial one had been performed. See *142 F.R.D. at 135.*

---

For the reasons stated, defendant's motion for an order requiring plaintiff to submit [*9] to a physical examination will be granted. Accordingly, the Court has today entered the Order submitted by defendant.

Alexander Harvey II

Senior United States District Judge

DATED: July 6, 1999

ORDER

Upon consideration of Defendant The Johns Hopkins Hospital's Motion for an Order Requiring Plaintiff Dimitra Tangires to Submit to Physical Examination, the Memorandum in support thereof, and any Opposition thereto, it is this 6th day of July, 1999

ORDERED, that the past and current physical condition of Plaintiff Dimitra Tangires is in controversy, and it is further

ORDERED, that good cause exists to support the Motion, and it is further

ORDERED, that the Motion for an Order Requiring Plaintiff Dimitra Tangires to Submit to Physical Examination is hereby GRANTED, and it is further

ORDERED, that Plaintiff Dimitra Tangires appear at the office of Philip Witorsch, M.D. at Georgetown University Medical Center, 3800 Reservoir Road, N.W., Washington, D.C. 20007 on Thursday, July 15, 1999 at 9:30 a.m. for the laboratory work and at 1:00 p.m. for the remainder of the physical examination and on such succeeding dates and times as determined necessary by Dr. Witorsch for [*10] the physical examination of Plaintiff Dimitra Tangires, and it is further

ORDERED, that the physical examination will be such as in the opinion of Dr. Witorsch necessary to determine the past and present physical condition of Plaintiff and will include taking a detailed history, conducting a complete physical examination, obtaining pulmonary function studies on Plaintiff, drawing veinus blood and performing in vitro testing on same, and taking a chest x-ray to determine whether Plaintiff Dimitra Tangires is suffering or suffered from any Acute Bronchial Asthma, Chronic Obstructive Pulmonary Disease and/or any related disorders; the diagnosis of any such physical disorder; whether Plaintiff's ability to breathe is and was substantially limited; whether there was any accommodation for Plaintiff which Defendant could have provided to Plaintiff; and whether Plaintiff's employment with Defendant exacerbated such physical conditions, and it is further

ORDERED, that no individuals other than Dr. Witorsch, Plaintiff Tangires and Dr. Sorrell Schwartz may be physically present in the examination room during the examination, and it is further

ORDERED, that the costs of the examination shall [*11] be borne by Defendant.

Alexander Harvey II

Judge

United States District Court