IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NORFOLK DREDGING COMPANY          :
                                  :
v.                                : Civil Action WMN-02-662
                                  :
M/V A.V. KASTNER, et al.          :

**MEMORANDUM AND ORDER**

Before the Court is a motion for physical, mental and vocational rehabilitation examinations of Jeffrey M. Slaton filed by Gypsum Transportation Ltd., the Buchanan Trust, Buchanan Marine, L.P., Norfolk Dredging Company, and Captain Timothy M. Cober (collectively "Movants").[1]  The motion has been fully briefed and is ripe for decision.  Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6), and that Movants' motion will be granted.

Slaton presents two basic arguments in opposition to the motion.  The first is that this Court lacks subject matter jurisdiction over personal injury damage issues and so Slaton's physical and mental condition is not in controversy

---

[1] The motion, Paper No. 176, also included a request for a shortened time period to respond.  This request was dealt with via telephone conference on September 17, 2003, and the subsequent response and reply have now been submitted.

in this action.[2]  The second concerns several permutations of alleged shortcomings of the Movants' motion under Federal Rule of Civil Procedure 35.  At this juncture in the proceedings, the Court cannot agree that either of Slaton's concerns warrant a delay of the planned examinations.

Assuming without deciding that Slaton's jurisdictional argument has some merit, there are no findings of fact or proper stipulations currently before the Court to guide its resolution of this discovery dispute.  It strikes the Court as completely unworkable that discovery be halted now based on the possibility that a future finding concerning a vessel owner's privity of knowledge might deny the right to limit liability and divest this Court of jurisdiction.  The effect of Slaton's jurisdictional argument in this instance would be to stop discovery until findings of fact are made, potentially in the middle of a trial.  Judicial economy warrants against such an exercise.

Similarly, the Court acknowledges that the filing of proper protective stipulations _might_ give it discretion to allow Slaton's personal injury action to proceed in a state court forum.  There is no evidence presently before the Court,

---

[2]Both Slaton and Movants reference, and the Court has considered, arguments on this point made more fully in their briefs concerning partial summary judgment.

however, that any protective stipulations are now in place. While the Supreme Court recognized in <u>Lewis v. Lewis & Clark Marine, Inc.</u>, 531 U.S. 438, 448 (2001), that "[s]ome tension exists between the saving to suitors clause and the Limitation Act[,]" they also clarified that the decision as to the exercise of jurisdiction is discretionary, not mandatory as characterized by Slaton.[3]  This Court concludes that it cannot exercise its discretion to impede discovery based on events that might occur at some point in the future.  Furthermore, the proposed examinations could be useful to the parties in any subsequent actions that might be brought outside of this Court's jurisdiction, and will be helpful in promoting current settlement discussions.

　　　As to the Rule 35 disputes, Slaton first argues that the Movants lack good cause to compel him to submit to additional expert examinations.  The Court is persuaded that "level playing field" concerns provide Movants with sufficient good

---

[3] The court specifically held that, "[t]he district courts have jurisdiction over actions arising under the Limitation Act, and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court.  If the district court concludes that the vessel owner's right to limitation will not be adequately protected – where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims – the court may proceed to adjudicate the merits, deciding the issues of liability and limitation." <u>Id.</u> at 454.

cause to conduct their own examinations when Slaton has already designated medical, psychological and vocational experts who are prepared to testify on his behalf.  See McKitis v. Defazio, 187 F.R.D. 225, 227 (D.Md. 1999); Tomlin v. Holecek, 150 F.R.D. 628, 632 (D.Minn. 1993).

Slaton's citations to contrary positions regarding vocational rehabilitation examinations are particularly unpersuasive because their holdings do not deal with similar facts to those at issue in this case.  See, e.g., Acosta v. Tenneco Oil Co., 913 F.2d 205, 209 (5th Cir. 1990)(involving an age discrimination plaintiff who alleged neither physical nor emotional damages and so had not put his mental or physical condition in controversy); Storms v. Lowe's Home Centers, Inc., 211 F.R.D. 296, 298 (W.D.Va. 2002)(involving a vocational assessment that was unconnected to a physical or mental examination).  Here, Slaton alleges both mental and physical damages and has designated a vocational expert to testify in conjunction with his medical experts.  Under such circumstances, the Court finds that good cause exists to allow Movants the opportunity to have Slaton examined by their own medical and vocational experts.

Slaton's remaining lines of reasoning address the form and timing of the motion for examinations under Rule 35.  His basic

4

contentions are that Movants' request should have been made prior to the factual discovery deadline of May 30, 2003, rather than using the deadline for expert disclosures as a guide, and that the notices to Mr. Slaton lack sufficient detail.  The Court finds no merit in either argument.

Accordingly, IT IS this 8th day of October, 2003, hereby ORDERED:

1.  That the Movants' Motion for Physical, Mental and Vocational Rehabilitation Examinations of Jeffrey M. Slaton is GRANTED; and

2.  That the Clerk of the Court shall transmit copies of this Memorandum and Order to all counsel of record.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　William M. Nickerson
　　　　　　　　　　　　　　　　Senior United States District Judge

Dated: October 8, 2003