UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
WILLIAM M. NICKERSON
SENIOR UNITED STATES DISTRICT JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
FAX 410-962-2577

October 10, 2003

To all Counsel

    Re: <u>Norfolk Dredging Co. v. M/V A.V. Kastner, et. al.</u>
        Case No. WMN-02-662

Dear Counsel:

    Pending before me is the Motion for Partial Summary Judgment, Paper No. 150, filed on behalf of Gypsum Transportation, Ltd.; Buchanan Trust; Buchanan Marine, L.P.; and Captain Timothy Cober (collectively "Movants") to foreclose the recovery of various elements of non-pecuniary damages including loss of society, loss of consortium, grief, and other emotional conditions or losses ("loss of society") allegedly suffered by the personal injury and death claimants. The estates of deceased seamen Ronald Bonniville, William Thomas Bryant, Clarence McConnell, and Justin Bryant ("Claimants") oppose the motion.

    After carefully reviewing the pleadings, the Court notes that Claimants have withdrawn their loss of society claims against Norfolk Dredging Company, the only Jones Act employer in this action, so that only loss of society claims against non-employer defendants remain. The Court has considered the case of <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19 (1990), and the divergent lines of authority emanating therefrom concerning the availability of loss of society claims against non-employer defendants. The Court finds no precedent controlling which line of authority must be followed and does not believe that either line of cases represents what could be considered a "majority view."

    Accordingly, the Court finds a hearing would be helpful to guide its decision in this matter. The Court is specifically interested in the relevant policy arguments supporting the contrary positions on loss of society damages against non-employer defendants of injured or deceased seamen.

To be clear, the Court is not requesting oral argument as to jurisdictional issues raised in the pleadings, nor does it desire oral argument on the pleadings before the Court concerning Maintenance and Cure.  Instead, the Court would like the parties to address in detail the policy reasons for choosing to make available or to withhold loss of society claims under the circumstances of this case.

    I will have a scheduling conference by telephone with counsel for Movants and Claimants on Tuesday, October 14th at 10:30 a.m..  Counsel for Movants should initiate that call.  The Court is available for a hearing to be scheduled on either the 16th or 17th of October or in early November.

    Although this letter is informal in nature, it is an order of the Court and shall be docketed as such.

                              Very truly yours,

                                  /s/

                              William M. Nickerson
                              Senior United States District Judge