IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| NORFOLK DREDGING COMPANY, * | |
| Plaintiff, * | |
| v. * | |
| M/V A.V. KASTNER, etc., *et al.*, * | Consolidated cases under Civil Action No.: WMN-02-662 |
| * | |
| Defendants. | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SUBMISSION ON CASE PROCEDURES

Counsel for all parties having conferred and exchanged correspondence at the request of the Court concerning issues of case management and procedure at trial, but no final agreement having been reached, the following description of the various parties' positions is offered for the Court's consideration. For ease of reference, the personal injury and wrongful death claimants are referred to herein as "PI Claimants," the limitation plaintiffs are referred to as "Vessel Owners," and the Vessel Owners together with Third-Party Defendant Captain Cober and Claimant Beltship Management Limited are referred to herein as "Defense Parties." Gypsum Transportation Limited, Beltship Management Limited, the M/V A.V. KASTNER and Captain Timothy Cober are referred to collectively hereinafter as the "KASNTER interests."

A. The Recoverability Of Non-Pecuniary Items Of Damage By Wrongful Death Claimants.

The Court has pending before it a Motion relating to the recoverability of non-pecuniary items of damage by the PI Claimants against non-Jones Act defense parties. The Court has scheduled a hearing for November 14, 2003 for argument on this Motion. The parties anticipate that the Court will take the matter under advisement and will in due course rule on whether such damages are recoverable. An interlocutory appeal might be sought, pursuant to 28 U.S.C. § 1292, following the Court's ruling.

B. Issues To Be Submitted At Trial.

The case is currently scheduled for a four-week trial commencing February 2, 2004. Norfolk Dredging originally filed its Complaint for collision damages, in case WMN-02-662, against the M/V A.V. KASTNER and against her Owner, Gypsum Transportation Limited. Subsequently, the Vessel Owners all filed complaints for exoneration from or limitation of liability and also filed claims in each other's respective limitation cases, all of which have been consolidated. There is some disagreement over how the case should proceed on issues of liability and limitation, and there is major disagreement as to how the case should proceed on damage issues.

Most of the parties are in agreement that the Court can and should proceed to decide all issues of liability and limitation of liability. Most of the parties concur that the Court should decide relative proportions of comparative fault as well as whether any party is entitled to exoneration from or limitation of liability. Certain of the PI Claimants, however, have taken the position that "the Court is not permitted to decide

pure exoneration as it relates to any claimants who have not subjected themselves to the jurisdiction of the Court through the filing of a true Complaint, a true Answer or a Claim which invokes Rule 9(h)."[1]

There is substantial disagreement on the question of presentation of damages at trial. The Defense Parties are in agreement that the trial scheduled for February, 2004 should include proof of all allowable damage claims. The PI Claimants have taken the position that evidence on damages, at least for the personal injury and wrongful death claimants, cannot be presented unless and until the Court has ruled on limitation. It appears to be the position of the PI Claimants that this Court must first rule on limitation, after which it is their contention that they should be permitted to proceed in another forum of their choosing, at least as against any entity for whom the Court denies limitation of liability.

It is the position of the KASTNER interests that such a procedure would be unworkable in this complex case. The Vessel Owners are claimants vis-à-vis each other, not only for their own property or business damages but also for contribution or indemnity for the personal injury and wrongful death claims against them, and there is no possibility that all Claimants will agree to enter into stipulations which could protect the right to seek limitation. There is also an undoubted potential for conflicting results if the PI Claimants' cases were to be peeled off and tried in various other jurisdictions. Moreover, the Court will be required to "strike the balance" between each party's

---

[1] This position has been advanced by C. Arthur Rutter, III, Esquire on behalf of Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell.

respective claim and its liability before proceeding to apply limitation. See Healy and Sweeny, The Law of Marine Collision, pp. at 393-395 (copy attached). We submit that the only way to adequately protect the Vessel Owners' right to seek limitation of liability is for this Court to retain and try all of the claims in this case.

C.  Order Of Proof At Trial.

This Court's Local Admiralty Rule f(2) establishes an order of proof at trial for a limitation action. The Rule provides that the "party asserting a claim against the vessel or owner ... shall proceed with its proof first, as is normal at civil trials." In this case, however, all of the Vessel Owners are also asserting claims against each other. The KASTNER interests suggest, therefore, that the Vessel Owners proceed first, as claimants, followed by the PI Claimants.

