**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
<u>NORTHERN DIVISION</u>**

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY | * | |
| Plaintiff | * | |
| | | Consolidated Cases Under |
| v. | * | |
| | | Civil Action No. WMN-02-662 |
| M/V A.V. KASTNER, etc., et al. | * | |
| Defendants | * | |
| | * | * | * |

**NORFOLK DREDGING COMPANY AND BUCHANAN
<u>TOWING COMPANY PROPOSED ORDER OF PROCEEDING</u>**

Norfolk Dredging Company proposes the following method of handling the proceedings relating to Norfolk Dredging Company v. M/V A.V. KASTNER *et al.*, Consolidated Civil Action Nos. WMN-02-CV000662:

a.  As is set forth in the learned treatises on limitation proceedings and our local Admiralty Rule LAR(f)(2)[1], claimants shall proceed first to prove allegations of negligence against the vessel interests.  As all the litigants except Timothy Cober are claimants in the action, Mr. Cober would necessarily proceed with his case only after the claimants have rested.

b.  Norfolk asserts that claimants shall proceed in the order of magnitude of their claims.  For instance, the crew claimants have asserted claims in excess of $25

---

[1] See Gilmore and Black, Second Edition "The Law of Admiralty" pp. 895-6; **The Seminole**, 317 U.S. 406 at 409 (1943); LAR(f)(2) provides "the party asserting a claim against the vessel or owner…shall proceed with its proof first, as is normal at civil trials."

million against the various vessel interests.  Since these claims clearly dominate the liability aspects of the case, it would be appropriate for the crew claimants to proceed to assert their claims first.  Also, since Norfolk has the largest property and damage claim among the vessel interests, and because Norfolk was not operating and navigating any of the vessels directly responsible for the collision, it would be appropriate for Norfolk to present its case immediately following the crew claimants.  Those claimants who were primarily responsible for the safe navigation of the vessels, and coincidentally those parties with the smallest property and damage claims, should proceed to prove their claims only after the crew claimants and Norfolk have completed their case in chief.

c.     Claimants shall present evidence bearing on their factual contentions, expert opinions on liability, expert opinions on vessel valuation where applicable, and evidence bearing on privity and knowledge of vessel owners as part of their case in chief.  Claimants, including crew claimants, shall also present evidence of damages in their case in chief.

d.     At the conclusion of claimants' cases, Mr. Cober will be provided an opportunity to present his case in defense of any claims asserted against him.  Following Mr. Cober's case in defense, all parties will be provided an opportunity to put on any rebuttal evidence.

e.     At the conclusion of the rebuttal evidence, the Court shall determine the following:

    i)     whether liability has been established against any of the vessel interests, and, if not, a determination of exoneration must be made;

ii)    if liability has been found against any vessel interest, the degrees

       of fault for each party must be determined;

iii)   the amount of allowable and proven damages asserted by each

       claimant must be determined;

iv)    for those parties not exonerated, whether limitation is granted if the

       damages alleged exceed the maximum possible limitation funds;

v)     for those parties granted limitation, the amount of the limitation

       fund and supplemental fund, if any; and

vi)    the distribution of the fund.


_____/s/_____
David W. Skeen #01084


_____/s/_____
Wright, Constable & Skeen, LLP
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, Maryland  21201-3812
Telephone:  (410) 659-1305
Fax:  (410) 659-1350
Attorneys for Norfolk Dredging Company


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this  13th  day of November, 2003, a true and correct copy of the
foregoing Proposed Order of Proceeding was e-mailed or mailed via first class mail to:

| | |
|---|---|
| Paul D. Bekman, Esquire<br>Israelson, Salsbury, Clements & Bekman, LLC<br>300 W. Pratt Street, Suite 450<br>Baltimore MD  21201<br><br>Counsel for Troy A. Link and Dennis Wallace | Ralph Rabinowitz, Esquire<br>Rabinowitz, Swartz, Taliaferro,<br> Lewis, Swartz & Goodove, P.C.<br>Town Point Center<br>150 Boush Street<br>Norfolk, VA  23510<br><br>Counsel for Troy A. Link and Dennis Wallace |

| | |
|---|---|
| Robert M. Schwartzman, Esquire<br>Lord & Whip, P.A.<br>Charles Center South<br>36 South Charles Street, 10th Floor<br>Baltimore, MD 21201<br><br>Counsel for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell | C. Arthur Rutter, III, Esquire<br>Deborah C. Waters, Esquire<br>Rutter, Walsh, Mills & Rutter, LLP<br>415 St. Paul's Boulevard<br>Norfolk, VA 23510<br><br>Counsel for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell |
| Thomas B. Shuttleworth, Esquire<br>Shuttleworth, Ruloff, Giordano & Swain, P.C.<br>4525 South Boulevard, Suite 300<br>Virginia Beach, VA 23452<br><br>Counsel for the Estate of Justin Maurice Bryant | Peter Ayers Wimbrow, III, Esquire<br>4100 Coast Highway<br>Ocean City, MD 21842<br><br>Counsel for the Estate of Justin Maurice Bryant |
| J. Stephen Simms, Esquire<br>Simms Showers LLP<br>20 South Charles Street, Suite 702<br>Baltimore, MD 21201<br><br>Counsel for Buchanan Marine, L.P. and A.P. Franz, Trustee of The Buchanan Trust | Patrick M. Brogan, Esquire<br>Davey & Brogan, P.C.<br>101 Granby Street, Suite 300<br>Norfolk, VA 23510<br><br>Counsel for Buchanan Marine, L.P. and A.P. Franz, Trustee of The Buchanan Trust |
| James W. Bartlett, III, Esquire<br>Semmes, Bowen & Semmes<br>250 W. Pratt Street, 16th Floor<br>Baltimore, MD 21202<br><br>Counsel for Timothy M. Cober | Robert B. Hopkins, Esquire<br>Ober, Kaler, Grimes & Shriver, P.C.<br>120 East Baltimore Street<br>Baltimore, MD 21202<br><br>Counsel for Gypsum Transportation |

_____/s/_____
David W. Skeen

DWS.NORFOLK.PROP.ORD.PROCEED.lan