# W&S

Wright, Constable & Skeen, L.L.P.   Attorneys at Law

One Charles Center, 16th Floor • 100 N. Charles Street • Baltimore, Maryland 21201-3812 • 410-659-1300 • Fax 410-659-1350

November 21, 2003

Douglas G. Worrall
Michael J. Abromaitis
Monte Fried
James W. Constable
David W. Skeen
Robert W. Hesselbacher, Jr.**
James D. Skeen*
Kenneth F. Davies
Stephen F. White
Lois Fenner McBride
Frederick L. Kobb
Paul F. Evelius
Mary Alice Smolarek*

Associates
  Michael A. Stanley
  Howard S. Stevens*
  Victoria August
  Joy K. Sakellaris

Of Counsel
  Francis N. Iglehart
  P. McEvoy Cromwell

  Wm. P. Constable (1882-1976)
  John D. Wright (1903-1976)

Towson Office
  307 West Allegheny Avenue
  Towson, Maryland 21204-4258
  Phone   410-825-0750
  Fax     410-825-0715

www.wcslaw.com

WRITER'S DIRECT DIAL/E-MAIL
(410)659-1336/dskeen@wcslaw.com

The Honorable William M. Nickerson
United States District Court
for the District of Maryland
3rd Floor, Room 330
101 West Lombard Street
Baltimore, Maryland  21201

  Re: Norfolk Dredging Company v.
    M/V A.V. KASTNER, et al.
    <u>Civil Action No. WMN-02-662</u>

Dear Judge Nickerson:

  Norfolk Dredging Company did not participate in the argument before you on November 14, 2003 regarding whether it is permissible to award crew claimants' non-pecuniary damages against the third party vessel owners. As the Jones Act employer for the crew claimants, all parties agree that Norfolk Dredging is not liable to pay loss of society or other non-pecuniary damages to its employers or their estates. However, a statement was made by Hamilton Whitman, Esquire, counsel for Gypsum Transportation Limited and M/V A.V. KASTNER, that requires a Norfolk Dredging Company response before the Court rules on this issue.

  Mr. Whitman asserted in the argument that just as Norfolk Dredging Company would seek contribution for maintenance and cure expenses from the third party vessel interests, an expense for which payment is the exclusive duty of the Jones Act employer, the third party vessel interests would also seek contribution from Norfolk Dredging Company for payment of non-pecuniary damages. Consequently, awarding non-pecuniary damages against the third party vessel interests would result in the Jones Act employer paying non-

*Admitted in the District of Columbia and Maryland
*Admitted in the District of Columbia, Maryland and Virginia

137213 v. (10065.00001)

The Honorable William M. Nickerson
November 21, 2003
Page 2

pecuniary damages through contribution, a result not envisioned by the drafters of the Jones Act.

Norfolk Dredging Company is compelled to respond to this argument to ensure the Court has a complete record when weighing its decision on this matter. It was held in *Simeon v. Smith & Son, Inc. et al,* 852 F.2d 1421 (5th Cir. 1988) that a third party vessel owner held liable for loss of consortium damages to the spouse of an injured deckhand was not entitled to contribution from the Jones Act employer. *Id.* at 1434. The court determined that contribution between joint tortfeasors was only permissible when the tortfeasors shared a "common legal liability." *Id.* The court determined that because the Jones Act limited an employee's recovery to pecuniary damages, the loss of consortium damages were not a common legal liability between the third party vessel owner and the Jones Act employer and therefore could not be recovered in contribution.

The *Simeon* decision, permitting a spouse of a Jones Act seaman to recover non-pecuniary losses from a non-employer third party, may have been overruled by *Miles v. Apex Marine,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2 275 (1990). *See Phillips v. Water Towing, Inc.*, 620 So.2d 1387 (La.App. 4 Cir. Jun 30, 1993). However, the premise of "common legal liability" remains unchanged.

In the course of the litigation it will be necessary for the Court to determine whether the damages for which Norfolk Dredging Company seeks contribution are permissible damages. However, in the context of the issue before the Court, Norfolk Dredging Company believed it was important to inform the Court regarding previous court decisions regarding seeking contribution for non-pecuniary damages from Jones Act employers.

Very respectfully,

/s/

David W. Skeen

DWS.NORFOLK.KASTNER.NICK.LTR.lan

146922 v. (01862.00056)