IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY | * | |
| Plaintiff, | * | |
| | * | Consolidated cases under Civil Action No.: WMN-02-CV-00662 |
| v. | * | |
| M/V A.V. KASTNER, etc., *et al.,* | * | |
| Defendants. | * | |

                    *    *    *    *    *    *    *

## PROPOSED CASE MANAGEMENT SCHEDULE

Counsel for Claimants, Link and Wallace, have reviewed the Submission of Case Procedures filed by Gypsum Transportation Limited and Beltship Management Limited, as well as Norfolk Dredging Company and Buchanan Towing Company Proposed Order of Proceedings.

The enclosed submission is being made following the Court's hearing of November 14, 2003, inviting other interested parties to submit to the Court any further information relating to how the case should proceed at the time of trial.

A.    <u>The Recoverability of Non-Pecuniary Items of Damage By Wrongful Death Claimants</u>

The Court has pending before it a Motion relating to the recoverability of non-pecuniary items of damage by wrongful death claimants against non-Jones Act defense parties. The Court conducted a hearing on November 14, 2003 relating to this issue. The parties anticipate that the Court will take the matter under advisement and will in due course rule on whether such damages are recoverable. An interlocutory appeal might be sought, pursuant to 28 U.S.C. § 1292, following the Court's ruling.

B.     Issues to be Submitted at Trial

The case is currently scheduled for a four-week trial commencing February 2, 2004.

Norfolk Dredging originally filed its Complaint for collision damages, in case WMN-02-662,

against the M/V A.V. KASTNER and against her Owner, Gypsum Transportation Limited.

Subsequently, the Vessel Owners all filed complaints for exoneration from or limitation of

liability and also filed claims in each other's respective limitation cases, all of which have been

consolidated.  There is some disagreement over how the case should proceed on issues of

exoneration and limitation, and there is major disagreement as to how the case should proceed on

damage issues.

Claimants Link and Wallace believe that the Court should proceed to decide all issues of

exoneration and limitation of liability first.  At that time, the Court should decide the relative

proportions of comparative fault of the competing parties to this case.

It is the position of Link and Wallace that only the issues of exoneration and limitation

should be heard first and that the issues of personal injury and wrongful death damages cannot be

presented until and unless the Court has ruled on limitation of liability.

In *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir.

1984), the Fourth Circuit held that once the district court denied a defendant shipowner's

limitation of liability claim, the injured crew members were entitled "to elect whether to remain

in the limitation proceeding or to revive their original claims in their original fora."  The court

cited a consensus among the Second, Fifth, and Ninth Circuits in support of the rule adopted in

*Wheeler*.  *Id.* (citing *Fecht v. Makowski*, 406 F.2d 721, 722 (5th Cir. 1969) (explaining that

"where no limitation is possible the damage claimants are entitled to have the injunction against

2

other actions dissolved, so that they may ... proceed in a common law forum"); *Moore-McCormack Lines, Inc.*, 295 F.2d 583, 595 (2nd Cir. 1961) (holding that an injunction on seamen's claims pending a limitation of liability ruling was properly lifted when the trial court found that the petitioner was not entitled to limit its liability); *Pershing Auto Rentals, Inc.*, 279 F.2d 546, 552 (5th Cir. 1960) (permitting the trial court to allow claimants to take action against the defendant "in any other forum having requisite jurisdiction" if the court denies limitation of liability); *Petition of Paul Wood*, 230 F.2d 197, 199 (2nd Cir. 1956) (setting forth procedure in limitation of liability action and noting that if limitation is denied, a restraining order on claimants' actions will be lifted); *The Silver Palm v. U.S.*, 94 F.2d 776, 780 (9th Cir. 1937) (dissolving injunction to restrain claimants from bringing separate actions where trial court properly found the petitioner was not entitled to limit liability).

*Wheeler* is still good law in the Fourth Circuit. The *Wheeler* decision was recently cited with approval in *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999). In *Pickle*, the Fourth Circuit held that where a district court consolidated a limitation of liability action with actions filed by the families of crewmen lost at sea the actions <u>must</u> be severed. *Id.* at 451. Citing *Wheeler*, the court found that the plaintiffs' claims should be stayed until the trial court reached a decision on limitation of liability. *Id.* The District Court of Maryland cited *Wheeler* with approval in *In re Bay Runner Rentals, Inc.*, 113 F.Supp. 2d 795 (D. Md. 2000). In *Bay Runner*, Magistrate Judge Bredar ruled that a personal watercraft rental company was not entitled to limit liability under the Limitation of Liability Act. The court concluded by citing *Wheeler* and notifying the claimants of their procedural options. *Id.* at 807. The court asserted that plaintiffs could litigate their individual claims before him in the instant limitation proceeding or

3

they could abandon their claims in the limitation proceeding and pursue them in the underlying tort suit.

Accordingly, it is the position of Link and Wallace that the Court must first decide the issue of exoneration and limitation. If the Court should decide that any one or more of the Defendants are not entitled to limit liability, the claimants would be free to bring an action against them since the necessity for the injunction on claims would be dissolved.

Link and Wallace suggest that once the Court makes its decision on exoneration and limitation of liability, there should be an option provided to any personal injury or wrongful death claimants to proceed to have their cases tried before a jury in this Court or give them the option to proceed in filing claims against parties not entitled to limit liability in state court or elsewhere. Based upon the Fourth Circuit's decisions in *Wheeler* and *Pickle*, this appears to be the procedure that should be followed and the damage cases should <u>not</u> be consolidated for trial until exoneration and limitation have been decided.

