UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
WILLIAM M. NICKERSON
SENIOR UNITED STATES DISTRICT JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
FAX 962-2577

January 7, 2004

To all Counsel

    Re: <u>Norfolk Dredging Co. v. M/V A.V. Kastner, et. al.</u>
       Case No. WMN-02-662

Dear Counsel:

    Having carefully considered the arguments submitted to the Court in writing and at the hearing on November 14, 2003, the Court is of the opinion that the ultimate resolution as to whether this Court has jurisdiction over the personal injury and death claims may well depend on the outcome of the limitation of liability proceeding. Accordingly, the Court will structure the impending trial so as to allow the presentation of evidence of damages for those claims to be deferred until a ruling is made on exoneration and limitation of liability. The facts of this case, however, involve none of the exceptions to federal court jurisdiction under the Limitation Act as discussed in <u>Lewis v. Lewis & Clark Marine, Inc.</u>, 531 U.S. 438 (2001). There is more than a single claimant, the total claims appear likely to exceed the probable value of the limitation fund, and claimants are unable or unwilling to agree on appropriate stipulations to protect the vessel owners' right to limitation. As a result, as long as the Court has discretion to retain jurisdiction over the personal injury and death claims, it will do so. The Court is thus inclined to rule that claimants would only be allowed to proceed with their suits in state court under a scenario in which none of the vessel owner parties are able to limit their liability.

    Since the possibility does exist, at least theoretically, that none of the personal injury and death claimants will proceed to put on evidence of their damages in the upcoming February trial, the Court will reserve its ruling on the availability of loss of society damages until it is clear that the issue is squarely before the Court. For reasons that will be more fully explained at that time, the Court is also inclined to allow the claims for loss of society to go to a jury. It is the Court's hope that advance warning of this potential ruling will assist parties in trial preparation.

    Finally, with the assistance of the parties' submissions concerning case procedures, the Court now plans to structure the trial as follows:

(1) The first round of proof will give all claimants the opportunity to put on evidence as to liability and causation against any other parties and as to their own lack of fault. This will necessarily include proof going to privity and knowledge by the vessel owners. All parties will put on evidence of the limitation fund valuation, and the vessel interests will put on evidence of their damages.
The order of proof will begin with Norfolk Dredging Company, the party first to file and having the largest claim of the vessel interests, followed by Buchanan Marine, then the KASTNER interests, and concluding with the personal injury and death claimants in the order that they desire.

(2) The second round of proof will proceed in the same order, providing all parties with the opportunity to put on rebuttal evidence.

(3) At the conclusion of the first two rounds of proof, the Court will rule as to:
(a) whether liability has been established against any of the vessel interests;
(b) the degree of fault for each party against whom liability is found;
(c) for those parties not exonerated, whether limitation is granted;
(d) for those parties granted limitation, the amount of the limitation fund and supplemental fund, if any; and
(e) the amount of damages proven by each of the vessel interests.

(4) If necessary, the Court will then empanel a jury to hear evidence regarding damages for the personal injury and death claimants. Once the jury has reached its verdict as to those damages, the Court will determine the distribution of the funds as to all claimants.

Should any of the parties have objections to the procedure outlined above that have not already been raised, they should so advise the Court prior to the pretrial conference set for January 20, 2004.

Very truly yours,

/s/

William M. Nickerson
Senior United States District Judge