IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| | * | |
| v. | * | |
| | | Consolidated cases under |
| M/V A.V. KASTNER, etc., *et al.*, | * | Civil Action No.: WMN-02-662 |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
THE BUCHANAN TRUST AND BUCHANAN MARINE, L.P.
TO PRODUCE DOCUMENTS**

Gypsum Transportation Limited, Beltship Management Limited and Captain Timothy M. Cober (collectively referred to as the "KASTNER Interests"), by their undersigned attorneys hereby submit this Memorandum in Support of Motion to Compel The Buchanan Trust and Buchanan Marine, L.P. (collectively referred to as "Buchanan") to Produce Documents.[1]

**I.   INTRODUCTION**

This Memorandum is filed to support the Motion to compel Buchanan to produce documents in its possession which relate to certain critical issues in this matter -- the experience or lack thereof of Buchanan Captain Michael Welch with the waters where the collision occurred and with the tow he was attempting to control. The specific

---

[1] The KASTNER Interests make this filing with great reluctance and note that they have made numerous good faith efforts to resolve this issue.

RBH 733705.1 12/5/2003 1:50 PM

documents that Buchanan has refused to produce are vessel logs, invoices and voyage plans for vessels operated by Captain Welch during his 18 month employment with Buchanan as well as Captain Welch's personal log that he has turned over to Buchanan. All of these documents contain specific information as to Captain Welch's marine experience, or lack thereof.

## II.   BACKGROUND

As has recently been set forth in greater detail in the KASTNER Interests' Memorandum in Opposition to Buchanan's Motion for Summary Judgment on the Question of Tugs "Dominant Mind" and Number of Tows, this matter involves a serious marine collision in the upper reaches of the Elk River between the M/V A.V. KASTNER ("KASTNER") and various vessels and pieces of equipment owned by Buchanan and Norfolk Dredging Company that were connected as one tow at the time of the collision or just seconds before the collision. The tug BUCHANAN 14 was the lead tug for this tow, with Captain Michael Welch at the helm of the BUCHANAN 14. The KASTNER Interests contend that the collision occurred because, among other things, Captain Welch steered the BUCHANAN 14 and its tow across the center line of the Elk River Channel and into the path of the oncoming KASTNER. The KASTNER Interests further contend that Captain Welch's lack of experience in navigating this portion of the Elk River, as well as Captain Welch's lack of experience with this type of tow contributed to the BUCHANAN 14 and its tow crossing the centerline.

## III.   THE SPECIFIC REQUEST AS TO CAPTAIN WELCH'S EXPERIENCE

On August 2, 2002, one of the KASTNER Interests, Gypsum Transportation Limited ("GTL") served Buchanan with a Request for Production of Documents. GTL Request No. 20 specifically requested documents in Buchanan's possession as to Captain Welch's experience. GTL Request No. 20 and Buchanan's Initial Response (served September 25, 2002) are set forth below.

REQUEST NO. 20.

> All documents in any way referring or relating to the training and experience of the crew of any of the vessels in Tug and Tow Flotilla, including but not limited to licenses, schools, certificates, or other documents.

INITIAL RESPONSE:

> Buchanan with [sic] produce a copy of the U.S. Coast Certificates for each of its certified crewmembers aboard the TUG BUCHANAN 14 at time of the incident.

Buchanan served also a Supplemental Response on January 31, 2003 which is set forth below:

SUPPLEMENTAL RESPONSE:

> 1. United States Coast Guard License, Master Near Coastal Steam or Motor Vessels of Not More Than 100-Gross Tons, Michael D. Welch, dated September 22, 1997, with Radar Observer (Unlimited) Endorsement. *Bates No. 10295-10297.*
>
> 2. Voyage Plans, 2001, Capt. Michael D. Welch. *Bates No. 10422-10447.*
>
> 3. Buchanan Marine L.P. Norfolk Payroll for Week Ending 02/24/02. *Bates No. 10555.*
>
> 4. Buchanan Marine L.P. Norfolk Payroll for Week Ending 03/03/02. *Bates No. 10556.*

Buchanan's above Responses set forth no objections and do not identify any other responsive documents.

