EXHIBIT 3

Hopkins, Robert

| | |
|---|---|
| From: | Hopkins, Robert |
| Sent: | Tuesday, June 03, 2003 1:03 PM |
| To: | 'J. Stephen Simms'; pbekman@aol.com; wardtom@aol.com; wimbrowlaw@beachin.net; ftaylor@cochranfirm.com; johnnie@cochranfirm.com; dsump@cwm-law.com; mnewcomb@daveybroganpc.com; pbrogan@daveybroganpc.com; rms@lordwhip.com; agiles@mail.semmes.com; jbartlett@mail.semmes.com; mcarcich@nhcslaw.com; Diorio, Charles, Jr.; 'Ralph Rabinowitz@+1 (040)757) 626-1003@/FN=+1 (040)757) 626-1003'; Whitman, M. Hamilton Jr.; Miller, Michelle; Palmere, Paula K; Hopkins, Robert; adb@rumseyandbugg.com; acarawan@rutterlaw.com; DWaters@rutterlaw.com; pmerullo@srgslaw.com; tshuttleworth@srgslaw.com; dwskeen@wcsllp.com |
| Subject: | RE: Elk River Collision Proceedings |

Steve:

My very brief review of the Buchanan deposition found a significant number of areas that Mr. Hardison was not able to address. Some of these areas are discussed below:

1. Virtually no knowledge as to the Buchanan Trust and limited corporate knowledge as to Buchanan Marine, L.P. I note that when this lack of knowledge became evident, I did not follow up with similar questions as it was clear that someone else would have to be produced. To continue down this line would have been a waste of everyone's time and would have prolonged the deposition even further, a factor you were very focused on at the time. Mr. Hardison indicated that Rick Jurczak is a person knowledgeable on these issues.

2. No knowledge as to salvage operations. You indicated Phil Risko would address salvage.

3. No knowledge as to whether a USCG 2692 was prepared by Buchanan. Mr. Hardison indicated that Jules Lloyd would be involved in this process.

4. No knowledge as to what charts were on board the BUCHANAN 14. Your document responses list the charts you contend were on board the BUCHANAN 14. You need to produce someone on this for questioning.

5. No knowledge as to whether Buchanan is/was a member of American Waterways Safe Operators. Mr. Hardison indicated Mr. Jurczak would have knowledge on this issue. This is clearly related to safety and operational policies.

6. Various documents have also not been produced, which may warrant questions. Some of these documents include:

   -USCG 2692
   -Captain Welch's Certificate regarding his radar training
   -vessel logs, voyage plans and invoices for all vessels operated by Captain Welch during his employment
   -checklist used in hiring
   -Job descriptions for Hardison, Lloyd and Jurczak
   -phone records for various Buchanan numbers (We only have the BUCHANAN 14 cell phone records)
   -documents setting forth corporate hierarchy

Based on this it is clear that you still need to produce witnesses to address the above and possibly other issues. Thus, I again ask that I be authorized to file the letter sent out on Friday. I want to emphasize that I have no desire to rehash old issues. Assuming prepared witnesses are presented, the completion of this deposition should not take a lot of time.

Best regards

1

2 Limited corporate knowledge about the Buchanan Marine, L.P.
-----Original Message-----
From: J. Stephen Simms [mailto:jssimms@simmsshowers.com]
Sent: Friday, May 30, 2003 5:36 PM
To: pbekman@aol.com; wardtom@aol.com; wimbrowlaw@beachin.net; ftaylor@cochranfirm.com; johnnie@cochranfirm.com; dsump@cwm-law.com; mnewcomb@daveybroganpc.com; pbrogan@daveybroganpc.com; rms@lordwhip.com; agiles@mail.semmes.com; jbartlett@mail.semmes.com; mcarcich@nhoslaw.com; cadiorio@ober.com; Ralph Rabinowitz@+1 (040)757) 626-1003@/FN=+1 (040)757) 626-1003; mhwhitman@ober.com; mmmiller@ober.com; pkpalmere@ober.com; rbhopkins@ober.com; adb@rumseyandbugg.com; acarawan@rutterlaw.com; DWaters@rutterlaw.com; pmerullo@srgslaw.com; tshuttleworth@srgslaw.com; dwskeen@wcsllp.com
Subject: Re: Elk River Collision Proceedings


Rob, thanks for the draft, which I first had the chance to view at about 5:00 pm this (Friday) evening.

