EXHIBIT 4

Hopkins, Robert

From: J. Stephen Simms [jssimms@simmsshowers.com]
Sent: Monday, July 28, 2003 5:14 PM
To: pbekman@aol.com; wimbrowlaw@beachin.net; ftaylor@cochranfirm.com; johnnie@cochranfirm.com; dsump@cwm-law.com; rms@lordwhip.com; agiles@mail.semmes.com; jbartlett@mail.semmes.com; mcarcich@nhcslaw.com; cadiorio@ober.com; Ralph Rabinowitz@+1 (040)757) 626-1003@/FN=+1 (040)757) 626-1003; mhwhitman@ober.com; mmmiller@ober.com; pkpalmere@ober.com; rbhopkins@ober.com; adb@rumseyandbugg.com; acarawan@rutterlaw.com; DWaters@rutterlaw.com; pmerullo@srgslaw.com; tshuttleworth@srgslaw.com; dwskeen@wcsllp.com
Cc: WardTom@aol.com; mnewcomb@daveybroganpc.com; pbrogan@daveybroganpc.com
Subject: Elk River Collision Proceedings - Buchanan 30(b)(6) deposition

Folks, we're writing to follow up the conversation at last Thursday's deposition of Ian Vallender of Beltship, which in turn followed our May 30th correspondence concerning any continued 30(b)(6) deposition of Buchanan, and Rob Hopkins' June 3rd response.

Buchanan provided its 30(b)(6) witness, Ed Hardison, for deposition over three months ago, on April 16th in response to Gypsum's 30(b)(6) notice (which was the only such notice). At least Gypsum and the Rutter/Waters group of plaintiffs have asked for a continued 30(b)(6) deposition of Buchanan because they believe that Mr. Hardison was unable to answer certain questions covered by the 30(b)(6) notice.

First, during the April 16 deposition, Buchanan said it would produce Phil Risko to testify concerning the salvage operations. If there is a desire to depose him on the area covered by paragraph 11 of the designation of areas in the notice, please give us suggested dates.

Second, as we did on May 30th, when this first came up, we've again we've again reviewed the deposition transcript as well as KASTNER's 30(b)(6) notice. In the deposition, there were only three (3) questions/answers that were left open, as follows:

Page 43 (by Gypsum/KASTNER - Rob Hopkins):
       24        Q.  Are you aware of any documents which
       25     relate -- that would describe the corporate
page 44:
       1     organization of Buchanan Marine, LP or the Buchanan
       2     Trust?
       3        A.  No.
       4        Q.  Who would?
       5        A.  Rick Jurczak, perhaps.
       6        Q.  Do you know the date of incorporation for
       7     Buchanan Marine, LP?
       8        A.  No.
       9        Q.  Who would know that?
      10        A.  Rick Jurczak.
      11        Q.  What about the state of incorporation?
      12     Who would know that?
      13        A.  I don't know.

Page 85 (by Deb Waters):
      12        Q.  Has Buchanan ever been a member of
      13     American Waterway Operators?
      14        A.  I don't know.
      15        Q.  I guess it's American Waterways
      16     Operators.  You don't know if they've ever been a
      17     member?
      18        A.  I don't.
      19        Q.  Were they a member at the time of the
      20     incident in that organization?
      21        A.  I don't know.

```
            22          Q.  Are they a member now?
            23          A.  I don't know.
            24          Q.  Who would know?
            25          A.  Rick Jurczak.

At 215 (by Gypsum/KASTNER - Rob Hopkins)
            14          Q.  Do you know the amount of damage
            15     dollar-wise to the fendering system?
            16          A.  No.
            17          Q.  Who would know about whether there is a
            18     claim for the damage to the fendering system?
            19          A.  Jules Lloyd.
```

Of these, the question about American Waterways Operators was outside the scope of the notice. There was no area addressing the question or requiring Buchanan to produce a witness to answer it. At any rate, the answer is "no" - which could have been determined by reference to AWO's web site (which lists its membership):http://americanwaterways.com.

The question about the fendering system related to damage in another accident - unrelated to the Elk River situation. It was also outside the scope of the notice. At any rate, the answer to the question about the fendering system is "no."

No part of the 30(b)(6) notice referred to or requested documents describing Buchanan's corporate organization. There are no documents responsive to the question asked.

The only thing the corporate designee did not know which was covered by the 30(b)(6) notice was the state and date of Buchanan LP's incorporation. That information had been provided in Answers to Interrogatories. It was also available from LEXIS, WestLaw and similar sources. The year was 1993 and the state was Delaware.

Concerning the 2692 form, the notice said nothing about it. Mr. Hardison gave the extent of Buchanan's knowledge about the charts on the BUCHANAN 14 at the time of the voyage.

Concerning documents which Gypsum contends haven't been produced, Buchanan doesn't agree that, even if such documents exist and are responsive to Gypsum's requests, their existence would require a re-convening of the Buchanan 30(b)(6) deposition. Buchanan already has produced many documents, including the "checklist used in hiring." Buchanan expects next week to produce any further responsive documents requested. Thereafter, the parties can discuss further whether the 30(b)(6) notice requires any further testimony concerning any such documents and if so whether there is any real need for the testimony.

Generally, even though Gypsum and the Rutter/Waters parties believe they didn't pursue some questions because of their impression that Ed Hardison wasn't prepared to testify about them, that was not our impression and the transcript doesn't reflect it. The way to have tested that belief would have been to ask the questions and have gotten a response or a non-response. Again, the only "I don't know" responses are the ones set out above.

So far as Buchanan is concerned, there is no call for a further 30(b)(6) deposition of Buchanan except, possibly, on very limited areas such as the salvage operation. All other designated areas were covered by Mr. Hardison. The Buchanan side is prepared to discuss this further if you have different views and can provide us with support for them.

Best regards, Steve
J. Stephen Simms
Simms Showers LLP
410-783-5795
410-510-1789 (f)
410-365-6131 (m)
410-560-9889 (h)
http://www.simmsshowers.com