IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| | * | |
| v. | * | Consolidated cases under Civil Action No.: WMN-02-662 |
| M/V A.V. KASTNER, etc., *et al*., | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO THE BUCHANAN TRUST AND BUCHANAN
MARINE, L.P.  RESPONSE OPPOSING MOTION TO COMPEL**

Gypsum Transportation Limited, Beltship Management Limited and Captain Timothy M. Cober (collectively referred to as the "KASTNER Interests"), by their undersigned attorneys, hereby file this Reply to The Buchanan Trust and Buchanan Marine, L.P. (collectively referred to as "Buchanan") Response Opposing Motion to Compel.

**I.    INTRODUCTION**

Buchanan lacks any basis to withhold the requested documents.  Moreover, Buchanan's Response is further evidence of questionable tactics on Buchanan's part that have prevented the KASTNER Interests from obtaining documents that relate to a critical issue in this case – the experience or lack thereof of Buchanan Captain Michael Welch with the waters where the collision occurred and with the tow he was attempting to control.

**II.    THE MOTION IS TIMELY**

    **A.    Buchanan Has Only Just Recently Refused To Produce Log Books, Voyage Plans And Invoices**

Rule 34(b) and Local Guideline 9(a) hold that if a party objects to a document request, the party must serve a response that specifies the reason for the objection.[1]  If the other party is

---

[1] The text of Rule 34(b) reads in pertinent part:

RBH 735506.1 1/11/2004 4:37 PM

then dissatisfied with a response, Local Rule 104.8(a) holds that a motion to compel must be filed within 30 days after such response.  Thus, the 30-day response time is triggered by a party's response setting forth its objection.  Additionally, Rule 26(e) makes clear that if a party provides incomplete discovery, that party's response must be supplemented.[2]

As previously set forth, Buchanan, over a period of many months, produced a few documents in response to Request No. 20 dealing with Captain Welch's experience.  *See* Memorandum in Support of Motion to Compel the Buchanan Trust and Buchanan Marine, L.P. to Produce Documents (the "KASTNER Interests' Memorandum").  At no point during discovery did Buchanan raise any objection to this request.  When Buchanan was advised on numerous occasions that it must produce additional responsive documents as to Captain Welch's experience (vessel logs, invoices and voyage plans for Captain Welch's 18-month employment with Buchanan), instead of objecting, Buchanan essentially took the position that it was reviewing the request.  The KASTNER Interests treated Buchanan's statement as a good-faith effort to comply with its continuing discovery obligations.  Finally, after both the factual discovery cutoff (May 30, 2003) and motions deadline (November 14, 2003), Buchanan for the first time waged its objection on November 18, 2003, thus triggering a Rule 104.8 motion.  *See*

---

> The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, *unless the request is objected to, in which event the reason for the objection shall be stated*.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining part.

(Emphasis added).  The text of Guideline 9(a) reads:

> A party may object to an interrogatory, document request, or part thereof, while simultaneously providing partial or incomplete answers to the request.  If a partial or incomplete answer is provided, the answering party shall state that the answer is partial or incomplete.

[2] The text of the Rule reads:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

the KASTNER Interests' Memorandum at 4-5.  Despite the fact that the KASTNER Interests served their Motion to Compel on December 16, 2003 (within 30 days of Buchanan's objection), Buchanan now makes the incredible argument that the KASTNER Interests' Motion is late.  *See* Buchanan Response Opposing KASTNER's and Cober's Motion to Compel ("Buchanan Response").  Such an argument lacks any merit and would essentially permit Buchanan to employ delay tactics, as well as take advantage of the civility of the KASTNER Interests, to avoid producing critical documents.  By waiting until the eleventh hour or later to register an objection, Buchanan cannot now claim that the KASTNER Interests should have acted sooner.[3]

### B. Buchanan Has Only Just Obtained Captain Welch's Personal Log

Buchanan also argues that it is not required to produce Captain Welch's personal log in its entirety, as it obtained this document in November of 2003 after both the discovery cutoff and motions deadline.  *See* Buchanan's Response at 9.  This argument is equally defective and in clear violation of Rule 34.  *See* footnote 2.  Under Buchanan's rationale, a party could avoid producing critical documents by waiting until certain deadlines pass and then obtaining such documents.  This conduct must not be permitted.

