IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORFOLK DREDGING CO. | : | |
| | : | |
| v. | : | Civil Action WMN-02-662 |
| | : | |
| M/V A.V. KASTNER, et. al. | : | |
| | : | |

**MEMORANDUM**

Before the Court is a Motion To Compel The Buchanan Trust And Buchanan Marine, L.P. To Produce Documents, Paper No. 220, filed by Gypsum Transportation Ltd., Beltship Mgmt. Ltd. and Captain Timothy Cober (collectively the "KASTNER Interests"). Underlying the motion is the KASTNER Interests' desire to clarify Buchanan Tug Captain Michael Welch's knowledge of the waters where the collision occurred and his experience with the tow he was attempting to control. Specifically, the motion seeks production of:

1. All vessel logs, vessel plans and invoices for vessels operated by Captain Welch during his employment with Buchanan; and

2. Captain Welch's personal log.

After review of the pleadings and exhibits, the Court will grant the motion in part and deny it in part.

The dispute at issue arises from an interrogatory item, served on Buchanan by the KASTNER Interests in August of 2002,

1

requesting,

> All documents in any way referring or relating to the training and experience of the crew of any of the vessels in Tug and Tow Flotilla, including but not limited to licenses, schools, certificates or other documents.

In response, Buchanan first produced U.S. Coast Guard certificates for each of the crew members aboard the Tug BUCHANAN 14 at the time of the collision. Several months later, Buchanan supplemented their response by producing Capt. Welch's U.S. Coast Guard license, selected voyage plans by Capt. Welch, and Buchanan's payroll for the two weeks surrounding the accident.

In April of 2003, during Buchanan's corporate deposition, the KASTNER Interests clarified the need for the documents at issue in this motion in order to ascertain the scope of Capt. Welch's relevant experience. The KASTNER Interests made an oral request for those documents at the deposition and repeated the request via emails over the course of the next seven months. The Court finds, however, that Buchanan did not definitively refuse to produce the documents until an email dated November 19, 2003.

Buchanan now takes the position, as to the vessel logs, vessel plans and invoices, that the KASTNER Interests' request is both untimely and overly broad. Buchanan makes no showing,

however, concerning the potential over-breadth of the request, which the Court views as a critical shortcoming, considering that Capt. Welch only worked for Buchanan for roughly a year and a half.  Further, the Court agrees with the KASTNER Interests that under Fed. R. Civ. P. 34(b), Buchanan had the burden of asserting its objection to the scope of the request.  The Court finds that the motion to compel was timely filed once Buchanan definitively made its objection.  Accordingly, the motion will be granted as to the vessel logs, vessel plans and invoices.

    The Court views Capt. Welch's personal log in a completely different light.  Capt. Welch is no longer a Buchanan employee; thus, the log is not Buchanan's to produce.  A subpoena for that document is properly addressed to Capt. Welch himself, which the KASTNER Interests apparently served on or about December 26, 2003.  Accordingly, the motion will be denied as to Capt. Welch's personal log.  A separate order will issue.

                                                /s/
                                    William M. Nickerson
                                    Senior United States District Judge

Dated: January 15, 2004.