# SIMMS SHOWERS LLP

J. STEPHEN SIMMS
PRINCIPAL
JSSIMMS@SIMMSSHOWERS.COM

January 16, 2004

**BY CM/ECF**

Hon. William M. Nickerson
United States District Judge
United States District Court for the
 District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

> Re:   **Norfolk Dredging Co. v. M/V A.V. KASTNER, et al.**
>       **Civil Action No. WMN 02 CV 662**

Dear Judge Nickerson:

We write addressing the Court's January 7th letter on the order of trial, responding to its request that parties objecting to the procedure that the letter outlines, inform the Court of those before the January 20th pretrial conference.

Buchanan asks that the Court consider the following procedure for establishing the amount of the limitation fund.  The Court wrote concerning this, as follows:

> (3) At the conclusion of the first two rounds of proof, the Court will rule as to:
>
> \*   \*   \*
>
> d) for those parties granted limitation, the amount of the limitation fund and supplemental fund, if any . . . .

Professor Schoenbaum in <u>Admiralty and Maritime Claims</u> 341 (3d ed. 2001 &  Supp. 2003), quoting Federal Supplemental Rule F for Certain Admiralty and Maritime Claims, states as follows:

> As a condition to filing the complaint for limitation, the shipowner must also:
>
> deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary * * *
>
> The posting of security must also include six percent yearly interest.  If any claimant is concerned that the amount of security is insufficient, he may move for an increase and an appraisal of the value of the plaintiff's interest in the vessel and pending freight.  The court must order an appraisal and may order an increase or reduction in the security.

Hon. William M. Nickerson
United States District Judge
January 16, 2004
page 2

In March and April, 2002, The KASTNER interests, Buchanan, and Norfolk Dredge began their respective shipowners' limitation of liability proceedings by providing the Court with security in the form of <u>ad</u> <u>interim</u> stipulations of the value of the respective vessels of each, pursuant to Supplemental Rule F, which the Court approved.

Buchanan's value stipulation, accepted by the Court for the TUG BUCHANAN 14, for example, was $250,000.

Thereafter, this limitation action proceeded on that security. Now nearly two years into the case, and well beyond the November, 2003 motions deadline, there have been no motions, pursuant to Supplemental Rule F or otherwise, contending that the security that the KASTNER interests, Buchanan, and Norfolk Dredge provided to begin this limitation action, was insufficient.

Consequently, Buchanan believes that, at least, the outside value of the limitation fund is established, that is, the fund value is at most, the sum of the stipulations that the KASTNER interests, Buchanan, and Norfolk Dredge provided to the Court, that the Court accepted by Order, and that have not been challenged.

Specifically as to Buchanan, then, Buchanan's $250,000 portion of the limitation fund already is established, and there is no further ruling required on that. The same would be true for Norfolk Dredge, and KASTNER, for the specific amounts that they stipulated to.

We have canvassed each of the parties concerning this point. Norfolk Dredge and the other claimants agree with it. KASTNER has indicated, that we should not present their position.

Considering Supplemental Rule F, however, as set out above, the Court does not have to engage in the further consideration of evidence, as the proposed trial order section (3)(d) describes. The KASTNER interests', Buchanan's, and Norfolk Dredge's ad valorem stipulations have already established the amount of the limitation fund. (Concerning any supplemental fund, this would only apply if the proposed fund of the KASTNER, as an ocean-going vessel, was less than $420/gross ton and insufficient to pay personal injury claims. The KASTNER's stipulated fund, however, exceeds any supplemental fund amount).

Respectfully Submitted,

J. Stephen Simms

cc:    All Counsel