IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NORFOLK DREDGING COMPANY,     *

             *

v.                  *

                      Consolidated cases under

M/V A.V. KASTNER, etc., *et al.*,    *     Civil Action No.:  WMN-02-662

             *

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
## MICHAEL WELCH TO PRODUCE DOCUMENTS

Gypsum Transportation Limited, Beltship Management Limited, Captain Timothy M. Cober, Jeffrey M. Slaton, Dennis Wallace, Troy Link, The Estate of William Bryant, the Estate of Ronald Bonniville and the Estate of Clarence McConnell (collectively referred to as the "Movants"), by their undersigned attorneys, hereby submit this Memorandum in Support of their Motion to Compel Captain Michael Welch ("Captain Welch") to produce documents.

## I.    INTRODUCTION

This Memorandum is filed to support the Motion to Compel Captain Welch to produce a document in his possession that relates to a critical issue in this matter -- the experience, or lack thereof, of Captain Welch with the waters where the Collision occurred and with the tow he was attempting to control.  The specific document sought is Captain Welch's  personal log, which he testified contains information as to his marine experience, or lack thereof.

## II.    PROCEDURAL HISTORY

As the Court is well aware, various parties contend that Captain Welch's lack of experience in navigating the portion of the Elk River where the Collision occurred and his

inexperience with the type of tow he was attempting to control contributed to cause the Collision. Captain Welch, at his deposition, testified that over the last few years he has maintained a personal log that contains information about his marine experience. *See* Exhibit 1, pages 134-135. At this deposition, Buchanan counsel advised that they were also representing Captain Welch personally. *See* Exhibit 1, page 245. An agreement was then reached that Buchanan/Welch counsel would attempt to voluntarily obtain Captain Welch's personal log and that the Movants would be able to subpoena Captain Welch outside the discovery period if Buchanan/Welch counsel were unsuccessful. The Court approved this agreement. *See* the Court's June 6, 2003 Order.

On or about November 19, 2003, Buchanan/Welch counsel advised that they had now obtained a portion of Captain Welch's personal log but were only willing to produce a few pages that covered the days around the Collision. Copies of these few pages are attached as Exhibit 2 and further confirm that Captain Welch's personal log does in fact contain information about his marine experience. These few pages set forth no personal information. Buchanan/Welch counsel also, for the first time, advised on November 19, 2003 that they were unwilling to produce not only the personal log of Captain Welch but also certain Buchanan documents dealing with Captain Welch's marine experience.[1] Accordingly, certain of the Movants filed a Motion to Compel Buchanan to produce Buchanan documents detailing Captain Welch's marine experience and to produce the portions of Captain Welch's personal log book now in the possession of Buchanan/Welch counsel. Additionally, on December 29, 2003, a subpoena was served on Captain Welch compelling him to appear for a videotape *de bene esse* deposition on January 22, 2004 near his home in New Jersey. The subpoena also required him to produce his complete personal log. On December 31, 2003, Buchanan/Welch counsel objected to the

---

[1] *See* the Court's January 15, 2004 Memorandum and Order, which previously set forth this factual history.

subpoena on the grounds that (1) the subpoena violated Discovery Guideline 4 requiring an effort

among counsel to coordinate deposition dates; (2) the subpoena was served outside the discovery

period and (3) Captain Welch was not provided with 30 days' notice to produce the documents.

*See* Exhibit 3. Buchanan/Welch counsel made no objection that the personal logs were not

discoverable, i.e., not likely to lead to the discovery of admissible evidence. With regard to the

videotape *de bene esse* portion of the deposition, the parties have since reached an agreement

that this portion of the deposition is not necessary because Buchanan has agreed to produce

Captain Welch live at trial. The agreement did not address the document production portion of

the subpoena.

On January 15, 2003, this Court ruled that Buchanan must produce all Buchanan

documents in its possession pertaining to Captain Welch.[2] The Court also noted that the

subpoena had been served on Captain Welch and for that sole reason denied the Motion to

Compel as to any obligation of Buchanan to produce Captain Welch's log book. Counsel for one

of the Movants then sent an e-mail to Buchanan/Welch counsel asking when Captain Welch

would produce the requested document and further noting that the date of production could be

moved to accommodate Captain Welch and counsel. *See* Exhibit 4. This e-mail was never

responded to.

At the pre-trial conference, Buchanan/Welch counsel first raised the concern that Captain

Welch's personal log may contain information about his personal life. Movants advised that

they are not interested in any portion of the personal log that contains information dealing with

Captain Welch's personal life and that such information could be redacted. Despite all of this,

Buchanan/Welch counsel have stated that Captain Welch still refuses to produce his personal

---

[2]As of the filing of this Motion and Memorandum on Friday, January 23, 2004, Buchanan has still not produced these documents, which the Court ordered Buchanan to produce, despite the statement of Buchanan/Welch counsel at the pre-trial conference that these documents would be produced on "Wednesday or Thursday" of this week.

log.

## II.    LEGAL ANALYSIS

Pursuant to Rule 45 of the Civil Rules of Civil Procedure, a party may at any time file a motion to compel against a non-party who refuses to produce certain documents.

### A.    Captain Welch's Concerns Have Either Been Cured Or Are Invalid

Captain Welch has set forth three written concerns as to producing the requested document. *See* above. Two of these concerns, effort among counsel to coordinate deposition dates and Captain Welch being provided with 30 days' notice have been cured as Movants have indicated that they are willing to be flexible on a production date. Captain Welch's third written concern, that the document production request is beyond the discovery cut off, is simply invalid as the Court's June 6, 2003 Order permitted such production to occur outside the discovery cutoff. *See* above. Captain Welch's only other concern, expressed by Buchanan/Welch counsel at the pretrial conference, is that the log may contain personal information. As noted above, the Movants are only interested in portions of the personal log dealing with Captain Welch's marine experience and any information regarding his personal life could be redacted.

