IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY | * | |
| Plaintiff | * | |
| v. | * | Consolidated Cases Under |
| M/V A.V. KASTNER, etc., et al. | * | Civil Action No. WMN-02-CV-00662 |
| Defendants | * | |
| * * * * * * * | | |

**CLAIMANT'S, TROY A. LINK MOTION IN LIMINE**

Claimant, Troy A. Link, by their attorneys Paul D. Bekman and Salsbury, Clements, Bekman, Marder and Adkins, and Ralph Rabinowitz and Rabinowitz, Swartz, Taliaferro, Lewis, Swartz, Goodove, hereby submit Claimant's, Troy A. Link, Motion in Limine concerning the admissibility of evidence regarding whether Claimant Troy A. Link has used any narcotics, and in support thereof state as follows:

1.  Claimant anticipates that Defendants will attempt to introduce evidence at trial that Claimant Link has used narcotics, namely, marijuana prior to boarding of the Tug SWIFT. During his deposition, Claimant Link stated that he may have used marijuana within 24 hours prior to boarding the Tug SWIFT. Claimant Link also testified that he did not use any narcotics within 24 hours of the accident on February 25, 2002, nor did he use any narcotic drugs during the course of the voyage prior to the casualty of February 25, 2002.

2.  Whether Claimant Link has used narcotics is irrelevant to any issue in this case. Whether Claimant Link has used narcotics has no bearing on the issue of whether the

1

BUCHANAN 14, the M/VA A. V. KASTNER, her crew and pilot, and Norfolk Dredging Company, principally Tug SWIFT's master, William Bryant, and Norfolk Dredging's dredging supervisor Rickie McLamb, were negligent in causing the collision between the M/VA A.V. KASTNER and the Tug SWIFT or the issue of the unseaworthiness of the vessels M/VA A. V. KASTNER, BUCHANAN 14, and Tug SWIFT. There is no allegation in this case that Claimant Link was in control or a managing agent or otherwise responsible for the navigation and/or management of any vessel which caused or contributed to this casualty. Federal Rule of Evidence 402 provides that evidence that is not relevant is not admissible. Consequently, as to the issue of whether Claimant Link has used narcotics has no relevance to the instant matter, any evidence relating to whether Claimant Link has used narcotics is not admissible.

       3.     Even if the issue of whether Claimant Link has used narcotics were relevant, which Claimant does not concede, such evidence is extremely prejudicial to the Claimant and would only serve to inflame the finder of fact. Federal Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Evidence related to whether Claimant Link has used narcotics is irrelevant, has no probative value, and has substantial danger of causing Claimant unfair prejudice. Therefore, evidence of this matter should be excluded at trial.

       WHEREFORE, Claimant, Troy A. Link, respectfully requests that his Motion in Limine be granted and that all parties be precluded from introducing evidence related to the issue of whether Claimant Link had used narcotics prior to boarding the Tug SWIFT.

Respectfully submitted,

_____
PAUL D. BEKMAN
Salsbury, Clements, Bekman, Marder
&amp; Adkins, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
Telephone: 410-539-6633
Facsimile: 410-652-9554


_____
RALPH RABINOWITZ
Rabinowitz, Swartz, Taliaferro, Lewis,
Swartz &amp; Goodove
Town Point Center, Suite 800
150 Boush Street
Norfolk, Virginia 23510

Attorneys for Troy A. Link
and Dennis Wallace

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this _____ day of January, 2004, a copy of Claimant's, Troy A. Link, Motion in Limine was mailed, first class, postage prepaid to the following:

Ralph Rabinowitz, Esquire
Rabinowitz, Swartz, Taliaferro, Lewis,
    Swartz & Goodove
Town Point Center, Suite 800
150 Boush Street
Norfolk, Virginia 23510

J. Stephen Simms, Esquire
W. Charles Bailey, Jr., Esquire
Simms Showers LLP
20 S. Charles Street, Suite 702
Baltimore, Maryland 21201

John T. Ward, Esquire
Ward/Kershaw, P.C.
113 West Monument Street
Baltimore, Maryland 21201

David W. Skeen, Esquire
Wright, Constable & Skeen, L.L.P.
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, Maryland 21201

Robert M. Schwartzman, Esquire
Lord and Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201

Peter Ayers Wimbrow, III, Esquire
4100 Coast Highway
Ocean City, Maryland 21842

C. Arthur Rutter, III, Esquire
Deborah C. Waters, Esquire
Rutter, Walsh, Mills & Rutter, LLP
415 St. Paul's Boulevard, Ste. 700
Norfolk, Virginia 23510

Thomas B. Shuttleworth, Esquire
Shuttleworth, Ruloff, Giordano & Swain, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452

Carter T. Gunn, Esquire
Vandeventer, Black, LLP
500 World Trade Center
Norfolk, Virginia 23510-1699

Patrick M. Brogan, Esquire
R. Arthur Jett, Jr., Esquire
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510

M. Hamilton Whitman, Jr., Esquire
Robert B. Hopkins, Esquire
Charles A. Diorio, Jr., Esquire
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, Maryland 21202

David H. Sump, Esquire
David N. Payne, Esquire
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
One Commercial Place
Norfolk, Virginia 23510

Cain Denny, Esquire
Cain Denny, P.A.
P.O. Box 1205
Charleston, South Carolina 29402

| | |
|---|---|
| John Hughes Cooper, Esquire<br>1808 Middle Street<br>P.O. Box 395<br>Sullivan's Island, South Carolina 29482 | William E. Johnson, Esquire<br>Johnson Law Center<br>P.O. Box 99<br>Mathews, Virginia 23109 |
| Peter G. Decker, Jr., Esquire<br>Decker, Cardon, Thomas, Neskis<br>Decker Building<br>201 E. Plume Street<br>Norfolk, Virginia 23510 | A. Davis Bugg, Jr., Esquire<br>Rumsey & Bugg, P.C.<br>Irvington Road<br>P.O. Box 720<br>Irvington, Virginia 22840 |
| W. Hamilton Whitman, Jr., Esquire<br>Robert B. Hopkins, Esquire<br>Charles A. Diorio, Esquire<br>Ober, Kaler, Grimes & Shriver, P.C.<br>120 E. Baltimore Street<br>Baltimore, Maryland 21202-1643 | James W. Bartlett, III, Esquire<br>Alexander M. Giles, Esquire<br>Semmes, Bowen & Semmes<br>250 West Pratt Street, 16th Floor<br>Baltimore, Maryland 21202 |
| | Johnnie L. Cochran, Jr., Esquire<br>J. Farrest Taylor, Esquire<br>Cochran, Cherry, Givens & Smith, P.C.<br>163 West Main Street<br>P.O. Box 927<br>Donthan, Alabama 36302 |
| | John A. V. Nicoletti, Esquire<br>Michael J. Carcich, Esquire<br>Nicoletti, Hornig, Campise & Sweeney<br>Wall Street Plaza<br>88 Pine Street<br>New York, New York 10005-1801 |

_____
PAUL D. BEKMAN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NORFOLK DREDGING COMPANY | * |
| Plaintiff | * |
| v. | * Consolidated cases under |
| M/V A.V. KASTNER, etc., *et al.,* | * Civil Action No.: WMN-02-CV-00662 |
| Defendants | * |

\* \* \* \* \* \* \*

## ORDER

Upon due consideration of the Claimant's, Troy A. Link, Motion in Limine, it is this _____ day of _____, 2004

ORDERED that the Claimant's, Troy A. Link, Motion in Limine be and is hereby GRANTED.

_____
JUDGE