IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NORFOLK DREDGING COMPANY, *

\*

v. *

M/V A.V. KASTNER, etc., *et al.*, *   Consolidated cases under
                                      Civil Action No.: WMN-02-662

\*

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE BUCHANAN FROM REDUCING ITS LIMITATION FUND

Gypsum Transportation Limited, Beltship Management Limited and Timothy M. Cober (collectively, the "KASTNER Interests"), by their undersigned counsel, hereby submit this Memorandum In Support of its Motion to preclude Buchanan Marine and/or Buchanan Trust (collectively, "Buchanan") from reducing its Limitation Fund from $350,000.

**I.    BACKGROUND**

At approximately 0645 hours on February 25, 2002, a collision occurred in the Elk River in the upper Chesapeake Bay (the "Collision"), between a flotilla of vessels headed by the Tug BUCHANAN 14 and the M/V A.V. KASTNER.

Thereafter, on March 15, 2002, Buchanan filed a limitation of liability action in this court, seeking to limit its liability to the value of the Tug BUCHANAN 14. The Complaint, which was verified only by counsel for Buchanan, asserted that "Buchanan

believes, prior to survey, that the value of the TUG BUCHANAN 14 at the close of the voyage was $250,000." (Buchanan Limitation Complaint, ¶ 8) Although Buchanan's motion papers also mentioned the $250,000 figure, the Stipulation for Value posted by Buchanan pursuant to Supplemental Rule F as security for the limitation action is in the actual amount of $350,000. Like the Verified Complaint, this Stipulation for Value was also executed by counsel for Buchanan.

During the final stages of the preparation of the Pretrial Order, Buchanan inserted in its Statement of Facts language to the effect that "Tug Buchanan 14 had a value of approximately $250,000" (Pretrial Order, p.21), and in its Legal Theories Buchanan inserted language to the effect that "Buchanan also seeks to limit its liability. . . to the $250,000 value of the B14" (Pretrial Order, p. 60). Buchanan also added to its list of factual witnesses "Jules Lloyd or Buchanan Property Manager/Inventory Manager/witness to confirm $250,000 B-14 stipulated value" (Pretrial Order, p. 107). The actual stipulated value, however, was $350,000.

II.   DISCUSSION

The Limitation of Liability Act provides that an owner may limit its liability to the value of its vessel at the conclusion of the voyage upon which an accident occurred. See 46 U.S.C. App. §183(a). The value of the vessel is usually determined by an expert's appraisal or by sale under order of the court. The ETHELSTAN, 246 F. 187, 189 (S.D. Fla. 1917).

Pursuant to Supplemental Rule F, Buchanan posted a Stipulation for Value establishing the value of the Tug BUCHANAN 14 in the amount of $350,000. During

2

discovery, Buchanan provided nothing to suggest a different value for the tug. Now, nearly two years into the case and well beyond the deadline for disclosing facts or expert witnesses, Buchanan seeks to prove a lower value for its tug, and hence to reduce its limitation fund, on the basis of testimony to which the KASTNER Interests are unable to respond.

Buchanan never produced a valuation survey or any evidence, other than its $350,000 Stipulation for Value, to establish the value of the Tug BUCHANAN 14. Buchanan never disclosed the report of any expert witness as to the valuation of Tug BUCHANAN 14, so no party, including the KASTNER Interests, was given an opportunity to name a rebuttal expert. (By contrast, during the first phase of expert disclosure, the KASTNER Interests disclosed the report of an expert as to the valuation of the A.V. KASTNER, and during the second phase, Buchanan disclosed the report of a rebuttal expert as to the valuation of the A.V. KASTNER.)

The appropriate sanction for Buchanan's failure to come forward with evidence of the value of the tug during discovery or at any time prior to preparation of the Pretrial Order is to preclude Buchanan from offering evidence on this issue other than its stipulation that the value of the tug is $350,000. See <u>Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F.3d 592, 597 (4th Cir. 2003); <u>Thompson v. HUD</u>, 219 F.R.D. 93, 103-04 (D. Md. 2003).

### III. CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court preclude Buchanan from offering evidence as to the valuation of Tug BUCHANAN 14 other than

3

the Stipulation for Value and preclude Buchanan from being allowed to reduce its limitation fund below the stipulated $350,000.

Respectfully submitted,

| _____/s/_____ | _____/s/_____ |
|---|---|
| M. Hamilton Whitman, Jr. (No. 00373) | John A. V. Nicoletti |
| Robert B. Hopkins (No. 06017) | Michael J. Carcich |
| Charles A. Diorio (No. 26369) | Terry L. Stoltz |
| OBER, KALER, GRIMES & SHRIVER | NICOLETTI, HORNIG, CAMPISE & |
| A Professional Corporation | SWEENEY |
| 120 E. Baltimore Street | Wall Street Plaza |
| Baltimore, Maryland 21202-1643 | 88 Pine Street |
| (410) 685-1120 | New York, New York 10005-1801 |
| (410) 547-0699 (facsimile) | (212) 220-3830 |
| Attorneys for Gypsum Transportation Limited and Beltship Management Limited | (212) 220-3780 (facsimile) |
| | Attorneys for Gypsum Transportation Limited |

_____/s/_____
James W. Bartlett, III (No. 00017)
Alexander M. Giles (No. 25474)
Semmes, Bowen & Semmes, P.C.
250 W. Pratt Street, 16th Floor
Baltimore, MD  21201-2423
(410) 539-5040

Attorneys for Captain Timothy M. Cober

736503.1