'IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NORFOLK DREDGING CO.,** | * | |
| Plaintiff, | * | |
| v. | * | Consolidated Cases Under Civil Action No. WMN-02-CV-00662 |
| **M/V A.V. KASTNER, her engines, boilers, tackle, etc.,** *in rem, et al.,* | * | |
| | * | |
| Defendants. | | |
| * * * * | * * * * * | |

### RESPONSE TO NDC'S MOTION *IN LIMINE* TO EXCLUDE UNDISCLOSED EXPERT OPINIONS OR EVIDENCE OF ALLEGED UNSEAWORTHINESS OF BERTH DOORS

Gypsum Transportation, Limited; Beltship Management Limited, the M/V A.V. KASTNER, and Captain Timothy M. Cober (collectively "the KASTNER interests"), by their undersigned attorneys, hereby respond to the Motion *in Limine* to Exclude Undisclosed Expert Opinions or Evidence of Alleged Unseaworthiness of Berth Doors filed by Norfolk Dredging Company ("NDC").

### I.   BACKGROUND

As is set forth in the "Frozen Compartment Doors" section of the Brief in Support of NDC's Motion, there is deposition testimony that two of the three doors to the crews' quarters on the Tug SWIFT were "dogged off" such that they could not be opened without the assistance of a "bar or something else" and were "frozen shut." (Brief in Support of NDC's Motion at 5-7). The bodies of two of the deceased crewmembers of the Tug SWIFT, Ronald Bonniville and Clarence McConnell, were found in the crews' quarters following the accident. Specifically,

Troy Link, when asked whether the two doors on the port and starboard sides of the crews' quarters were operable, answered:

> They were dogged off. . . . They were shut down tight and dogged off. What I mean, dogged off, you have a lever that comes down to tighten down the door to pull it tight. . . . And you take a bar and put it to tighten it further, to keep the cold air and water out. . . . You need that bar to get back out.

(Link Tr. at 229-30). Link did not know whether that bar was available in the bunk engine room. (Link Tr. at 230).

Similarly, Dennis Wallace, the mate of the Tug SWIFT, when asked whether the doors on each side of the crews' bunk room could be opened from the inside, replied: "I grabbed a hold of it. I couldn't open it. I tried when this, you know, just grabbed it, and wasn't man enough to open it. . . . It was froze shut." (Wallace Tr. at 256). Asked if those doors typically would be operable, Mate Wallace said: "Well, I guess they should have – should be. . . . But they weren't." (*Id*).

As is pointed out by NDC, another witness has testified that at least the port door from the crews' quarters could be used for egress. (Young Tr. at 151). Thus, the testimony creates an issue of fact – for determination by the trier of fact.

Moreover, there is pretrial testimony by an expert witness that a hazardous situation was created:

> Every watertight door, sometimes you have to shut them down, and when you shut them down you use dogs. And every door should have a pipe on it so you can facilitate opening and closing those doors, and they use this on all ships where they have watertight doors, not just tugs. So if you don't have the pipe, short length of metal pipe, then you have a hard situation.
>
> As far as closing the doors, if you have severe weather, this is, this depends on what they have for tugs and they want to keep the cold weather out, then they close the doors. But if they don't have a

2

> pipe so they can open it readily, then you have a condition that's
> not good.
>
> . . . .
>
> I think it's a hazardous situation. I won't use the word
> unseaworthy if you have an exit, but it's a hazardous situation.

(Transcript of Deposition of Captain George H. Reid taken on November 20, 2003, pertinent portions of which are attached hereto as Exhibit A, at 117-18).

## II.    DISCUSSION

Expert testimony is not needed to assist the Court in determining these issues of fact. Instead, these are matters within the common knowledge of this Court.

NDC in its Brief in Support argues that there is no opinion in the Pretrial Order or any pretrial disclosure that Bonniville and McConnell tried to escape the sinking Tug SWIFT through the "dogged" or "froze up" doors from the crews' quarters. NDC also argues that no party has disclosed an expert opinion that the condition of the Tug SWIFT's berthing compartment was in violation of any regulatory standard or contrary to the custom and practice of the marine industry, *i.e.,* that it was unsafe.

Without citing any authority, NDC contends that without expert opinions to this effect, none of the parties to this case should be allowed to present evidence that the condition of the berthing area doors on the Tug SWIFT[1] was unsafe and caused or contributed to causing the deaths of Bonniville and McConnell. Expert testimony, however, is not needed to assist the trier of fact in determining this fact issue.

