**Page 1**

```
 1      IN THE UNITED STATES DISTRICT COURT
 2         FOR THE DISTRICT OF MARYLAND
 3               (Northern Division)
 4   ---------------------------X
 5   NORFOLK DREDGING COMPANY    :
 6        Plaintiff              :
 7     v.                        : Consolidated cases
 8   M/V A.V. KASTNER, etc., et  : Under Civil Action
 9   al.                         : No.: WMN-02-662
10        Defendants             :
11   ---------------------------:
12        Deposition of CAPTAIN GEORGE H. REID
13              Baltimore, Maryland
14            Thursday, November 20, 2003
15                  9:02 a.m.
16   Job No.: 1-25967
17   Pages 1 - 138
18   Reported by: Beatriz D. Fefel, RPR
```

**Page 2**

```
 1        Deposition of CAPTAIN GEORGE H. REID held
 2   at the law offices of:
 3
 4        WRIGHT, CONSTABLE & SKEEN, L.L.P.
 5        100 North Charles Street
 6        One Charles Center, 16th Floor
 7        Baltimore, Maryland  21201-3812
 8        (410) 659-1300
 9
10
11
12        Pursuant to agreement, before Beatriz D.
13   Fefel, Registered Professional Reporter and Notary
14   Public of the State of Maryland.
```

**Page 3**

```
 1             A P P E A R A N C E S
 2
 3   ON BEHALF OF THE PLAINTIFF:
 4       DAVID H. SUMP, ESQUIRE
 5       CRENSHAW, WARE & MARTIN, P.L.C.
 6       1200 Bank of America Center
 7       One Commercial Place
 8       Norfolk, Virginia  23510-2111
 9       (757) 623-3000
10   and
11       DAVID W. SKEEN, ESQUIRE
12       WRIGHT, CONSTABLE & SKEEN, L.L.P.
13       100 North Charles Street
14       One Charles Center, 16th Floor
15       Baltimore, Maryland  21201-3812
16       (410) 659-1300
```

**Page 4**

```
 1        A P P E A R A N C E S  (C O N T I N U E D)
 2
 3   ON BEHALF OF THE DEFENDANT TIMOTHY M. COBER:
 4       JAMES W. BARTLETT, III, ESQUIRE
 5       SEMMES, BOWEN & SEMMES, P.C.
 6       250 West Pratt Street
 7       19th Floor
 8       Baltimore, Maryland  21201
 9       (410) 539-5040
10
11   ON BEHALF OF THE DEFENDANTS GYPSUM
12   TRANSPORTATION, INC., M/V A.V. KASTNER AND
13   BELTSHIP MANAGEMENT LIMITED:
14       M. HAMILTON WHITMAN, JR., ESQUIRE
15       ROBERT B. HOPKINS, ESQUIRE
16       OBER, KALER, GRIMES & SHRIVER
17       120 East Baltimore Street, 8th Floor
18       Baltimore, Maryland  21201-1643
19       (410) 685-1120
```

**EXHIBIT A**

## Page 5

APPEARANCES (CONTINUED)

ON BEHALF OF JEFFREY SLATON, THE ESTATES OF
RONALD L. BONNIVILLE, WILLIAM THOMAS BRYANT
AND CLARENCE McCONNELL:
   ROBERT M. SCHWARTZMAN, ESQUIRE
   LORD & WHIP, P.A.
   36 South Charles Street
   Charles Center South, 10th Floor
   Baltimore, Maryland 21201-3020
   (410) 539-5881

ON BEHALF OF THE BUCHANAN INTERESTS:
   PATRICK M. BROGAN, ESQUIRE
   DAVEY & BROGAN, P.C.
   101 Granby Street, Suite 300
   Norfolk, Virginia 23514-3188
   (757) 622-0100
and   J. STEPHEN SIMMS, ESQUIRE
   SIMMS SHOWERS, L.L.P.
   20 South Charles Street, Suite 702
   Baltimore, Maryland 21201
   (410) 783-5795

## Page 6

CONTENTS

EXAMINATION OF CAPTAIN GEORGE H. REID   PAGE:
   By Mr. Whitman   8
   By Mr. Sump   77
   By Mr. Bartlett   98
   By Mr. Schwartzman   119
   By Mr. Whitman   127
   By Mr. Sump   134

EXHIBITS
(Retained by counsel)

REID DEPOSITION EXHIBITS:   PAGE:
1   Notice of Deposition   8
2   6/19/03 Reid Report   8
3   10/16/03 Reid Rebuttal Report   8
4   6/2/03 Reid engagement letter,
   with attachments   8
5   2/25/02 Analysis of Ship Motions   15
6   Arnold Point Range Side Scan Sonar
   Data Analysis   15
7   2/25/02 Tides-Elk River, Old Town
   Point Wharf   57

## Page 7

EXHIBITS (CONTINUED)

REID DEPOSITION EXHIBITS   PAGE:
8   Hand-drawn diagram   92
9   Hand-drawn diagram   96
10   Chart 12277   128

## Page 8

(Deposition Exhibit Nos. 1 - 4 were premarked for identification and retained by counsel.)

