IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| | * | |
| v. | * | |
| M/V A.V. KASTNER, etc., *et al.*, | * | Consolidated cases under<br>Civil Action No.: WMN-02-662 |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**THE KASTNER INTERESTS' MEMORANDUM
IN OPPOSITION TO NDC'S MOTION IN LIMINE TO EXCLUDE
UNDISCLOSED EXPERT TESTIMONY**

Gypsum Transportation Limited, Beltship Management Limited and Captain Timothy M. Cober (collectively referred to as the "KASTNER Interests"), by their undersigned attorneys hereby submit this Memorandum in Opposition to the Motion in Limine to Exclude Undisclosed Expert Opinions filed by Norfolk Dredging Company ("NDC").

NDC has filed a Motion arguing that the Court should exclude certain evidence related to the Collision on the grounds that such evidence is not supported by designated expert testimony.

I. **Even Though the KASTNER Interests Were Not Required to Designate Expert Opinions As to the Engine Shutdown, They Did Make Such A Designation.**

In sections 1 and 2 of its Brief, NDC argues that the KASTNER Interests and/or Buchanan Marine did not designate an expert to testify that the shutting down of the main engines on the Tug SWIFT just minutes prior to the Collision caused the entire flotilla to move to port, or across the channel. Because of this, NDC argues that it has been prevented the opportunity to prepare an expert report on this issue and as such argues that no party should be permitted to introduce any evidence on this point. NDC's reasoning is flawed and its statement that no such expert testimony has been revealed on this issue is flat-out wrong.

To start, whether the engine shutdown was a causative factor is a factual question that must be decided by the Court after hearing all factual and expert evidence on the issue. There is no requirement that an expert is required to testify as to such causation.[1]

On top of this, the KASTNER Interests did in fact designate an expert to testify on this issue. Indeed, on September 9, 2003, the initial expert disclosure deadline, the KASTNER Interests provided all parties with the report of Dr. Haruzo Eda, a renowned expert in hydrodynamic forces. A copy of Dr. Eda's curriculum vitae is attached hereto as Exhibit 1 and attached hereto as Exhibit 2 is Page 8 of his report which discusses the above issue. NDC opted not to depose Dr. Eda.

In addition, one of NDC's own marine experts, Captain Richard Williams,

---

[1] For a more detailed discussion of this point the KASTNER Interests refer to and adopt the legal analysis set forth in their Response to NDC's Motion in Limine to Exclude Undisclosed Expert Opinions or Evidence of Alleged Unseaworthiness of Berth Doors and in their Opposition to Buchanan's Motion in Limine.

testified that he reviewed Dr. Eda's report and agrees with essentially everything stated by Dr. Eda (with the exception of one minor matter that has nothing to do with this issue). Captain Williams also testified that Dr. Eda has a very good reputation in the consulting community. *See* Exhibit 3. Dr. Eda's report was also reviewed by another NDC marine expert, D. Tate Austin. *See* Exhibit 4. Moreover, one of Buchanan's marine experts, William H. Daly, expressed similar opinions with regard to the engine shutdown. *See* Exhibit 5.

**II.     The KASTNER Interests Will Only Submit Evidence of Troy Link's Marijuana Use in the Damage Phase of This Action.**

NDC also argues in section 3 of its Brief that Tony A. Link's illegal drug use is inadmissible. As previously set forth in more detail in the KASTNER Interests' Memorandum and Opposition to Claimant Troy A. Link's Motion in Limine Regarding Illegal Drug Use, the KASTNER Interests will only be introducing evidence of Troy Link's illegal drug use in the damage phase of this matter. The KASTNER Interests' legal analysis on this point is set forth in detail in the above referenced Memorandum, which the KASTNER Interests hereby refer to and adopt.

### III. The KASTNER Interests Were Not Required to Designate Expert Opinion As to the Tug SWIFT's Lack of A GPS.

NDC also argues in Section 4 of its Brief, that because the KASTNER Interests have not disclosed any expert opinion that it was negligent for the SWIFT not to have a GPS system, they should be precluded from introducing any evidence on this point. Again, NDC is mistaken. Whether or not a party is negligent is up to the fact finder, who makes such a finding after hearing all factual and opinion testimony on this point.[2]

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| M. Hamilton Whitman, Jr. (No. 00373) | James W. Bartlett, III (No. 00017) |
| Robert B. Hopkins (No. 06017) | Alexander M. Giles (No. 25474) |
| Charles A. Diorio (No. 26369) | Semmes, Bowen & Semmes, P.C. |
| OBER, KALER, GRIMES & SHRIVER | 250 W. Pratt Street, 16th Floor |
| A Professional Corporation | Baltimore, MD  21201-2423 |
| 120 E. Baltimore Street | (410) 539-5040 |
| Baltimore, Maryland 21202-1643 | |
| (410) 685-1120 | Attorneys for Captain Timothy M. Cober |
| (410) 547-0699 (facsimile) | |
| Attorneys for Gypsum Transportation | |
|  Limited and Beltship Management | |
|  Limited | |

---

[2] Again, for a more detailed discussion of this point to KASTNER Interests refer to and adopt the legal analysis set forth in their Response to NDC's Motion in Limine to Exclude Undisclosed Expert Opinions or Evidence of Alleged Unseaworthiness of Berth Doors and in their Opposition to Buchanan's Motion in Limine.

        /s/
John A. V. Nicoletti
Michael J. Carcich
Terry L. Stoltz
NICOLETTI, HORNIG, CAMPISE & SWEENEY
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
(212) 220-3830
(212) 220-3780 (facsimile)
Attorneys for Gypsum Transportation
 Limited


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of January, 2004, The KASTNER Interests' Memorandum in Opposition to NDC's Motion in Limine To Exclude Undisclosed Expert Testimony was served on counsel via the Court's electronic filing system with the following exceptions:

**VIA FIRST CLASS MAIL**
David H. Sump, Esquire
Crenshaw, Ware & Martin, PLC
1200 Bank of America Center
One Commercial Place
Norfolk, VA 23510

Attorneys for Norfolk Dredging Company

**VIA FIRST CLASS MAIL**
Ralph Rabinowitz, Esquire
Rabinowitz, Swartz, Taliaferro, et al.
Town Point Center
150 Boush Street
Norfolk, VA 23510
Attorneys for Troy A. Link and Dennis Wallace

6

**VIA FIRST CLASS MAIL**
C. Arthur Rutter, III, Esquire
Deborah C. Waters, Esquire
Rutter, Mills
160 West Brambleton Avenue
Norfolk, Virginia 23510

Attorneys for Jeffrey Slaton, the Estate of Ronald L. Bonniville, the Estate of William Thomas Bryant, and the Estate of Clarence McConnell

_____/S/_____
Robert B. Hopkins