IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| Elk River Collision Proceedings | * | |
| | | Civil Action No. WMN 02-662 |
| Norfolk Dredging Company, et al. | * | (Consolidated Cases) |
| Plaintiffs, | * | |
| v. | * | |
| M/V A.V. KASTNER, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**BUCHANAN'S RESPONSE OPPOSING
KASTNER'S MOTION CONCERNING THE
TUG BUCHANAN 14 LIMITATION FUND VALUE**

The Court's Order accepting Buchanan's stipulation, says that this Court accepts a $250,000 stipulation from Buchanan, as security for the TUG BUCHANAN 14 ("B-14"). Buchanan's limitation complaint, consistent with Supplemental Rule F, pleads that the B-14 was then worth $250,000. The $350,000 figure in the Buchanan stipulation was a typographical error, of which this Court pursuant to a Fed. R. Civ. P. 60 motion, if such motion even is necessary (and simple substitution isn't sufficient), should accept correction.

This Court might recall the time - within the three week or so period after the February 25, 2002 accident - in which, there almost literally did not pass a day, when there was not some sort of emergency motion, vessel arrest, or something of the kind in this case, presented to the Court. It is no wonder, that the KASTNER, and Buchanan, and this Court, for that matter, during all this time (and afterwards) overlooked the discrepancy between the complaint, this Court's order approving a $250,000 stipulation, and the stipulation in the version submitted.

What makes this even more plain is that Buchanan submitted a $250,000 stipulation - the correct figure - in support of its affirmative claim of limitation, to KASTNER's own complaint.

The $250,000 figure was no surprise to the KASTNER side or any other party. The figure was accepted by all parties, and discussed intermittently, from the time of the accident, to this Court's pretrial conference, when KASTNER "announced" that really (despite Buchanan's pleading and this Court's order) the figure was really more.[1]

Consequently, this Court should deny the motion. At the same time, though, even though KASTNER has waited, again, until the eve of trial to announce the problem, if there is any true claim of "prejudice" - if there was (and there was not) any true reliance on some number other than $250,000 - then, any Buchanan would not object to any party putting on evidence (with Buchanan permitted to introduce like evidence in response) that the B-14 was worth up to $350,000.

This Court now should deny the motion.

Dated: January 29, 2004.

/s/   J. Stephen Simms
J. Stephen Simms (#4269)
W. Charles Bailey, Jr. (#23580)
Simms Showers LLP
Suite 702 - Twenty South Charles Street
Baltimore, Maryland 21201
Telephone: (410) 783-5795
Facsimile: (410) 510-1789

---

[1] Considering the KASTNER's initial pleading - and this Court's Order approving that pleading - that the KASTNER was worth about $1 million more, than KASTNER now contends the vessel to be worth (and proposed to put on expert evidence to show), the KASTNER's position is problematic here, and inconsistent with Supplemental Rule F.

| | |
|---|---|
| John T. Ward (# 1507) | Patrick M. Brogan |
| WARD KERSHAW, P.A. | Mark E. Newcomb |
| 113 West Monument Street | Davey & Brogan P.C. |
| Baltimore, Maryland 21201 | 101 Granby Street, Suite 300 |
| Telephone: (410) 685-6700 | Norfolk, Virginia 23514-3188 |
| Facsimile: (410) 685-6704 | Telephone: (757) 622-0100 |
| | Facsimile: (757) 622-4924 |

Buchanan Counsel

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 29, 2004 a copy of the foregoing was served via CM/ECF on counsel of record for each party.

/s/   J. Stephen Simms