IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

NORFOLK DREDGING COMPANY,

    Plaintiff,

v.                                                                              Consolidated Cases Under
                                                                                     Civil Action No.  WMN-02-CV-00662

M/V A.V. KASTNER, her engines,
boilers, tackle, etc., <u>in rem</u>, et. al.,

    Defendants.

## **MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

Mary Ann Holloman Bryant, Individually and as Personal Representative of the Estate of William Bryant (hereafter referred to as "the Estate"); Norfolk Dredging Company, which owned and operated the Tug SWIFT and Barge RC-811; Gypsum Transportation Limited, which owned and operated the M/V A.V. KASTNER: Beltship Management Limited, which was the technical manager of the M/V A.V. KASTNER; Captain Timothy M. Cober, who piloted the M/V A.V. KASTNER; the Buchanan Trust, which owned the Tug BUCHANAN 14; and Buchanan Marine, L.P., which operated Tug BUCHANAN 14 (collectively, with their respective insurers, referred to hereafter as the "Defense Interests"), file this Motion for Approval of Compromise and Settlement of all claims against the Defense Interests as they pertain to death of William Bryant.  This Motion is filed pursuant to section 8.01-50, <u>et seq.</u>, of the Code of Virginia, 1950, as amended, as well as under any other applicable law..  The parties respectfully represent to the Court as follows:

1. On or about February 25, 2002, William Bryant was a crew member of Tug SWIFT when Tug SWIFT was involved in a collision with M/V A.V. KASTNER. Also involved in the collision was Tug BUCHANAN 14 (the "Collision").

2. As a result of the Collision and subsequent sinking of the Tug SWIFT, William Bryant died.

3. The decedent was survived by his wife, Mary Ann Holloman-Bryant, his natural son, Antonio Smith, age 25, and his natural son Jeremy Brooks, who is under the age of eighteen (18) years, all of whom are potential beneficiaries of any recovery for the death of William Bryant by wrongful act, other than statutory creditors, as provided in sections 8.01-52 and 8.01-53 of the Code of Virginia, 1950, as amended.

4. The Estate has made a claim under the general maritime law, the Jones Act, Virginia state law, and all other state, federal and common law provisions or regulations and amendments applicable thereto against the Defense Interests alleging that by reason of the negligence of the Defense Interests and/or the unseaworthiness of one of the above vessels, the decedent drowned in the Collision. The claim is pending in this Court and includes any and all claims, rights, causes of action and demands whatsoever available to the Estate or any Beneficiary of the Estate, including those of the spouse of William T. Bryant, Mary Ann Holloman Bryant, his son, Antonio Smith, and his son, Jeremy Brooks, a minor, that relate in any way to the Collision, including claims available via wrongful and/or survival actions.

5. The decedent was a resident of the Commonwealth of Virginia and, thus,

approval of compromise and settlement may be required by Virginia law. Because the case is pending before this court, jurisdiction and venue are proper.

6. The Defense Interests have offered and the Estate has agreed to accept as full compromise and settlement of all claims asserted, or which might have been asserted against the Defense Interests, a sum which is confidential and will be revealed to the Court under seal. As part of the full compromise and settlement the Estate sells, transfers, assigns and sets over jointly to the Defense Interests, all of the right, title and interest in an to any and all claims, rights, causes of action and demands whatsoever, whether recoverable at law, in admiralty or in equity, that relate in any way to the Collision, which the Estate or any Beneficiary of the Estate, including those of the spouse of William T. Bryant, Mary Ann Holloman-Bryant, his son, Antonio Smith, and his son, Jeremy Brooks, a minor, now have or may have against any individuals and/or entities.

7. The Virginia Wrongful Death Statute may require a guardian ad litem be appointed for the minor child, Jeremy Brooks, for the purpose of independent review and recommendation to the Court about whether the proposed settlement and compromise is reasonable and in the best interest of the child, Jeremy Brooks.

8. Counsel for the Estate signs below and represents the Defense Interests are in agreement and join with this Motion as filed.

WHEREFORE, the Estate and the Defense Interests, together with their insurers, request that all interested parties be convened before this honorable Court; that the Court appoint Robert L. Ferguson, Jr., a member of the bar of this Court and a member of the Maryland Bar, to act as guardian ad litem on behalf of Jeremy Brooks to report back to

this Court; and that the Court enter an Order ratifying and approving the compromise and full settlement as it pertains to any and all of the above claims available to which the Estate or any Beneficiary of the Estate, including those of the spouse of William T. Bryant, Mary Ann Holloman Bryant, his son, Antonio Smith, and his son, Jeremy Brooks, a minor, including, but not limited to claims available under the Virginia Wrongful Death Statute.

          Mary Anne Holloman Bryant, Individually and As Personal Representative of the Estate of William Bryant


          By: /Robert M. Schwartzman_____
                  Counsel


C. Arthur Rutter, III, Esquire
VSB # 36827
Deborah C. Waters, Esquire
VSB # 28913
Rutter Mills, L.L.P.
160 W. Brambleton Blvd.
Norfolk, Virginia  23510
(757) 622-5000 (tel)
(757) 623-9189 (fax)

Robert M. Schwartzman, Esquire
Federal Trial Bar # 01092
Lord & Whip, P.A.
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 539-5881
(410) 685-6726 (fax)