UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
WILLIAM M. NICKERSON
SENIOR UNITED STATES DISTRICT JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
FAX 962-2577

March 4, 2004

Deborah C. Waters, Esq.
Robert M. Schwartzman, Esq.
A. Davis Bugg, Jr., Esq.
M. Hamilton Whitman, Jr., Esq.
Robert B. Hopkins, Esq.
David W. Skeen, Esq.
J. Stephen Simms, Esq.
James W. Bartlett, III, Esq.
John Hughes Cooper, Esq.
Robert L. Ferguson, Jr., Esq.

    Re:    Norfolk Dredging v. M/V A.V. Kastner, et al.
              Civil Action No. WMN-02-662

Dear Counsel:

      I have received and reviewed Mr. Ferguson's letter report of March 1, 2004 as well as the three proposed orders for approval of compromise and settlement. Principally because of the broad inclusiveness of the proposed orders, I have a number of concerns which need to be resolved before I sign any orders of approval.

      FRCP 17(c) provides for the representation of a minor by "a next friend" or guardian ad litem, which, of course, has been followed in regard to the minors involved in this litigation. Rule 17(c) further provides for making "such other order as (the court) deems proper for the protection of the infant..."

      It appears that Rule 17(c) provides the authority for the appointment of Mr. Ferguson to evaluate the settlement agreements in regard to the claims of the minors and, if found to be in their best interest in the circumstances, to report that to the court and to seek the court's approval. Local Rule 111 provides, with respect to settlements, that "... the Court may enter such judgment or other order as may be deemed appropriate."

      Although the above cited rules appear to provide for the authority for Mr. Ferguson's assistance on behalf of the minor plaintiffs, the expansive nature of the proposed orders raises a number of concerns.

First, putting aside the fact that little or no evidentiary basis or analysis has been presented in support of the proposed orders, there is no perceivable basis in law or in fact for this Court to enter an order assessing attorney fees or litigation expenses.

Secondly, there does not appear to be any legal or factual basis that would warrant emancipated children, such as Antonio Smith, in the William Bryant case, or LeShon and Shenecca McConnell, in the Clarence McConnell case, to participate and claim entitlement to settlement proceeds. If there is such entitlement, it has not been adequately briefed nor any showing made, even assuming legal entitlement, why it should be specifically incorporated into a settlement order.

Thirdly, in the Ronald Bonniville case (reported as William Bonniville in Mr. Ferguson's report), the legal entitlement, if any, that Elizabeth Kellum has is not briefed nor any basis set forth as to why she should be included in the settlement order. Similarly, although the parents, Horace and Patsy Bonniville, may, from the kindness of their hearts, have paid their son's funeral bill, there is no cited authority showing their legal right to pursue a claim in these proceedings and again, even if they have a lawful claim, no basis set forth as to why it should be reflected as court ordered reimbursement from settlement proceeds.

Essentially, unless counsel can support the inclusion of more in the proposed settlement orders, the orders should be modified to reflect only the appropriate resolution of the minor's claims, supported, of course, by Mr. Ferguson's analysis and recommendation with a conclusory statement that all other claims brought herein are settled and satisfied.

Although I believe that Mr. Hopkins volunteered to be the spokesperson with respect to the proposed orders, I will leave it to counsel to determine who and how a response should be submitted in regard to the concerns raised herein.

    Very truly yours,

    /s/

    William M. Nickerson
    Senior United States District Judge

WMN:ce

cc:    Court File