IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Consolidated cases under<br>Civil Action No. WMN-02-662 |
| M/V A.V. KASTNER, etc., *et al.*, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### AGREED MOTION FOR CONSENT SETTLEMENT ORDER

Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., A.P. Franz Trustee of The Buchanan Trust, Norfolk Dredging Company and Captain Timothy M. Cober, by their undersigned attorneys, pursuant to Local Rule 111 of this Court, move the Court for entry of the Consent Order attached hereto as Exhibit 1, and for cause state:

1.   At approximately 0645 hours on February 25, 2002, a vessel collision occurred in the Elk River in the upper Chesapeake Bay involving: the M/V A.V. KASTNER, owned by Gypsum Transportation Limited ("GTL") and under the technical management of Beltship Management Limited ("BML") and piloted by Maryland bay pilot Captain Timothy M. Cober ("Cober"); the Tug BUCHANAN 14, owned and operated by Buchanan Marine and/or The Buchanan Trust (collectively, "Buchanan"); and vessels owned by Norfolk Dredging Company ("Norfolk Dredging") including the Tug SWIFT, the DREDGE JEKYLL ISLAND, DERRICK Barge No. 4, Barge RC-811, Pusher 1 and Pusher 10 (the "Norfolk Vessels").

#743601

2.     The following legal actions were filed arising out of the collision and were consolidated under Civil Action No. WMN-02-662:  In re Complaint of <u>Norfolk Dredging Company</u> for Exoneration from Limitation of Liability, originally filed in the U.S. District Court for the Eastern District of Virginia as Civil Action No. 02-CV-146 and transferred to this Court as Civil Action No. WMN-02-2008; <u>In re Petition to Perpetuate Testimony Pursuant to Fed. R. Civ. P. 27</u> by Buchanan Marine L.P., Misc. Case No. 02-MC-71; <u>Norfolk Dredging Company v. M/V A.V. KASTNER, et al.</u>, Civil Action No. WMN-02-662; <u>Buchanan Marine L.P., et al. v. M/V A.V. KASTNER, et al.</u>, Civil Action No. WMN-02-666; <u>In re Complaint of Buchanan Marine L.P., et al. for Exoneration from or Limitation of Liability</u>, Civil Action No. WMN-02-817, and <u>In re Complaint of Gypsum Transportation Ltd. for Exoneration from or Limitation of Liability</u>, Civil Action No. WMN-02-1186 (the "Consolidated Actions").

3.     All notices to claimants and potential claimants required by the Supplemental Admiralty Rules to the Federal Rules of Civil Procedure and by the Court were issued in the limitation proceedings that were consolidated to the Consolidated Actions, as shown by the Affidavits of M. Hamilton Whitman, Jr., David H. Sump and J. Stephen Simms attached hereto as Exhibits 2, 3 and 4.

4.     Certain claims were filed in the Consolidated Actions arising out of the personal injuries to and/or deaths of certain individuals on board the Norfolk Vessels at the time of the Collision (collectively, the "Personal Injury Claims").  Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., A.P. Franz Trustee of The Buchanan Trust, Norfolk Dredging Company and Captain Timothy

M. Cober have settled all of the Personal Injury Claims by the payment of certain agreed amounts and have received assignments of all of the Personal Injury Claims, as shown by the Affidavits attached hereto as Exhibits 2, 3 and 4.

5. Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., A.P. Franz Trustee of The Buchanan Trust, Norfolk Dredging Company and Captain Timothy M. Cober have now settled all of the claims among each other including the assigned Personal Injury Claims, and have agreed to dismiss all such claims with prejudice.

6. The time for the filing of claims in each of the limitation proceedings that were consolidated into the Consolidated Actions has expired. The proposed Consent Order attached as Exhibit 1 provides for the entry of default of all persons who failed to file timely claims and that the presentation or filing of any further claims against the moving parties or the vessels involved and arising out of the Collision are forever barred and restrained.

7. Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., A.P. Franz Trustee of The Buchanan Trust, Norfolk Dredging Company and Captain Timothy M. Cober, in connection with their own claims and defenses arising out of the Collision and as assignees of all claims for personal injury and death filed in the Consolidated Actions, consent and move for the entry of an Order in the form attached hereto:

a. Dismissing the Petition originally filed in the matter styled <u>In re Petition to Perpetuate Testimony Pursuant to Fed. R. Civ. P. 27</u> by Buchanan Marine L.P., Civil Action No. 02-MC-71, filed February 27, 2002.

b. Dismissing the Complaint originally filed in the matter styled <u>Buchanan Marine L.P., et al. v. M/V A.V. KASTNER, et al.</u>, Civil Action No. WMN-02-666, filed March 4, 2002.

c. Dismissing the Complaint originally filed in the matter styled <u>Norfolk Dredging Company v. M/V A.V. KASTNER, *et al.*</u>, Civil Action No. WMN-02-662, filed March 1, 2002.

d. Noting and entering the defaults of all persons and entities having any claim for any losses, damages, injuries or destruction arising out of the Collision who have failed to file claims in the Consolidated Actions.

e. Finding that all persons and entities having any claim for any losses, damages, injuries or destruction arising out the Collision are perpetually enjoined and restrained from instituting or prosecuting in any manner whatsoever, in this or any other proceeding, suit or action, in any court or any country, any claim, action, suit or proceeding whatsoever against Norfolk Dredging Company, Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., the Buchanan Trust and/or Captain Timothy M. Cober, their successors, assigns, agents and representatives or against the Tug SWIFT, Barge RC-811, Motor Vessel KASTNER, and/or Tug BUCHANAN 14, their engines, etc., and their pending freight, if any, or against any other vessels or property of Norfolk Dredging Company, Gypsum Transportation

4

Limited, Beltship Management Limited, Buchanan Marine, L.P., the Buchanan Trust and Captain Timothy M. Cober or their successors and assigns, agents, insurers, underwriters and representatives.

    f.    Granting the Limitation Complaints of Norfolk Dredging Company as Owner of the Tug SWIFT and Barge RC-811, Gypsum Transportation Limited as Owner of the KASTNER, and Buchanan Marine, L.P. and A.P. Franz Trustee of The Buchanan Trust as Owner of the Tug BUCHANAN 14 for exoneration from all liability, and finding that Norfolk Dredging Company, Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., the Buchanan Trust and Captain Timothy M. Cober are forever exonerated, exempted and discharged from all liability whatsoever for any and all losses, damages, injuries or destruction arising out of the Collision.

    g.    Finding that all losses, damages, injuries or destruction arising out of the Collision were occasioned and incurred without the privity, knowledge, design or neglect of Norfolk Dredging Company, Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., the Buchanan Trust and Timothy M. Cober, and that Norfolk Dredging Company, Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., A.P. Franz Trustee of The Buchanan Trust and/or Captain Timothy M. Cober, their employees, successors and assigns, agents and representatives, are not liable for any losses, damages, injuries or destruction, or for any claim whatsoever, in any way resulting or arising from said Collision.

    h.    Ordering all bonds or stipulations heretofore filed in the Consolidated Actions be cancelled of record and the sureties thereon discharged from all

liability whatsoever, and that the original of any such bonds or stipulations that may have been filed with the Court be returned to counsel of record upon request to the Clerk.

    i.    Ordering that judgment be entered accordingly, with each party to bear its own costs.

_____  
M. Hamilton Whitman, Jr.  
Robert B. Hopkins  
Charles A. Diorio  
Ober, Kaler, Grimes & Shriver  
A Professional Corporation  
120 E. Baltimore Street  
Baltimore, Maryland 21202-1643  

Michael J. Carcich  
Terry L. Stoltz  
Nicoletti, Hornig, Campise & Sweeney  
Wall Street Plaza  
88 Pine Street  
New York, New York 10005-1801  

Attorneys for Gypsum Transportation Limited and Beltship Management Limited

_____  
David W. Skeen  
Wright, Constable & Skeen, LLP  
One Charles Center, 16th Floor  
100 N. Charles Street  
Baltimore, Maryland 21201-3812  

David H. Sump  
Crenshaw, Ware & Martin, PLC  
1200 Bank of America Center  
One Commercial Place  
Norfolk, VA 23510  

Attorneys for Norfolk Dredging Company

_____  
J. Stephen Simms  
Simms Showers, LLP  
20 South Charles Street, Suite 702  
Baltimore, Maryland 21201  

Patrick M. Brogan  
R. Arthur R. Jett, Jr.  
Davey & Brogan, P.C.  
101 Granby Street, Suite 300  
P.O. Box 3188  
Norfolk, VA 23514-3188  

John T. Ward  
Ward Kershaw  
113 W. Monument Street  
Baltimore, Maryland 21201  

Attorneys for Buchanan Marine, L.P. and A.P. Franz, Trustee of The Buchanan Trust

_____  
James W. Bartlett, III  
Alexander M. Giles  
Semmes, Bowen & Semmes  
250 W. Pratt Street, 16th Floor  
Baltimore, Maryland 21202  

Attorneys for Maryland Bay Pilot, Timothy M. Cober

6