IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Consolidated cases under<br>Civil Action No. WMN-02-662 |
| M/V A.V. KASTNER, etc., *et al.*, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CONSENT ORDER

The Court having been advised by the parties that these consolidated actions have been settled and that settlement has been fully consummated, and an Agreed Motion for Consent Settlement Order having been submitted to the Court, pursuant to Local Rule 111 it is this _____ day of _____, 2004, by the United States District Court for the District of Maryland,

ORDERED:

1. That this Order applies to the following actions which arise out of the vessel collision that occurred on the Elk River on February 25, 2002 (the "Collision") and have been or hereby are consolidated in this Court under Civil Action No. WMN-02-662:

   a. <u>In re Complaint of Norfolk Dredging Company for Exoneration from or Limitation of Liability</u>, originally filed in the U.S. District Court for the Eastern District of Virginia as Civil Action No. 02-CV-146, and transferred to the Court as Civil Action No. WMN-02-2008

#743596



      b.    <u>In re Petition to Perpetuate Testimony Pursuant to Fed. R. Civ. P. 27</u> by Buchanan Marine L.P., Misc. Case No. 02-MC-71.

      c.    <u>Norfolk Dredging Company v. M/V A.V. KASTNER, *et al.*</u>, Civil Action No. WMN-02-662.

      d.    <u>Buchanan Marine L.P., et al. v. M/V A.V. KASTNER, et al.</u>, Civil Action No. WMN-02-666.

      e.    <u>In re Complaint of Buchanan Marine L.P., et al. for Exoneration from or Limitation of Liability</u>, Civil Action No. WMN-02-817.

      f.    <u>In re Complaint of Gypsum Transportation Ltd. for Exoneration from or Limitation of Liability</u>, Civil Action No. WMN-02-1186.

2.    That the following Complaints and Petition are hereby dismissed with prejudice:

      a.    The Petition originally filed in the matter styled <u>In re Petition to Perpetuate Testimony Pursuant to Fed. R. Civ. P. 27</u> by Buchanan Marine L.P., Misc. Case No. 02-MC-71 filed February 27, 2002.

      b.    The Complaint originally filed in the matter styled <u>Buchanan Marine L.P., et al. v. M/V A.V. KASTNER, et al.</u>, Civil Action No. WMN-02-666.

      c.    The Complaint originally filed in the matter styled <u>Norfolk Dredging Company v. M/V A.V. KASTNER, et al.</u>, Civil Action No. WMN-02-662.

3.    That the defaults of all persons and entities having any claim for any losses, damages, injuries or destruction arising out of the Collision who have failed to file claims in the Consolidated Actions are hereby noted and entered.

4. That all persons and entities having any claim for any losses, damages, injuries or destruction arising out the Collision are hereby perpetually barred, enjoined and restrained from instituting or prosecuting in any manner whatsoever, in this or any other proceeding, suit or action, in any court or any country, any claim, action, suit or proceeding whatsoever against Norfolk Dredging Company, Gypsum Transportation Limited, Buchanan Marine, L.P., the Buchanan Trust and/or Timothy M. Cober, their employees, successors, assigns, agents and representatives or against the Tug SWIFT, Barge RC-811, Motor Vessel KASTNER, and/or Tug BUCHANAN 14, their engines, etc., and their pending freight, if any, or against any other vessels or property of Norfolk Dredging Company, Gypsum Transportation Limited, Buchanan Marine, L.P., the Buchanan Trust and/or Timothy M. Cober, their successors and assigns, agents and representatives.

5. That the Complaint of Norfolk Dredging Company as Owner of the Tug SWIFT and Barge RC-811 originally filed in the U.S. District Court for the Eastern District of Virginia as Civil Action No.: 02-CV-146 and transferred to this Court as Civil Action No. WMN-02-2008, the Complaint of Gypsum Transportation Limited as Owner of the M/V A.V. KASTNER originally filed in this Court as Civil Action No. WMN-02-1186 and the Complaint of Buchanan Marine, L.P. and A.P. Franz Trustee of The Buchanan Trust as Owner of the Tug BUCHANAN 14 originally filed in this Court as Civil Action No. WMN-02-817 are hereby granted in all respects, and that Norfolk Dredging Company, Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., the Buchanan Trust and/or Timothy M. Cober be and hereby are

forever exonerated, exempted and discharged from all liability whatsoever for any all losses, damages, injuries or destruction arising out of the Collision.

6. That all losses, damages, injuries or destruction arising out of the Collision were occasioned and incurred without the privity, knowledge, design or neglect of Norfolk Dredging Company, Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., A.P. Franz Trustee of The Buchanan Trust and/or Timothy M. Cober, and that Norfolk Dredging Company, Gypsum Transportation Limited, Beltship Management Limited, Buchanan Marine, L.P., A.P. Franz Trustee of The Buchanan Trust and/or Timothy M. Cober, their successors and assigns, agents, insurers, underwriters and representatives, are not liable for any losses, damages, injuries or destruction, or for any claim whatsoever, in any way resulting or arising from said Collision.

7. That all bonds or stipulations heretofore filed herein be and the same hereby are cancelled of record and the sureties thereon discharged from all liability whatsoever, and that the original of any such bonds or stipulations that may have been filed with the Court shall be returned to counsel of record upon request to the Clerk.

8. That judgment be entered accordingly, with each party to bear its own costs.

_____
William M. Nickerson
United States District Judge