IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NORFOLK DREDGING COMPANY, | * | |
| Plaintiff, | * | |
| | * | Consolidated cases under |
| v. | * | Civil Action No. WMN-02-662 |
| M/V A.V. KASTNER, etc., *et al.*, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### AFFIDAVIT OF DAVID H. SUMP, ESQ.

**David H. Sump, Esq.**, Counsel for Norfolk Dredging Company, verifies as follows:

1. The Complaint was filed on March 5, 2002 and amended on March 7, 2002 in the matter originally styled <u>In re Complaint of Norfolk Dredging Company for Exoneration from or Limitation of Liability</u>, U.S. District Court for the Eastern District of Virginia, Civil Action No.: 02-CV-146, which was transferred to the District of Maryland on June 10, 2002 as Civil Action No.: WMN-02-2008 (and later consolidated under Civil Action No. WMN-02-662), in which Norfolk Dredging Company, an Owner of the Tug SWIFT and Barge RC-811, sought exoneration from or limitation of liability, is any, for all claims, losses or damages arising out of the Elk River Collision of February 25, 2002. The District Court for the Eastern District of Virginia ("Virginia Court"), by an Order dated March 11, 2002, and filed therein that same day, approved Norfolk Dredging's *Ad Interim* Stipulation, and the *Ad Interim* Stipulation was filed on March 5, 2002.

#743736

**EXHIBIT 3**

2. All notices to claimants and potential claimants required by Rule and by the Court were issued. The Virginia Court by an Order dated March 11, 2002 and filed therein that same day directed the issuance of a Notice in the usual form, and pursuant to said Order the Virginia Court issued its Notice against all persons asserting claims with respect to which that Complaint sought exoneration from or limitation of liability, admonishing them to file their claims with the Clerk of the Virginia Court on or before April 17, 2002, or be defaulted, with liberty also to answer the Complaint should they desire to contest the claims of Norfolk Dredging. Publication of the Notice was given in the *Norfolk Virginian Pilot, Norfolk* and *Newport News Daily Press* as required by law and by the practice of the Virginia Court and by the Order relating thereto, and copies of the Notice were duly mailed in accordance with Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

3. Various claims were filed therein on or before April 17, 2002, as appears from the Notice of Claims filed in the Virginia Court, dated April 19, 2002 and filed therein that same day. Other claims, amended claims, counter-claims, cross-claims and/or third-party claims have also been filed against Norfolk Dredging Company and other parties in these Consolidated Actions.

4. Gypsum Transportation Limited, Beltship Management Limited, M/V A.V. KASTNER, Norfolk Dredging Company, Tug SWIFT, Barge RC-811, Buchanan Marine L.P., the Buchanan Trust, Tug BUCHANAN 14, Captain Timothy M. Cober, Jeffrey M. Slaton, Troy A. Link, Dennis E. Wallace, the Estate of Clarence McConnell, the Estate of William T. Bryant, the Estate of Ronald L. Bonniville and the Estate of Justin M. Bryant

have settled or dismissed all claims, amended claims, counter-claims, cross-claims and/or third-party claims filed by any party or filed against any other party in these Consolidated Actions.

I declare under penalty of perjury that the foregoing Affidavit is true and correct.

Dated: 6/9/2004

#743736

3