The KASTNER interests suggest that a logical order of proof at trial would be for Norfolk Dredging Company to proceed first (as first-to-file as named plaintiff in the Consolidated Action caption, and as having the largest claim of the Vessel Owners), followed by Buchanan Marine and then the KASTNER interests, followed by the PI Claimants in the order they desire.  (Norfolk Dredging has suggested that the PI Claimants should go first in the order of presentation.)

In the first round of proof, all claimants would present their proof as to liability and causation against any other parties and as to their own lack of fault, and all claimants would also put on their evidence of damages, just as in a normal trial. All parties concerned would also put on evidence of limitation fund valuation.

In the second round of proof, all parties would be permitted to present rebuttal evidence as to issues raised in the first round, including evidence to show the Vessel Owners' lack of privity and knowledge of any fault attributable to them.

D.   Miscellaneous Issues.

The Court will be called upon to allocate a percentage of comparative fault to Captain William "Bo" Bryant, who was the Captain of the Tug SWIFT and who died in the collision, because any recovery to which his wrongful death claimants would otherwise be entitled must be reduced by his degree of comparative fault. For purposes of claims against his employer Norfolk Dredging Company, any fault of Captain Bryant would be attributable to Norfolk Dredging.

Efforts continue to reach settlements between the Defense Parties and some or all of the PI Claimants. To the extent that such settlements are reached prior to trial, the amounts of those settlements will be included as claims to be allowed by the Court at trial.

Mr. Rutter has requested that the Court be advised that his participation in any pretrial agreement on order of proof that would permit Vessel Owners to go first at trial is contingent upon the Vessel Owners' remaining truly adverse in their claims against each other.

E.   Pretrial Order and Scheduling Order.

We suggest that it would be useful to clarify certain items in the Amended Scheduling Order and in Local Rule 106 as follows:

1.  The Pretrial Conference will be held on January 19, 2004 as scheduled, despite the fact that that day is a Court holiday. The Pretrial Order is due in chambers January 14, 2004.

2.  Whether voir dire and jury instructions are required will depend upon the Court's determination of whether damages are to be tried at this time, and whether a jury trial will be held on those damages. So far as the KASTNER interests are aware, all parties are agreed that liability and limitation issues will be tried to the Court without a jury. If the Court were to decide that a jury trial is called for on damages, the order of proof could readily be arranged to have a jury empaneled to hear only the damages testimony, which could be put on immediately after (or even before) the evidence on liability and limitation.

3.  No clarifications are required in Paragraph 3 of the Amended Scheduling Order.

4.  For purposes of Paragraph 4 of the Amended Scheduling Order, all parties shall file and serve exhibit lists not later than January 19, 2004.

5.  For purposes of Local Rule 106.2.a., all claimants shall be considered "plaintiffs." For purposes of Local Rule 106.2.b., all Limitation Plaintiffs and Captain Cober shall be considered "defendants." All statements that would otherwise be covered by Local Rule 106.2.c. shall be made as plaintiffs or as defendant.

6.  For purposes of Local Rule 106.3, Norfolk Dredging Company shall be considered "plaintiff." The plaintiff's draft of the pretrial order shall be served no

later than December 30, 2003. All other parties' input shall be served no later than January 8, 2004.

       7.    It is anticipated that various parties may desire to take <u>de benne esse</u> videotape depositions of their own expert witnesses, or of fact witnesses whose discovery depositions have been taken but whose presence at trial cannot be secured. Such <u>de benne esse</u> depositions are not considered discovery and are not subject to discovery cut-off dates.

                                      /s/
M. Hamilton Whitman, Jr., Trial Bar No. 00373
Robert B. Hopkins, Trial Bar No. 06017
Charles A. Diorio, Trial Bar No. 26369
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
(410) 547-0699 (facsimile)

John A. V. Nicoletti
Michael J. Carcich
Terry L. Stoltz
NICOLETTI, HORNIG, CAMPISE & SWEENEY
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
(212) 220-3830
(212) 220-3780 (facsimile)

Attorneys for Gypsum Transportation Limited and Beltship Management Limited

/s/
———————————————
James W. Bartlett, III, Esquire
Alexander M. Giles, Esquire
Semmes, Bowen & Semmes
250 W. Pratt Street, 16th Floor
Baltimore, Maryland 21202

Attorneys for Maryland Bay Pilot,
Timothy M. Cober