C.      Order of Proof at Trial

This Court's Local Admiralty Rule f(2) establishes an order of proof at trial for a limitation action. The Rule provides that the "party asserting a claim against the vessel or owner ... shall proceed with its proof first, as is normal at civil trials." In this case, however, all of the Vessel Owners are also asserting claims against each other. The KASTNER interests suggest, therefore, that the Vessel Owners proceed fist, as claimants, followed by the PI Claimants.

Claimants Link and Wallace agree that Norfolk Dredging Company should proceed first (as the first to file as named plaintiff in the consolidated action caption and as having the largest

4

claim of the Vessel Owners), followed by Buchanan Marine and then the KASTNER interests, followed by the PI Claimants and wrongful death claimants in the order they desire.

Link and Wallace agree that in the first round of proof, all claimants would present their proof as to liability and causation against any other parties and as to their own lack of fault, but there would be no evidence put on as to personal injury or wrongful death damages. All parties concerned would be permitted to put on evidence as to the value of the limitation fund.

In the second round of proof, all parties would be permitted to present rebuttal evidence as to the issues in the first round, including evidence to show that the Vessel Owners' lack of privity and knowledge or any fault attributable to them.

In the event there is any settlement with any of the personal injury or wrongful death claimants that are reached prior to trial, the amounts of those settlements would be included as claims to be allowed by the Court at trial.

Respectfully submitted,


_____    _____
                                     PAUL D. BEKMAN
                                     Salsbury, Clements, Bekman, Marder
                                           & Adkins, L.L.C.
                                     300 West Pratt Street, Suite 450
                                     Baltimore, Maryland 21201



                                     _____
                                     RALPH RABINOWITZ
                                     Rabinowitz, Swartz, Taliaferro, Lewis,
                                           Swartz & Goodove
                                     Town Point Center, Suite 800
                                     150 Boush Street
                                     Norfolk, Virginia 23514

                                     Attorneys for Claimants Link and Wallace

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the Claimants Link and Wallace's Proposed Case Management Schedule was electronically served or mailed, first class postage prepaid, this 24th day of November, 2003 to:

Ralph Rabinowitz, Esquire
Rabinowitz, Swartz, Taliaferro, Lewis,
      Swartz & Goodove
Town Point Center, Suite 800
150 Boush Street
Norfolk, Virginia 23510

J. Stephen Simms, Esquire
W. Charles Bailey, Jr., Esquire
Simms Showers LLP
20 S. Charles Street, Suite 702
Baltimore, Maryland 21201

John T. Ward, Esquire
Ward/Kershaw, P.C.
113 West Monument Street
Baltimore, Maryland 21201

David W. Skeen, Esquire
Wright, Constable & Skeen, L.L.P.
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, Maryland 21201

Robert M. Schwartzman, Esquire
Lord and Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201

Peter Ayers Wimbrow, III, Esquire
4100 Coast Highway
Ocean City, Maryland 21842

C. Arthur Rutter, III, Esquire
Deborah C. Waters, Esquire
Rutter, Walsh, Mills & Rutter, LLP

415 St. Paul's Boulevard, Ste. 700
Norfolk, Virginia 23510

Thomas B. Shuttleworth, Esquire
Shuttlworth, Ruloff, Giordano & Swain,
P.C.
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452

Carter T. Gunn, Esquire
Vandeventer, Black, LLP
500 World Trade Center
Norfolk, Virginia 23510-1699

Patrick M. Brogan, Esquire
R. Arthur Jett, Jr., Esquire
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510

M. Hamilton Whitman, Jr., Esquire
Robert B. Hopkins, Esquire
Charles A. Diorio, Jr., Esquire
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, Maryland 21202

David H. Sump, Esquire
David N. Payne, Esquire
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
One Commercial Place
Norfolk, Virginia 23510

Cain Denny, Esquire
Cain Denny, P.A.
P.O. Box 1205
Charleston, South Carolina 29402

John Hughes Cooper, Esquire
1808 Middle Street
P.O. Box 395
Sullivan's Island, South Carolina 29482

Peter G. Decker, Jr., Esquire
Decker, Cardon, Thomas, Neskis
Decker Building
201 E. Plume Street
Norfolk, Virginia 23510

W. Hamilton Whitman, Jr., Esquire
Robert B. Hopkins, Esquire
Charles A. Diorio, Esquire
Ober, Kaler, Grimes & Shriver, P.C.
120 E. Baltimore Street
Baltimore, Maryland 21202-1643

John A. V. Nicoletti, Esquire
Michael J. Carcich, Esquire
Nicoletti, Hornig, Campise & Sweeney
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801

William E. Johnson, Esquire
Johnson Law Center
P.O. Box 99
Mathews, Virginia 23109

A. Davis Bugg, Jr., Esquire
Rumsey & Bugg, P.C.
Irvington Road
P.O. Box 720
Irvington, Virginia 22840

Johnnie L. Cochran, Jr., Esquire
J. Farrest Taylor, Esquire
Cochran, Cherry, Givens & Smith, P.C.
163 West Main Street
P.O. Box 927
Donthan, Alabama 36302

James W. Bartlett, III, Esquire
Alexander M. Giles, Esquire
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21202

_____    PAUL D. BEKMAN