### A. After Months Of Delay, Buchanan Has Just Refused To Produce Log Books, Voyage Plans And Invoices That Detail Captain Welch's Experience

On April 16, 2003, at the corporate deposition of Buchanan, it was learned that Buchanan had not produced all documents in its possession relating to Request No. 20. Specifically, Buchanan's corporate designee, Edward T. Hardison, testified that to determine Captain Welch's experience one would have to review the log books, voyage plans and invoices for all vessels operated by Captain Welch during his employment with Buchanan. Captain Welch worked for Buchanan from February of 2001 until July of 2002 and during this time operated the tugs BUCHANAN 14, BUCHANAN 11 and FALSE CAPE, as well as the launch CHRISTINE J. At the Buchanan deposition, its counsel was reminded that Buchanan must produce these records as they clearly fell under the above request.[2] See Exhibit 1, pp. 101-04; Exhibit 2, pp. 9-10.

GTL next sent e-mails on June 3 and July 28, 2003 again asking that the above requested documents be produced. See Exhibit 3. On July 28, 2003, over three months after the deposition, GTL finally received an e-mail response from Buchanan which stated that "Buchanan expects next week to produce any further requested responsive documents requested." See Exhibit 4. Another three months then went by without Buchanan responding and with GTL sending yet another e-mail on November 18, 2003.

---

[2] Buchanan has produced some, but not all, log books and vessel plans for the BUCHANAN 14 and has also produced an invoice for a single job for the BUCHANAN 14. Buchanan has not produced log books, voyage plans and/or invoices for the other vessels operated by Captain Welch during his employment.

See Exhibit 5. Finally, on November 19, 2003, over six months after the above deposition, Buchanan responded with the incredible statement that "the request for all vessel logs, voyage plans and invoices for all vessels operated by Captain Welch during his employment was not in the document request and at any rate is overly broad." See Exhibit 6. As the above recitation of the facts demonstrate, Buchanan's statement is grossly incorrect and demonstrates that Buchanan has ignored numerous formal and informal requests for documents that relate to a critical issue in this matter, the experience or lack thereof of Captain Welch.

### B.  Buchanan Has Recently Refused To Produce Captain Welch's Personal Log That Details His Experience

At his deposition, Captain Welch also identified another document that details his experience. He specifically testified that over the last few years he has maintained a personal log which contains information about his marine experience, including where he has previously navigated. See Exhibit 2, pp. 134-35. Buchanan has taken the position that because Captain Welch is no longer employed by Buchanan, it could not force him to turn over his personal log, but stated that it would still attempt to obtain this document from Captain Welch voluntarily.[3] Buchanan has been reminded on numerous occasions that it must produce the personal log, if it obtains this document. See Exhibit 7. After receiving Buchanan's November 19, 2003 e-mail, counsel for GTL telephoned counsel for Buchanan and counsel for Buchanan advised that Captain Welch has now provided Buchanan with his personal log. Counsel for Buchanan also advised that Buchanan is

---

[3] The parties further agreed with the Court's approval that if Buchanan could not obtain this document, the KASTNER parties could subpoena Captain Welch to produce this document beyond the factual discovery cut-off.

only willing to produce the single page of the personal log that covers the day of the collision. See Exhibit 7. Again, as demonstrated above, Buchanan lacks any credible basis to withhold the full personal log in its possession as this document relates to a critical issue in this case, Captain Welch's experience and/or lack thereof.

## IV.   CONCLUSION

For the foregoing reasons, the KASTNER Parties respectfully request that this Court issue an Order compelling Buchanan to produce:

1. All vessel logs, vessel plans and invoices for vessels operated by Captain Welch during his employment with Buchanan; and

2. Captain Welch's personal log.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| M. Hamilton Whitman, Jr. (No. 00373) | John A. V. Nicoletti |
| Robert B. Hopkins (No. 06017) | Michael J. Carcich |
| Charles A. Diorio (No. 26369) | NICOLETTI, HORNIG, CAMPISE & SWEENEY |
| OBER, KALER, GRIMES & SHRIVER | Wall Street Plaza |
| A Professional Corporation | 88 Pine Street |
| 120 E. Baltimore Street | New York, New York 10005-1801 |
| Baltimore, Maryland 21202-1643 | (212) 220-3830 |
| (410) 685-1120 | (212) 220-3780 (facsimile) |
| (410) 547-0699 (facsimile) | |
| Attorneys for Gypsum Transportation Limited and Beltship Management Limited | Attorneys for Gypsum Transportation Limited |

_____/s/_____
James W. Bartlett, III (No. 00017)
Alexander M. Giles (No. 25474)
Semmes, Bowen & Semmes, P.C.
250 W. Pratt Street, 16th Floor
Baltimore, MD 21201-2423
(410) 539-5040

Attorneys for Captain Timothy M. Cober

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| | * | |
| v. | * | |
| | * | Consolidated cases under |
| M/V A.V. KASTNER, etc., *et al.*, | * | Civil Action No.: WMN-02-662 |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2003, a copy of the foregoing Motion to Compel The Buchanan Trust and Buchanan Marine, L.P. to Produce Documents and supporting memorandum were served by e-mail on the following counsel of record by the manner indicated below.