Because I didn't recall that there were open issues - or at least significant ones - to the Buchanan 30(b)(6) deposition (taken on April 16th), after receiving the draft I went back both through the transcript and the 30(b)(6) notice (the KASTNER interests were the only ones to notice the deposition).

Ed Hardison was the corporate designee, and there were only 3 questions/answers that were left open, as follows:

43:

```
     24            Q.  Are you aware of any documents which
     25      relate -- that would describe the corporate
```
44:
```
      1      organization of Buchanan Marine, LP or the Buchanan
      2      Trust?
      3            A.  No.
      4            Q.  Who would?
      5            A.  Rick Jurczak, perhaps.
      6            Q.  Do you know the date of incorporation for
      7      Buchanan Marine, LP?
      8            A.  No.
      9            Q.  Who would know that?
     10            A.  Rick Jurczak.
     11            Q.  What about the state of incorporation?
     12      Who would know that?
     13            A.  I don't know.
```

At 85:

```
12            Q.  Has Buchanan ever been a member of
13    American Waterway Operators?
14            A.  I don't know.
15            Q.  I guess it's American Waterways
16    Operators.  You don't know if they've ever been a
17    member?
18            A.  I don't.
19            Q.  Were they a member at the time of the
20    incident in that organization?
21            A.  I don't know.
22            Q.  Are they a member now?
23            A.  I don't know.
24            Q.  Who would know?
25            A.  Rick Jurczak.
```

```
At 215
            14            Q.  Do you know the amount of damage
            15    dollar-wise to the fendering system?
            16            A.  No.
            17            Q.  Who would know about whether there is a
            18    claim for the damage to the fendering system?
            19            A.  Jules Lloyd.
```

Of these, the question about the American Waterways Association was outside of the 30(b)(6) notice. The question about the fendering system was about damage in another accident - unrelated to this one, on the Nanticoke River, also outside of the 30(b)(6) notice; but at any rate the answer to the fendering system question is "no."
There also was no part in the 30(b)(6) notice asking for documents about corporate organization.

Consequently the only thing that Ed did not know - in response to direct questions within the 30(b)(6) notice, was Buchanan LP's state and date of incorporation, and that was in the interrogatory answers - and a real tangential area under the 30(b)(6) notice at any rate (there's no dispute that Buchanan LP is incorporated).

Consequently we don't believe that there is any further call for 30(b)(6) deposition of Buchanan; it was completed as noticed on April 14th.

Now, we'd be glad to talk about this and will revisit the question if the KASTNER side has support for it, but in the letter to Judge Nickerson, the reference to a further/continued Buchanan 30(b)(6) notice should be omitted.

The remainder of the letter, however, is acceptable to Buchanan.


Best regards, Steve
J. Stephen Simms
Simms Showers LLP
410-783-5795
410-510-1789 (f)
410-365-6131 (m)
410-560-9889 (h)
http://www.simmsshowers.com

>>> "Hopkins, Robert" <rbhopkins@ober.com> 05/30/03 03:10PM >>>

Dear Counsel of Record:

I am attaching a draft of the letter for Judge Nickerson regarding an extension of certain discovery deadlines.  I understand from  Debbie Waters that counsel for all death and personal injury claimants, with the exception of Ralph Rabinowitz (in a seminar), have advised that they agree to the general terms set forth in this letter.  Debbie expects to hear back from Ralph shortly.  I have also confirmed with counsel for the three vessel owners that they agree to such terms. If you have any problems with this letter, please advise by 4:30 p.m. today, as I will be filing the letter late this afternoon.

Best regards,


Robert B. Hopkins
410-347-7383
rbhopkins@ober.com

O B E R | K A L E R
Attorneys at Law
www.ober.com
410-547-0699 -- Fax
120 East Baltimore Street
Baltimore, Maryland 21202

4

Hopkins, Robert
___

| | |
|---|---|
| From: | Hopkins, Robert |
| Sent: | Monday, July 28, 2003 11:42 AM |
| To: | Hopkins, Robert; 'J. Stephen Simms'; 'pbekman@aol.com'; 'wardtom@aol.com'; 'wimbrowlaw@beachin.net'; 'ftaylor@cochranfirm.com'; 'johnnie@cochranfirm.com'; 'dsump@cwm-law.com'; 'mnewcomb@daveybroganpc.com'; 'pbrogan@daveybroganpc.com'; 'rms@lordwhip.com'; 'agiles@mail.semmes.com'; 'jbartlett@mail.semmes.com'; 'mcarcich@nhcslaw.com'; Diorio, Charles, Jr.; 'Ralph Rabinowitz@+1 (040)757) 626-1003 @/FN=+1 (040)757) 626-1003'; Whitman, M. Hamilton Jr.; Miller, Michelle; Palmere, Paula K; 'adb@rumseyandbugg.com'; 'acarawan@rutterlaw.com'; 'DWaters@rutterlaw.com'; 'pmerullo@srgslaw.com'; 'tshuttleworth@srgslaw.com'; 'dwskeen@wcsllp.com' |
| Subject: | Buchanan Corporate Depo |

Steve

You advised us last week that you would let us know today about finalizing the Buchanan corporate deposition. Following below is a copy of my June 3 e-mail on this issue. Please contact me today on this.