In addition, Buchanan's statement that only the KASTNER Interests know why Captain Welch was not subpoenaed is flat out wrong.  *See* Buchanan's Response at 8.  Indeed, it had been agreed with the Court's approval that Buchanan would first attempt to voluntarily obtain Captain Welch's personal log and that the KASTNER Interests would be able to subpoena Captain Welch outside the discovery period if Buchanan was unsuccessful.  *See* the Court's June 6, 2003 Order.

### III. BUCHANAN'S FALL BACK ARGUMENTS FAIL

Buchanan also appears to make two defective fallback arguments.  First, Buchanan

---

[3] Indeed, the KASTNER Interests would have had nothing to support their motion to compel, as prior to November 19, 2003, Buchanan never objected to the Request.

RBH 735506.1 1/11/2004 4:37 PM           3

claims that the requested documents are beyond Rule 26, i.e., not likely to lead to the discovery of admissible evidence. This is simply wrong as Buchanan's own corporate designee and/or Captain Welch himself testified that full copies of the requested documents (and not just a few selected pages) would provide critical information as to Captain Welch's experience and/or lack of experience with the waters where the collision occurred and with the tow Captain Welch was attempting to control. *See* The KASTNER Interests' Memorandum at 4-5. Second, Buchanan argues that producing such a "vast" number of documents would be burdensome at this stage. This is quite misleading. To start Buchanan has known about the request for many months and has only itself to blame for not producing the requested documents. Moreover, the requested documents are not "vast" in length and are likely contained in several books. As such, one of the three law firms representing Buchanan could easily produce the requested documents with little effort.

**IV.   CONCLUSION**

For the foregoing reasons, the KASTNER Interests respectfully request that this Court issue an Order compelling Buchanan to produce:

1. All vessel logs, vessel plans and invoices for vessels operated by Captain Welch during his 18-month employment with Buchanan; and

2. Captain Welch's personal log.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____<br>M. Hamilton Whitman, Jr. (No. 00373)<br>Robert B. Hopkins (No. 06017)<br>Charles A. Diorio (No. 26369)<br>OBER, KALER, GRIMES & SHRIVER<br>A Professional Corporation<br>120 E. Baltimore Street<br>Baltimore, Maryland 21202-1643<br>(410) 685-1120<br>(410) 547-0699 (facsimile)<br>Attorneys for Gypsum Transportation<br>  Limited and Beltship Management<br>  Limited | _____/s/_____<br>John A. V. Nicoletti<br>Michael J. Carcich<br>NICOLETTI, HORNIG, CAMPISE & SWEENEY<br>Wall Street Plaza<br>88 Pine Street<br>New York, New York 10005-1801<br>(212) 220-3830<br>(212) 220-3780 (facsimile)<br><br>Attorneys for Gypsum Transportation<br>  Limited |

_____/s/_____
James W. Bartlett, III (No. 00017)
Alexander M. Giles (No. 25474)
Semmes, Bowen & Semmes, P.C.
250 W. Pratt Street, 16th Floor
Baltimore, MD  21201-2423
(410) 539-5040

Attorneys for Captain Timothy M. Cober

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| | * | |
| v. | * | |
| | | Consolidated cases under |
| M/V A.V. KASTNER, etc., *et al.*, | * | Civil Action No.: WMN-02-662 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of January, 2004, a copy of the foregoing Reply to The Buchanan Trust and Buchanan Marine, L.P. Response Opposing Motion to Compel was served on the following counsel of record by the manner indicated below.