### B.    The Importance of Captain Welch's Personal Log

Finally, while Captain Welch has not to date expressed a concern about the scope[3] of the production request, (i.e., likely to lead to the discovery of admissible evidence) brief mention will be made why the requested document is important. In this matter, Buchanan has initiated a limitation proceeding attempting to limit its liability to the value of the BUCHANAN 14, which Buchanan has stipulated to be $350,000. Courts will deny a party's right to limit its liability if the cause of a casualty was within the privy or knowledge of the shipowner. Shipowners have a

---

[3] The Movants are willing to further limit the scope of their request to the portions of the log for the eighteen months prior to the Collision. This should further obviate the need for redaction and allay Captain Welch's personal concerns.

non-delegable duty to provide a competent or experienced crew. If a casualty is caused by the

inexperience or incompetence of a crewman, and a shipowner had actual knowledge of such

inexperience or incompetence or failed to make reasonable inquiry as to such inexperience or

incompetence, such inexperience or incompetence is within the privity and knowledge of the

shipowner and a limitation action will be denied. *Empresa Lineas Maritimas Argentinas S.A. v.*

*United States*, 730 F.2d 153, 155, 1984 AMC 1698, 1700-1701 (4th Cir. 1984); *Empire Seafoods,*

*Inc. v. Carl R. Anderson, et al.*, 398 F.2d 204, 1968 AMC 2664 (5th Cir. 1968); *Self v. Great*

*Lakes Dredge Dock Co.*, 832 F.2d 1540, 1988 AMC 2278 (11th Cir. 1987); *Tug Ocean Prince,*

*Inc. v. United States*, 584 F.2d 1151, 1978 AMC 1786 (2d Cir. 1978).

Thus, it is clear why Captain Welch's personal log is relevant in this matter. It is

expected that this document will confirm and add further support to the fact that Captain Welch

had little or no experience with the area where the Collision occurred and with the type of tow he

was attempting to control. Moreover, it will also be shown that Buchanan failed to make any

type of reasonable inquiry as to Captain Welch's experience and competence.

At the pretrial conference, the Court also expressed concern over whether Captain

Welch's personal log contains relevant information. As noted above, Captain Welch testified

that it contains information about his marine experience and the few pages of the personal log

already provided by the Movants also confirm this. Moreover, because the U.S. Coast Guard

requires mariners to report sea time to obtain and renew licenses, mariners, such as Captain

Welch, often maintain such logs. *See* 46 C.F.R. §§ 10.209(c)(1); 10.428(a). Additionally, courts

have, in the past, referred to and/or permitted use of mariners' personal logs in proceedings.

*Etheridge v. Rainier Investments, Inc., et al.*, 1998 AMC 2978, 2982 (E.D. Alaska 1998);

*Atlantic & Gulf Stevedores, Inc. v. M/V ESCHERSHEIM, et al.*, 1978 AMC 2024, 2028 (E.D. La.

1977).[4]  Finally, it must again be pointed out that the only question that the Court must address at

this stage deals with discovery as opposed to admissibility of the personal log.  Admissibility

cannot be fully addressed until the Movants are, in fact, given a chance to review the personal

log.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court order Captain Welch

to produce his personal log for the 18 months prior to the Collision.

Respectfully submitted,


_____/s/_____          _____/s/_____
M. Hamilton Whitman, Jr. (No. 00373)        John A. V. Nicoletti
Robert B. Hopkins (No. 06017)               Michael J. Carcich
Charles A. Diorio (No. 26369)               NICOLETTI, HORNIG, CAMPISE & SWEENEY
OBER, KALER, GRIMES & SHRIVER               Wall Street Plaza
A Professional Corporation                  88 Pine Street
120 E. Baltimore Street                     New York, New York 10005-1801
Baltimore, Maryland 21202-1643              (212) 220-3830
(410) 685-1120                              (212) 220-3780 (facsimile)
(410) 547-0699 (facsimile)
Attorneys for Gypsum Transportation         Attorneys for Gypsum Transportation
  Limited and Beltship Management             Limited
Limited


_____/s/_____          _____/s/_____
James W. Bartlett, III (No. 00017)          Paul D. Bekman, Esquire
Alexander M. Giles (No. 25474)              Salsbury, Clements, Bekman, Marder &
Semmes, Bowen & Semmes, P.C.                Adkins, LLC
250 W. Pratt Street, 16th Floor             300 W. Pratt Street, Suite 450
Baltimore, MD  21201-2423                   Baltimore, Maryland 21201
(410) 539-5040
                                            Attorneys for Troy A. Link and Dennis
Attorneys for Captain Timothy M. Cober      Wallace

---

[4] Both of these cases are attached hereto as Exhibit 5.

_____/s/_____
Robert M. Schwartzman, Esquire
Lord & Whip
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland 21201-3020

Attorneys for Jeffrey Slaton, the Estate of
Ronald L. Bonniville, the Estate of William
Thomas Bryant, and the Estate of Clarence
McConnell

_____/s/_____
Ralph Rabinowitz, Esquire
Rabinowitz, Swartz, Taliaferro, et al.
Town Point Center
150 Boush Street
Norfolk, VA 23510

Attorneys for Troy A. Link and Dennis
Wallace

_____/s/_____
C. Arthur Rutter, III, Esquire
Deborah C. Waters, Esquire
Rutter Mills
160 W. Brambleton Avenue
Norfolk, VA 23510

Attorneys for Jeffrey Slaton, the Estate of
Ronald L. Bonniville, the Estate of William
Thomas Bryant, and the Estate of Clarence
McConnell