Rule 702 of the Federal Rules of Evidence states in pertinent part:

---

[1] It is worth noting that, if the condition of the berthing doors is found to be unsafe, the Pennsylvania Rule will shift the burden to NDC to prove that this condition could not have contributed to cause the deaths of McConnell and Bonniville. *The Pennsylvania*, 86 U.S. 125 (1873).

3

> **If** scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determined a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . .

(Emphasis added). Expert testimony is not necessary, however, when the matter at issue is within the common knowledge of the trier of fact.

In *Salem v. United States Lines Co.,* 370 U.S. 31 (1962), a Jones Act shipowner/employer (the same posture as NDC with regard to the estates of Bonniville and McConnell) was sued for a seaman's personal injury on the grounds of unseaworthiness and negligence. The seaman had been injured when he moved from a ladder to a platform leading to his post in the crow's nest of the vessel. There were platforms at various levels inside the tower leading to the crow's nest, but there were no devices intended to facilitate safe maneuvering from ladder to platform. *Id.* at 32-33. The plaintiff was injured when he attempted to maneuver from a ladder to a platform. There was evidence at trial in the form of testimony and photographs from which the jury could see the construction of the vessel at the crow's nest level. No expert testimony was offered at trial, however, "that proper marine architecture required the additional provision of railings or other safety devices on such a ladder or platform enclosed within a tower leading to a crow's nest." *Id.* at 34. After the jury returned a general verdict for the seaman, the United States Court of Appeals for the Second Circuit reversed, holding that it was error to submit the question of unseaworthiness or negligence to a jury without expert testimony. In reversing the Court of Appeals, Justice Brennan, writing for the Court, stated:

> This is not one of the rare causes of action in which the law predicates recovery upon **expert testimony**. [Citation omitted]. Rather, the general rule is as stated by Mr. Justice Van Devanter, when circuit judge, that **expert testimony** not only is unnecessary, but indeed may properly be excluded in the discretion of the trial judge "if all the primary facts can be accurately and intelligibly

4

> described to the jury, and if they, as men of **common**
> understanding, are as capable of comprehending the primary facts
> and of drawing correct conclusions from them as are witnesses
> possessed of special or peculiar training, experience, or
> observation in respect of the subject under investigation. . . ."
> *United States Smelting Co. v. Parry,* 10 Cir., 166 F. 407, 411, 415.

*Id.* at 35 (emphasis in original). The Court went on in a footnote to observe that expert testimony about customary equippage of a vessel would neither be essential nor would it have concluded the questions of unseaworthiness or negligence. *Id.* at 37 n.6.

The United States Court of Appeals for the Fourth Circuit has similarly held that, while expert testimony generally is presumed to be helpful to the trier of fact, Rule 702 of the Rules of Evidence excludes expert testimony on matters within the common knowledge of the trier of fact. *Persinger v. Norfolk & Western Ry. Co.*, 920 F.2d 1185, 1188 (4th Cir. 1990); *Scott v. Sears Roebuck & Co.,* 789 F.2d 1052 (4th Cir. 1986).

More recently, the concept that an expert's testimony is only necessary when it will assist the trier of fact and when it is not within the ken of the ordinary layperson has been articulated by the Supreme Court as the second prong of the *Daubert* test. *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 (1993).

### III.   CONCLUSION

This Court, as the trier of fact in this case, can determine whether having two of three doors from the crews' quarters on the Tug SWIFT "dogged" and "froze shut" constituted an unsafe condition. Consequently, this Court should deny NDC's Motion *in Limine* to Exclude Undisclosed Expert Opinions or Evidence of Alleged Unseaworthiness of Berth Doors.

              /S/
M. Hamilton Whitman, Jr. (No. 00373)
Robert B. Hopkins (No. 06017)
Charles A. Diorio (No. 26369)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street, Suite 800
Baltimore, Maryland 21202-1643
(410) 685-1120

Terry L. Stoltz
Nicoletti Hornig Campise Sweeney & Paige
Wall Street Plaza
88 Pine Street
New York, New York  10005-1801
(212) 220-3830

Attorneys for Gypsum Transportation, Ltd. and
Beltship Management Limited

              /S/
James W. Bartlett, III (No. 00017)
Alexander M. Giles (No. 25474)
Semmes, Bowen & Semmes, P.C.
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201-2423
(410) 576-4833

Attorneys for Captain Timothy M. Cober

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of January, 2004, copies of this Response to NDC's Motion *in Limine* to Exclude Undisclosed Expert Opinions or Evidence of Alleged

6

Unseaworthiness of Berth Doors were electronically transmitted or mailed to all counsel listed in the Notice of Electronic Filing.

_____/S/_____
James W. Bartlett, III (No. 00017)

B0404628