PROCEEDINGS

CAPTAIN GEORGE H. REID
having been duly sworn, testified as follows:
EXAMINATION BY COUNSEL FOR THE DEFENDANT GYPSUM
BY MR. WHITMAN:
   Q  Captain Reid, would you state your full name, sir?
   A  My name is George H. Reid, R-E-I-D.
   Q  I'm going to have marked for the record -- or have had marked. I'd like to put on the record four exhibits, the first of which is the Notice of Deposition, that's Exhibit 1; the second exhibit, Exhibit 2 is Captain Reid's Report dated June 19, 2003; Exhibit 3 is Captain Reid's Rebuttal Report dated October 16, 2003; and Exhibit 4 is a letter dated June 2, 2003, from Captain Reid to Patrick Brogan attaching various documents in the way of Captain Reid's CV.
   Captain, did you ever a chance to review those four documents before the deposition began?

**117**

1   Q   In your opinion, Captain Reid, is it proper
2   for a tug operator to have two entrances to crews'
3   quarters secured such that it is difficult to lead
4   those quarters to starboard or port and leave only one
5   exit from the quarters to the aft of the crews'
6   quarters?
7         MR. SUMP: Objection as to form.
8   A   That would be unusual.
9   Q   Is it prudent for a tug operator to do that?
10        MR. SUMP: Objection continues.
11  A   Every watertight door, sometimes you have to
12  shut them down, and when you shut them down you use
13  dogs. And every door should have a pipe on it so you
14  can facilitate opening and closing those doors, and
15  they use this on all ships where they have watertight
16  doors, not just tugs. So if you don't have the pipe,
17  short length of metal pipe, then you have a hard
18  situation.
19        But as far as closing the doors, if you have
20  severe weather, this is, this depends on what they
21  have for tugs and they want to keep the cold weather
22  out, then they close the doors. But if they don't

**118**

1   have a pipe so they can open it readily, then you have
2   a condition that's not good.
3         MR. SUMP: I just want to put on the record
4   that there has been no disclosed opinion with regard
5   to the survivability of the Tug SWIFT, and I'll have a
6   continuing objection to any opinions elicited from any
7   of these experts with regard to opinions that have not
8   been disclosed from the parties.
9         MR. BARTLETT: Well, with all due respect
10  that's where we're here, to find out the opinions of
11  each of the experts, whether it's in a report or not.
12  That's why you do a discovery deposition.
13  Q   Do you believe a vessel, a tug that doesn't
14  have the pipes available on the dogs for those exits
15  from the crews' quarters is unseaworthy?
16        MR. SUMP: Objection as to form.
17  A   I think it's a hazardous situation. I won't
18  use the word unseaworthy if you have an exit, but it's
19  a hazardous situation.
20        MR. BARTLETT: That's all I have. Thank
21  you.
22        MR. SCHWARTZMAN: Let's go off the record.

**119**

1         (Discussion off the record.)
2         EXAMINATION BY COUNSEL FOR SLATON, ET AL.
3   BY MR. SCHWARTZMAN:
4   Q   It's good afternoon, Captain Reid.
5   A   Thank you.
6   Q   My name is Robert Schwartzman and I
7   represent Jeffrey Slaton and the Estates of Ron
8   Bonniville, William Thomas Bryant and Clarence
9   McConnell in this litigation.
10        Just by way of background, I don't know if
11  anybody's asked you, what's your date of birth, sir?
12  A   May 23rd, 1924.
13  Q   And you are involved in this case on behalf
14  of BUCHANAN and the Buchanan interests; is that
15  correct?
16  A   That is correct.
17  Q   They hired you?
18  A   Yes, sir.
19  Q   Okay. In your opinion, is BUCHANAN in any
20  way responsible for causing or contributing to this
21  incident?
22  A   Which incident? Be specific.

**120**

1   Q   Let's talk about the two collisions that
2   you've discussed this morning. The collision between
3   the KASTNER and the RC-811 and then the collision
4   between the KASTNER and the SWIFT.
5   A   All right. Addressing the first situation,
6   the collision between the KASTNER and the Barge
7   RC-811, I think that there's a proportionate liability
8   there.
9   Q   On behalf of BUCHANAN and who else?
10  A   On behalf of BUCHANAN and on behalf of
11  KASTNER.
12  Q   And what proportions do each of those
13  entities play in causing or contributing to the
14  accident?
15  A   I'm not going to speculate on that. That's
16  a decision that the court's going to have to make. I
17  mean, they usually make a division on that when you
18  have a collision between vessels, sixty/forty, fifty/
19  fifty, something like that, but I'm not involved in
20  that portion of it. I just know that there's a
21  proportion in the damages there, that there's a
22  proportionate liability for the B-14.