**VIA E-MAIL**

David W. Skeen, Esquire
Stephen J. White, Esquire
Wright, Constable & Skeen, LLP
One Charles Center, 16th Floor
100 N. Charles Street
Baltimore, Maryland 21201-3812

Attorneys for Norfolk Dredging Company

David H. Sump, Esquire
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
One Commercial Place
Norfolk, VA 23510

Attorneys for Norfolk Dredging Company

Paul D. Bekman, Esquire
Israelson, Salsbury, Clements & Bekman, LLC
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201

Attorneys for Troy A. Link and Dennis Wallace

John T. Ward, Esquire
Ward Kershaw
113 W. Monument Street
Baltimore, Maryland 21201

Attorneys for Buchanan Marine, L.P. and A.P. Franz, Trustee of The Buchanan Trust

Robert M. Schwartzman, Esquire
Lord & Whip
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland 21201-3020

Attorneys for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell

C. Arthur Rutter, III, Esquire
Deborah C. Waters, Esquire
Rutter, Mills
160 West Brambleton Avenue
Norfolk, Virginia 23510

Attorneys for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell

Peter G. Decker, Jr., Esquire
Decker, Cardon, Thomas, Neskis
Decker Building
201 E. Plume Street
Norfolk, VA 23510

Attorneys for Jeffrey Slaton, the Estate of William Thomas Bryant

A. Davis Bugg, Jr., Esquire
Rumsey & Bugg, P.C.
Irvington Road
P.O. Box 720
Irvington, VA 22480

Attorneys for the Estate of Ronald L. Bonniville

William E. Johnson, Esquire
Johnson Law Center
P.O. Box 99
Mathews, VA 23109

Attorneys for the Estate of Ronald L. Bonniville

John Hughes Cooper, Esquire
1808 Middle Street
P.O. Box 395
Sullivan's Island, SC 29482

Attorneys for the Estate of Clarence McConnell

Cain Denny, Esquire
Cain Denny, P.A.
P.O. Box 1205
Charleston, SC 29402

Attorneys for the Estate of Clarence McConnell

Peter Ayers Wimbrow, III, Esquire
4100 Coastal Highway
Ocean City, Maryland 21842

Attorneys for the Estate of Justin Maurice Bryant

Thomas B. Shuttleworth, Esquire
Shuttleworth, Ruloff, Giordano,
4525 South Boulevard, Suite 300
Virginia Beach, VA 23452

Attorneys for the Estate of Justin Maurice Bryant

Johnnie L. Cochran, Jr., Esquire
J. Farrest Taylor, Esquire
Cochran, Cherry, Givens & Smith, P.C.
163 West Main Street
P.O. Box 927
Dothan, AL 36302

Attorneys for the Estate of Justin Maurice Bryant

Patrick M. Brogan, Esquire
R. Arthur R. Jett, Jr., Esquire
Davey & Brogan, P.C.
101 Granby Street, Suite 300
P.O. Box 3188
Norfolk, VA 23514-3188

Attorneys for Buchanan Marine, L.P. and
A.P. Franz, Trustee of The Buchanan Trust

**VIA FEDERAL EXPRESS:**
Ralph Rabinowitz, Esquire
Rabinowitz, Swartz, Taliaferro, et al.
Town Point Center
150 Boush Street
Norfolk, VA 23510

Attorneys for Troy A. Link and Dennis Wallace

James W. Bartlett, III, Esquire
Alexander M. Giles, Esquire
Semmes, Bowen & Semmes
250 W. Pratt Street, 16th Floor
Baltimore, Maryland 21202

Attorneys for Maryland Bay Pilot,
Timothy M. Cober

**VIA E-MAIL AND HAND DELIVERY**
J. Stephen Simms, Esquire
Simms Showers, LLP
20 South Charles Street, Suite 702
Baltimore, Maryland 21201

Attorneys for Buchanan Marine, L.P. and
A.P. Franz, Trustee of The Buchanan Trust


_____/S/_____
Robert B. Hopkins