Best regards,


Robert B. Hopkins
410-347-7383
rbhopkins@ober.com

O B E R | K A L E R
Attorneys at Law
www.ober.com
410-547-0699 -- Fax
120 East Baltimore Street
Baltimore, Maryland 21202


-----Original Message-----
From: Hopkins, Robert
Sent: Tuesday, June 03, 2003 1:03 PM
To: 'J. Stephen Simms'; pbekman@aol.com; wardtom@aol.com;
wimbrowlaw@beachin.net; ftaylor@cochranfirm.com;
johnnie@cochranfirm.com; dsump@cwm-law.com; mnewcomb@daveybroganpc.com;
pbrogan@daveybroganpc.com; rms@lordwhip.com; agiles@mail.semmes.com;
jbartlett@mail.semmes.com; mcarcich@nhcslaw.com; Diorio, Charles, Jr.;
'Ralph Rabinowitz@+1 (040)757) 626-1003@/FN=+1 (040)757) 626-1003';
Whitman, M. Hamilton Jr.; Miller, Michelle; Palmere, Paula K; Hopkins,
Robert; adb@rumseyandbugg.com; acarawan@rutterlaw.com;
DWaters@rutterlaw.com; pmerullo@srgslaw.com; tshuttleworth@srgslaw.com;
dwskeen@wcsllp.com
Subject: RE: Elk River Collision Proceedings


Steve:


My very brief review of the Buchanan deposition found a significant number of areas that Mr. Hardison was not able to address. Some of these areas are discussed below:

1. Virtually no knowledge as to the Buchanan Trust and limited corporate knowledge as to Buchanan Marine, L.P. I note that when this lack of knowledge became evident, I did not follow up with similar questions as it was clear that someone else would have to be produced. To continue down this line would have been a waste of everyone's time and would have prolonged the deposition even further, a factor you were very focused on at the time. Mr. Hardison indicated that Rick Jurczak is a person knowledgeable on these issues.

1

2. No knowledge as to salvage operations. You indicated Phil Risko would address salvage.

3. No knowledge as to whether a USCG 2692 was prepared by Buchanan. Mr. Hardison indicated that Jules Lloyd would be involved in this process.

4. No knowledge as to what charts were on board the BUCHANAN 14. Your document responses list the charts you contend were on board the BUCHANAN 14. You need to produce someone on this for questioning.

5. No knowledge as to whether Buchanan is/was a member of American Waterways Safe Operators. Mr. Hardison indicated Mr. Jurczak would have knowledge on this issue. This is clearly related to safety and operational policies.

6. Various documents have also not been produced, which may warrant questions. Some of these documents include:

- USCG 2692
- Captain Welch's Certificate regarding his radar training
- vessel logs, voyage plans and invoices for all vessels operated by Captain Welch during his employment
- checklist used in hiring
- Job descriptions for Hardison, Lloyd and Jurczak
- phone records for various Buchanan numbers (We only have the BUCHANAN 14 cell phone records)
- documents setting forth corporate hierarchy

Based on this it is clear that you still need to produce witnesses to address the above and possibly other issues. Thus, I again ask that I be authorized to file the letter sent out on Friday. I want to emphasize that I have no desire to rehash old issues. Assuming prepared witnesses are presented, the completion of this deposition should not take a lot of time.