**VIA E-MAIL**

David W. Skeen, Esquire
Stephen J. White, Esquire
Wright, Constable & Skeen, LLP
One Charles Center, 16th Floor
100 N. Charles Street
Baltimore, Maryland 21201-3812

Attorneys for Norfolk Dredging Company

David H. Sump, Esquire
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
One Commercial Place
Norfolk, VA 23510

Attorneys for Norfolk Dredging Company

Paul D. Bekman, Esquire
Israelson, Salsbury, Clements & Bekman, LLC
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201

Attorneys for Troy A. Link and Dennis Wallace

John T. Ward, Esquire
Ward Kershaw
113 W. Monument Street
Baltimore, Maryland 21201

Attorneys for Buchanan Marine, L.P. and A.P. Franz, Trustee of The Buchanan Trust

Robert M. Schwartzman, Esquire
Lord & Whip
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland 21201-3020

Attorneys for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell

C. Arthur Rutter, III, Esquire
Deborah C. Waters, Esquire
Rutter, Mills
160 West Brambleton Avenue
Norfolk, Virginia 23510

Attorneys for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell

Peter G. Decker, Jr., Esquire
Decker, Cardon, Thomas, Neskis
Decker Building
201 E. Plume Street
Norfolk, VA 23510

Attorneys for Jeffrey Slaton, the Estate of William Thomas Bryant

A. Davis Bugg, Jr., Esquire
Rumsey & Bugg, P.C.
Irvington Road
P.O. Box 720
Irvington, VA 22480

Attorneys for the Estate of Ronald L. Bonniville

William E. Johnson, Esquire
Johnson Law Center
P.O. Box 99
Mathews, VA 23109

Attorneys for the Estate of Ronald L. Bonniville

John Hughes Cooper, Esquire
1808 Middle Street
P.O. Box 395
Sullivan's Island, SC 29482

Attorneys for the Estate of Clarence McConnell

Cain Denny, Esquire
Cain Denny, P.A.
P.O. Box 1205
Charleston, SC 29402

Attorneys for the Estate of Clarence McConnell

Peter Ayers Wimbrow, III, Esquire
4100 Coastal Highway
Ocean City, Maryland 21842

Attorneys for the Estate of Justin Maurice Bryant

| | |
|---|---|
| Thomas B. Shuttleworth, Esquire<br>Shuttleworth, Ruloff, Giordano,<br>4525 South Boulevard, Suite 300<br>Virginia Beach, VA 23452<br><br>Attorneys for the Estate of Justin Maurice Bryant | Johnnie L. Cochran, Jr., Esquire<br>J. Farrest Taylor, Esquire<br>Cochran, Cherry, Givens & Smith, P.C.<br>163 West Main Street<br>P.O. Box 927<br>Dothan, AL 36302<br><br>Attorneys for the Estate of Justin Maurice Bryant |
| Patrick M. Brogan, Esquire<br>R. Arthur R. Jett, Jr., Esquire<br>Davey & Brogan, P.C.<br>101 Granby Street, Suite 300<br>P.O. Box 3188<br>Norfolk, VA 23514-3188<br><br>Attorneys for Buchanan Marine, L.P. and A.P. Franz, Trustee of The Buchanan Trust | James W. Bartlett, III, Esquire<br>Alexander M. Giles, Esquire<br>Semmes, Bowen & Semmes<br>250 W. Pratt Street, 16th Floor<br>Baltimore, Maryland 21202<br><br>Attorneys for Maryland Bay Pilot,<br>Timothy M. Cober |
| **VIA FEDERAL EXPRESS:**<br>Ralph Rabinowitz, Esquire<br>Rabinowitz, Swartz, Taliaferro, et al.<br>Town Point Center<br>150 Boush Street<br>Norfolk, VA 23510<br><br>Attorneys for Troy A. Link and Dennis Wallace | **VIA E-MAIL AND HAND DELIVERY**<br>J. Stephen Simms, Esquire<br>Simms Showers, LLP<br>20 South Charles Street, Suite 702<br>Baltimore, Maryland 21201<br><br>Attorneys for Buchanan Marine, L.P. and A.P. Franz, Trustee of The Buchanan Trust |

             _____/S/_____
                Robert B. Hopkins