Best regards


2 Limited corporate knowledge about the Buchanan Marine, L.P.
-----Original Message-----
From: J. Stephen Simms [mailto:jssimms@simmsshowers.com]
Sent: Friday, May 30, 2003 5:36 PM
To: pbekman@aol.com; wardtom@aol.com; wimbrowlaw@beachin.net; ftaylor@cochranfirm.com; johnnie@cochranfirm.com; dsump@cwm-law.com; mnewcomb@daveybroganpc.com; pbrogan@daveybroganpc.com; rms@lordwhip.com; agiles@mail.semmes.com; jbartlett@mail.semmes.com; mcarcich@nhcslaw.com; cadiorio@ober.com; Ralph Rabinowitz@+1 (040)757) 626-1003@/FN=+1 (040)757) 626-1003; mhwhitman@ober.com; mmmiller@ober.com; pkpalmere@ober.com; rbhopkins@ober.com; adb@rumseyandbugg.com; acarawan@rutterlaw.com; DWaters@rutterlaw.com; pmerullo@srgslaw.com; tshuttleworth@srgslaw.com; dwskeen@wcsllp.com
Subject: Re: Elk River Collision Proceedings


Rob, thanks for the draft, which I first had the chance to view at about 5:00 pm this (Friday) evening.

Because I didn't recall that there were open issues - or at least significant ones - to the Buchanan 30(b)(6) deposition (taken on April 16th), after receiving the draft I went back both through the transcript and the 30(b)(6) notice (the KASTNER interests were the only ones to notice the deposition).

Ed Hardison was the corporate designee, and there were only 3 questions/answers that were left open, as follows:

43:

    24        Q. Are you aware of any documents which

2

```
44:
     25    relate -- that would describe the corporate
      1    organization of Buchanan Marine, LP or the Buchanan
      2    Trust?
      3         A.   No.
      4         Q.   Who would?
      5         A.   Rick Jurczak, perhaps.
      6         Q.   Do you know the date of incorporation for
      7    Buchanan Marine, LP?
      8         A.   No.
      9         Q.   Who would know that?
     10         A.   Rick Jurczak.
     11         Q.   What about the state of incorporation?
     12    Who would know that?
     13         A.   I don't know.
```

At 85:

```
12          Q.  Has Buchanan ever been a member of
13   American Waterway Operators?
14          A.  I don't know.
15          Q.  I guess it's American Waterways
16   Operators.  You don't know if they've ever been a
17   member?
18          A.  I don't.
19          Q.  Were they a member at the time of the
20   incident in that organization?
21          A.  I don't know.
22          Q.  Are they a member now?
23          A.  I don't know.
24          Q.  Who would know?
25          A.  Rick Jurczak.
```

At 215
```
        14              Q.  Do you know the amount of damage
        15      dollar-wise to the fendering system?
        16              A.  No.
        17              Q.  Who would know about whether there is a
        18      claim for the damage to the fendering system?
        19              A.  Jules Lloyd.
```

Of these, the question about the American Waterways Association was outside of the 30(b)(6) notice.  The question about the fendering system was about damage in another accident - unrelated to this one, on the Nanticoke River, also outside of the 30(b)(6) notice; but at any rate the answer to the fendering system question is "no."
There also was no part in the 30(b)(6) notice asking for documents about corporate organization.

Consequently the only thing that Ed did not know - in response to direct questions within the 30(b)(6) notice, was Buchanan LP's state and date of incorporation, and that was in the interrogatory answers - and a real tangential area under the 30(b)(6) notice at any rate (there's no dispute that Buchanan LP is incorporated).

Consequently we don't believe that there is any further call for 30(b)(6) deposition of Buchanan; it was completed as noticed on April 14th.

Now, we'd be glad to talk about this and will revisit the question if the KASTNER side has support for it, but in the letter to Judge Nickerson, the reference to a further/continued Buchanan 30(b)(6) notice should be omitted.

The remainder of the letter, however, is acceptable to Buchanan.


Best regards, Steve
J. Stephen Simms
Simms Showers LLP
410-783-5795
410-510-1789 (f)
410-365-6131 (m)
410-560-9889 (h)
http://www.simmsshowers.com

>>> "Hopkins, Robert" <rbhopkins@ober.com> 05/30/03 03:10PM >>>

Dear Counsel of Record:

I am attaching a draft of the letter for Judge Nickerson regarding an extension of certain discovery deadlines.  I understand from Debbie Waters that counsel for all death and personal injury claimants, with the exception of Ralph Rabinowitz (in a seminar), have advised that they agree to the general terms set forth in this letter.  Debbie expects to hear back from Ralph shortly.  I have also confirmed with counsel for the three vessel owners that they agree to such terms. If you have any problems with this letter, please advise by 4:30 p.m. today, as I will be filing the letter late this afternoon.

Best regards,


Robert B. Hopkins
410-347-7383
rbhopkins@ober.com

O B E R | K A L E R
Attorneys at Law
www.ober.com
410-547-0699 -- Fax
120 East Baltimore Street
Baltimore, Maryland 21202